# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
MAR 2 2 2006
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN HERDA and<br>MARGARET HERDA<br><br>JOHN J. HERDA and<br>SUSAN M. HERDA<br><br>NICHOLAS HERDA and<br>JODI LYNN HERDA<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 06-224 T<br><br>JUDGE____________ |

## PLAINTIFFS' ORIGINAL COMPLAINT

1. Plaintiffs John Herda and Margaret Herda are citizens of the United States of America whose address is 9670 Sultana, Las Vegas, NV. 89118; Plaintiffs John J. Herda and Susan M. Herda are citizens of the United States of America whose address is 9680 Sultana, Las Vegas, NV. 89118; and Plaintiffs Nicholas Herda and Jodi Lynn Herda are citizens of the United States of America whose address is 7150 Schuster, Las Vegas, NV. 89118 (collectively "Plaintiffs").

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6224, 6226, 6230 and §6621(d) of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiffs.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

JOHN AND MARGARET HERDA
COUNT ONE
(Calendar Year 1990)

5. John Herda and Margaret Herda filed a timely joint federal income tax return for calendar year 1990 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-9724 and XXX-XX-6173, respectively.

6. John Herda was a limited partner in Crowne Oil Technologies Partners ("Crowne"), which was one of the partnerships in the "Electra" project.

7. On October 16, 2003, John Herda and Margaret Herda filed with the IRS a claim in the amount of $11,860.00 for refund of tax for 1990 and a request for §6621(d) interest netting in an amount to be determined.

8. The claim for refund is due to the loss John Herda and Margaret Herda realized on the worthlessness and termination of Crowne pursuant to Rev. Rul. 93-80. That loss was omitted from their original 1990 return. More specifically, a refund is due to John Herda and Margaret Herda because:

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

A. Crowne was a partnership which was the subject of §6226 Tax Court litigation. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim. Nevertheless, this claim is timely under §6230(c)(2)(B).

B. A §6224(c) settlement in each related Tax Court case brought under §6226 resulted in a reduction in the partnership's allowable losses. The IRS has sent the taxpayer Forms CG-4549A reflecting all of the TEFRA adjustments. The settlement pursuant to which the final basis and adjustments were made were executed October 17, 2001.

C. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis adjustment in the partnership interest and a resulting loss upon the worthlessness and termination of the partners' partnership interest in 1990, which losses are the basis of this claim for refund.

D. John and Margaret Herda are claiming an ordinary loss under Rev. Rul. 93-80. They received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.

E. Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.

F. Basis adjustment and loss recognized based on above explanation:

Crowne Oil $37,5000

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant §6224(c) settlement.

I. Section 6621(d) should be applied to the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

JOHN J. AND SUSAN M. HERDA
COUNT ONE
(Calendar Year 1990)

9. John J. Herda and Susan Herda filed a timely joint federal income tax return for calendar year 1990 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-0100 and XXX-XX-7865, respectively.

10. John J. Herda was a limited partner in Crowne Oil Technologies Partners ("Crowne"), and Dillon Oil Technologies Partners ("Dillon"), which were two of the partnerships in the "Electra" project.

11. On October 16, 2003, John J. Herda and Susan M. Herda filed with the IRS a claim in the amount of $23,945.00 for refund of tax for 1990 and a request for §6621(d) interest netting in an amount to be determined.

12. The claim for refund is due to the loss John J. Herda and Susan M. Herda realized on the worthlessness and termination of Crowne and Dillon pursuant to Rev. Rul. 93-80. That loss was omitted from their original 1990 return. More specifically, a refund is due to John J. Herda and Susan M. Herda because:

A. Crowne and Dillon were partnerships which were the subject of §6226 Tax Court litigation. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim. Nevertheless, this claim is timely under §6230(c)(2)(B).

B. A §6224(c) settlement in each related Tax Court case brought under §6226 resulted in a reduction in the partnership's allowable losses. The IRS has sent the taxpayer Forms CG-4549A reflecting all of the TEFRA adjustments. The settlement pursuant to which the final basis and adjustments were made were executed October 17, 2001.

C. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis adjustment in the partnership interest and a resulting loss upon the worthlessness and termination of the partners' partnership interest in 1990, which losses are the basis of this claim for refund.

D. John and Susan Herda are claiming an ordinary loss under Rev. Rul. 93-80. They received no distribution of cash or marketable securities or relief of any partnership debt, therefore

there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.

E. Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.

F. Basis adjustment and loss recognized based on above explanation:

| | |
|---|---|
| Crowne Oil | $37,500 |
| Dillon Oil | $37,500 |

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant §6224(c) settlement.

I. Section 6621(d) should be applied to the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

NICHOLAS HERDA AND JODI LYNN HERDA
COUNT ONE
(Calendar Year 1990)

13. Nicholas Herda and Jodi Lynn Herda filed a timely joint federal income tax return for calendar year 1990 and paid the taxes reported due on that return. Their taxpayer identification numbers as reflected on that tax return are XXX-XX-5643 and XXX-XX-0489, respectively.

14. Nicholas Herda was a limited partner in Crowne Oil Technologies Partners ("Crowne"), and Dillon Oil Technologies Partners ("Dillon"), which were two of the partnerships in the "Electra" project.

15. On October 16, 2003, Nicholas and Jodi Lynn Herda filed with the IRS a claim in the amount of $22,700.00 for refund of tax for 1990 and a request for §6621(d) interest netting in an amount to be determined.

16. The claim for refund is due to the loss Nicholas Herda and Jodi Lynn Herda realized on the worthlessness and termination of Crowne and Dillon pursuant to Rev. Rul. 93-80. That loss was omitted from their original 1990 return. More specifically, a refund is due to Nicholas and Josi Lynn Herda because:

A. Crowne and Dillon were partnerships which were the subject of §6226 Tax Court litigation. Pursuant to §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim. Nevertheless, this claim is timely under §6230(c)(2)(B).

B. A §6224(c) settlement in each related Tax Court case brought under §6226 resulted in a reduction in the partnership's allowable losses. The IRS has sent the taxpayer Forms CG-4549A

reflecting all of the TEFRA adjustments. The settlement pursuant to which the final basis and adjustments were made were executed October 17, 2001.

C. As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis adjustment in the partnership interest and a resulting loss upon the worthlessness and termination of the partners' partnership interest in 1990, which losses are the basis of this claim for refund.

D. Nicholas and Jodi Lynn Herda are claiming an ordinary loss under Rev. Rul. 93-80. They received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.

E. Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.

F. Basis adjustment and loss recognized based on above explanation:

| | |
|---|---|
| Crowne Oil | $37,500 |
| Dillon Oil | $37,500 |

G. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

H. This claim is timely pursuant to §6230(c)(2)(B) because it is made within two years after the date of the relevant §6224(c) settlement.

I. Section 6621(d) should be applied to the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

WHEREFORE, Plaintiffs John Herda and Margaret Herda pray for judgment against the Defendant the United States of America in the amount of $11,860.00 plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate; Plaintiffs John J. Herda and Susan M. Herda pray for judgment against the Defendant the United States of America in the amount of $23,945.00 plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate; and Plaintiffs Nicholas Herda and Jodi Lynn Herda pray for judgment against the Defendant the United States of America in the amount of $22,700.00 plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227