IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-224 T

Judge Lawrence J. Block

---

JOHN HERDA et. al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

MOTION OF THE UNITED STATES FOR SECOND ENLARGEMENT OF TIME

---

The United States respectfully moves the Court for an enlargement of time of 49 days, from July 21, 2006, to and including September 8, 2006, within which to answer or otherwise respond to plaintiffs' complaint. This is the second enlargement requested for this purpose. The United States represents that the additional time is needed, because defendant's attorneys have not yet received from the Internal Revenue Service any administrative files and the IRS's recommended litigating position for this case.

Defendant's attorney of record spoke with the IRS attorney assigned responsibility for this case on July 17, 2006, and the IRS attorney informed defendant that the only administrative files that appear to be available are transcripts, and that he had not yet finished and forwarded the recommending litigating position for this case to the national IRS office for review, but that he expected to do so soon. He informed defendant that he has delayed in finishing and sending the

recommendation to the national office in part because he has been trying to locate the refund claims pleaded by plaintiffs to have been filed on October 16, 2003, *see* Compl. ¶¶ 7, 11, 15, but that he has been unsuccessful. In this regard, it is noteworthy that plaintiffs' complaint does not comply with Rule 9(h)(6) of the Rules of the United States Court of Federal Claims, as it fails to annex a copy of the claims for refund they allege they filed.

In addition, the IRS attorney informed defendant that, once the recommended litigating position is submitted to the national office for review, there could be some uncertainty about time for review as a result of recent flooding that has affected the operations of the IRS national office.

The United States' receipt and review of the IRS's views and transcripts are necessary prerequisites to filing a meaningful response to plaintiffs' complaint, particularly if the appropriate response turns out to be motion to dismiss for failure of plaintiffs to comply with jurisdictional prerequisites, for example, filing of an administrative refund claim.

Accordingly, to permit the IRS to finish, finalize, and transmit its recommended litigating position (along with transcripts) to defendant, and the undersigned attorney of record to review the IRS' submission, prepare a response to plaintiffs' complaint, and have it reviewed internally, defendant requests the Court grant the requested additional time.

Pursuant to RCFC 6.1, the United States has communicated with opposing counsel regarding this motion and opposing counsel has no objection to the enlargement of time.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS

*Attorney of Record*
*U.S. Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

s/Steven I. Frahm
Of Counsel

July 18, 2006