IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-224 T

(Judge Lawrence J. Block)

JOHN HERDA and MARGARET HERDA et. al.,

Plaintiffs

v.

THE UNITED STATES,

Defendant.

ANSWER

Defendant, in answer to the complaint, denies each and every allegation contained therein not admitted below.

In response to particular paragraphs of the complaint, defendant further:

1. Admits that John Herda, Margaret Herda, John J. Herda, Susan M. Herda, Nicholas Herda, and Jodi Lynn Herda are plaintiffs herein, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 1.

2. Admits the allegation in ¶ 2.

3. States that the allegations in ¶ 3 represent plaintiffs' characterization of the legal basis of this suit, to which no response is necessary.

4. States that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1491(a).

JOHN AND MARGARET HERDA
COUNT ONE
(Calendar Year 1990)

5. Admits the allegations in ¶ 5.

6. Admits that Crowne Oil Technology Partners ("Crowne") was a partnership in the Elektra/Hemisphere partnership group, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 6.

7. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7; states further that plaintiffs' complaint does not comply with Rule 9(h)(6) of the Rules of the United States Court of Federal Claims, as it fails to annex a copy of the claim for refund they allegedly filed on October 16, 2003.

8. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of ¶ 8 that John Herda and Margaret Herda realized a loss on the worthlessness and termination of Crowne; states further that the first sentence of ¶ 8 represents plaintiffs' characterization of the legal basis of the claim, and, alternatively, that it constitutes a conclusion of law to which no response is required; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 8; and denies the allegation in the third sentence of ¶ 8 that a refund is due to John Herda and Margaret Herda.

8.A. With respect to the allegations of the first sentence of ¶ 8.A., admits that there was litigation in the Tax Court pursuant to 26 U.S.C. § 6226 with respect to Crowne and its activities; and states that the allegations of the second and third sentences of ¶ 8.A. constitute conclusions of law to which no response is required.

8.B. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8.B. (notes that *Vulcan Oil et. al. v. Commissioner*, 110 T.C. 153 (1998) discusses settlements of some partners with respect to partnerships in the Elektra/Hemisphere partnership group).

8.C. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 8.C., and, alternatively, that the allegations represent plaintiffs' characterization of the legal basis of their claim to which no response is required.

8.D. States that the allegations in the first sentence of ¶ 8.D. constitute plaintiffs' characterization of the legal basis of their claim, to which no response is required; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 8.D. that "They received no distribution of cash or marketable securities or relief of any partnership debt," and states that the remaining allegations in the second sentence of ¶ 8.D. constitute conclusions of law to which no response is required.

8.E. States that the allegations in ¶ 8.E. constitute conclusions of law to which no response is required.

8.F. States that the allegations in ¶ 8.F. constitute plaintiffs' characterization of the nature of their refund claim and the amount of the "basis adjustment and loss recognized" to which they would be entitled if such claim were allowed, to which no response is required.

8.G. States that the allegations in ¶ 8.G. constitute conclusions of law to which no response is required.

8.H. States that its attorneys currently lack knowledge or information sufficient to

form a belief as to the truth of the allegations in ¶ 8.H. that a refund claim was made within two years after the date of a settlement, and that the remaining allegations in ¶ 8.H. constitute conclusions of law to which no response is required.

8.I. States that the allegations in the first sentence of ¶ 8.I. constitute conclusions of law to which no response is required; and states that the allegations in the second sentence of ¶ 8.I. constitute conclusions of law, and, alternatively, plaintiffs' characterization of the legal basis of the claim, to which no response is required.

JOHN J. AND SUSAN M. HERDA
COUNT ONE
(Calendar Year 1990)

9. Admits the allegations in ¶ 9.

10. Admits that Crowne Oil Technology Partners ("Crowne") and Dillon Oil Technology Partners ("Dillon") were partnerships in the Elektra/Hemisphere partnership group, and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 10.

11. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11; states further that plaintiffs' complaint does not comply with Rule 9(h)(6) of the Rules of the United States Court of Federal Claims, as it fails to annex a copy of the claim for refund they allegedly filed on October 16, 2003.

12. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of ¶ 12 that John J. Herda and Susan M. Herda realized a loss on the worthlessness and termination of Crowne and Dillon;

states further that the first sentence of ¶ 12 represents plaintiffs' characterization of the legal basis of the claim, and, alternatively, that it constitutes a conclusion of law to which no response is required; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 12; and denies the allegation in the third sentence of ¶ 12 that a refund is due to John J. Herda and Susan M. Herda.

12.A. With respect to the allegations of the first sentence of ¶ 12.A., admits that there was litigation in the Tax Court pursuant to 26 U.S.C. § 6226 with respect to Crowne and its activities and with respect to Dillon and its activities; and states that the allegations of the second and third sentences of ¶ 12.A. constitute conclusions of law to which no response is required.

12.B. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12.B. (notes that *Vulcan Oil et. al. v. Commissioner*, 110 T.C. 153 (1998) discusses settlements of some partners with respect to partnerships in the Elektra/Hemisphere partnership group).

12.C. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12.C., and, alternatively, that the allegations represent plaintiffs' characterization of the legal basis of their claim to which no response is required.

12.D. States that the allegations in the first sentence of ¶ 12.D. constitute plaintiffs' characterization of the legal basis of their claim, to which no response is required; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 12.D. that "They received no distribution of cash or marketable securities or relief of any partnership debt," and states that the remaining allegations

in the second sentence of ¶ 12.D. constitute conclusions of law to which no response is required.

12.E. States that the allegations in ¶ 12.E. constitute conclusions of law to which no response is required.

12.F. States that the allegations in ¶ 12.F. constitute plaintiffs' characterization of the nature of their refund claim and the amount of the "basis adjustment and loss recognized" to which they would be entitled if such claim were allowed, to which no response is required.

12.G. States that the allegations in ¶ 12.G. constitute conclusions of law to which no response is required.

12.H. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 12.H. that a refund claim was made within two years after the date of a settlement, and that the remaining allegations in ¶ 12.H. constitute conclusions of law to which no response is required.

12.I. States that the allegations in the first sentence of ¶ 12.I. constitute conclusions of law to which no response is required; and states that the allegations in the second sentence of ¶ 12.I. constitute conclusions of law, and, alternatively, plaintiffs' characterization of the legal basis of the claim, to which no response is required.

NICHOLAS HERDA AND JODI LYNN HERDA
COUNT ONE
(Calendar Year 1990)

13. Admits the allegations in ¶ 13.

14. Admits that Crowne Oil Technology Partners ("Crowne") and Dillon Oil Technology Partners ("Dillon") were partnerships in the Elektra/Hemisphere partnership group,

and states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 14.

15. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 15; states further that plaintiffs' complaint does not comply with Rule 9(h)(6) of the Rules of the United States Court of Federal Claims, as it fails to annex a copy of the claim for refund they allegedly filed on October 16, 2003.

16. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of ¶ 16 that Nicholas Herda and Jodi Lynn Herda realized a loss on the worthlessness and termination of Crowne and Dillon; states further that the first sentence of ¶ 16 represents plaintiffs' characterization of the legal basis of the claim, and, alternatively, that it constitutes a conclusion of law to which no response is required; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 16; and denies the allegation in the third sentence of ¶ 16 that a refund is due to Nicholas and Jodi Lynn Herda.

16.A. With respect to the allegations of the first sentence of ¶ 16.A., admits that there was litigation in the Tax Court pursuant to 26 U.S.C. § 6226 with respect to Crowne and its activities and with respect to Dillon and its activities; and states that the allegations of the second and third sentences of ¶ 16.A. constitute conclusions of law to which no response is required.

16.B. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16.B. (notes that *Vulcan Oil et. al. v. Commissioner*, 110 T.C. 153 (1998) discusses settlements of some partners with respect to partnerships in the Elektra/Hemisphere partnership group).

16.C. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16.C., and, alternatively, that the allegations represent plaintiffs' characterization of the legal basis of their claim to which no response is required.

16.D. States that the allegations in the first sentence of ¶ 16.D. constitute plaintiffs' characterization of the legal basis of their claim, to which no response is required; states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 16.D. that "They received no distribution of cash or marketable securities or relief of any partnership debt," and states that the remaining allegations in the second sentence of ¶ 16.D. constitute conclusions of law to which no response is required.

16.E. States that the allegations in ¶ 16.E. constitute conclusions of law to which no response is required.

16.F. States that the allegations in ¶ 16.F. constitute plaintiffs' characterization of the nature of their refund claim and the amount of the "basis adjustment and loss recognized" to which they would be entitled if such claim were allowed, to which no response is required.

16.G. States that the allegations in ¶ 16.G. constitute conclusions of law to which no response is required.

16.H. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 16.H. that a refund claim was made within two years after the date of a settlement, and that the remaining allegations in ¶ 16.H. constitute conclusions of law to which no response is required.

16.I. States that the allegations in the first sentence of ¶ 16.I. constitute conclusions of

law to which no response is required; and states that the allegations in the second sentence of ¶ 16.I. constitute conclusions of law, and, alternatively, plaintiffs' characterization of the legal basis of the claim, to which no response is required.

## JURISDICTIONAL DEFENSE

17. This Court lacks subject matter jurisdiction, insofar as the complaint seeks a tax refund, if plaintiffs failed to file timely refund claims.

## AFFIRMATIVE DEFENSE

18. Plaintiffs may be barred by the doctrine of *res judicata* or *collateral estoppel* from seeking a tax refund, because plaintiffs are bound by one or more decisions of the United States Tax Court relating to partnerships in the Elektra/Hemisphere partnership group, including Crowne and Dillon Oil.

Respectfully submitted,

s/Bart D. Jeffress
BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0508
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

September 8th, 2006