IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-224 T

(Judge Lawrence J. Block)

JOHN HERDA and MARGARET HERDA et. al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

JOINT PRELIMINARY STATUS REPORT

Pursuant to RCFC App. A, Part III, ¶¶ 4 and 5, the parties hereby provide the following Joint Preliminary Status Report:

¶ 4

**(a) <u>Jurisdiction</u>**:

**Plaintiffs**: Plaintiffs assert the Court has jurisdiction pursuant to 28 U.S.C. §1346(a)(1) and 1491(a).

**Defendant**: In defendant's view, there are several questions regarding the Court's jurisdiction over plaintiffs' complaint, including: 1) whether plaintiffs filed their alleged claims for refund, and, if so, whether plaintiffs filed them in a timely manner; 2) whether plaintiffs' refund claims, if filed as they allege and filed timely, were disallowed, and, if so, with respect to each claim, whether plaintiffs brought this suit after the expiration of 2 years from the date notice of claim disallowance was mailed; and 3) whether plaintiffs' claims, to be granted, would

require the Court to change a partnership level determination of a partnership item, in violation of 26 U.S.C. § 7422(h) or 26 U.S.C. § 6230(c)(4). Discovery, including defendant's receipt of plaintiffs' alleged claims for refund, is required to resolve these potential jurisdictional issues.

**(b) Consolidation**: The parties do not believe this case should be consolidated with any other cases.

**(c) Bifurcation of liability and damages**: There are no distinct issues of "liability and damages" to be tried.

**(d) Deferral of proceedings**: Further proceedings in this case should not be deferred.

**(e) Remand or suspension**: Not applicable, as this case is a tax refund action.

**(f) Additional parties**: No additional parties will be joined.

**(g) Dispositive motions**:

**Plaintiff**: Plaintiffs believe this case can be decided on motion for summary judgment.

**Defendant**: Defendant may file a motion to dismiss for lack of subject matter jurisdiction, depending on what discovery reveals with respect to jurisdictional questions, including those raised above in defendant's statement in ¶ 4(a). Similarly, discovery may reveal

that it would be appropriate for defendant to file a summary judgment motion on plaintiffs' claims.

**(h) <u>Factual and legal issues</u>**:

**Plaintiff:** Plaintiffs' claims for refund of federal income tax and interest is due to the loss they each realized on the worthlessness and termination of their respective partnership interests. More specifically, a refund is due to Plaintiffs because the partnerships were the subject of partnership-level Tax Court litigation a settlement in each related Tax Court case resulted in a reduction in the partnership's allowable losses. The IRS sent the taxpayer Forms CG-4549A reflecting all of the TEFRA partnership related adjustments.

As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis adjustment in the partnership interest and a resulting loss upon the worthlessness and termination of the partners' partnership interests. The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

Plaintiffs are claiming an ordinary loss under Rev. Rul. 93-80. They received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.

Plaintiffs assert, alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss. And, if the loss is not allowed in the claim year, it should be allowed

and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.

Additionally, a net interest rate of zero pursuant to 28 U.S.C. §6621(d) should be applied to the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

**Defendant:** The ultimate issue in a tax refund suit is whether the taxpayers can establish that they overpaid their taxes for the year/s in suit. Other than that general statement, defendant's comments here are preliminary and subject to change based on discovery, particularly as defendant does not have plaintiffs' alleged refund claims. Factual and legal issues include the jurisdictional questions described above in defendant's statement in ¶ 4(a) and: 1) whether the basis plaintiffs allege in their alleged partnership interests can be established; 2) whether plaintiffs abandoned their alleged partnership interests, and, if so, whether they were relieved of any liability upon abandonment; 3) whether plaintiffs' alleged partnership interests became worthless, and, if so, whether they were relieved of any liability with respect to the interests; 4) whether plaintiffs received a distribution from their alleged partnerships upon the alleged termination of the partnerships; 5) whether plaintiffs sustained any loss with respect to their alleged partnership interests, and, if so, whether such loss was incurred in a trade or

business or in a transaction entered into for profit; 6) whether plaintiffs entered into settlement agreements, as they allege, and, if so, what the contents of those agreements were/are; and 7) whether the requirements for having a net interest rate of zero applied have been satisfied.

**(i)** **<u>Settlement</u>**: Settlement is unlikely prior to the conduct of discovery on the jurisdictional, factual, and legal issues outlined above. The parties do not contemplate alternative dispute resolution.

**(j)** **<u>Trial</u>**: In light of the factual issues related to plaintiffs' claims, defendant believes there is a possibility of trial. The parties do not request an expedited trial schedule.

**(k)** **<u>Electronic case management</u>:** There are no special issues regarding electronic case management needs.

**(l)** **<u>Other information</u>:** None.

¶ 5

**<u>Discovery Plan</u>:**

The parties recommend discovery be simultaneous and on all issues, and propose the following schedule:

– Initial Disclosures, November 20, 2006

– Close of Fact Discovery, April 30, 2007

– Summary Judgment Motions and/or Motions to Dismiss, on or before June 8, 2007 (with response/s and reply/ies due pursuant to RCFC 7.2(c)).

Plaintiffs' attorney has consented to defendant's attorney filing and signing this Joint Preliminary Status Report on his behalf.

Respectfully submitted,

10/30/2006 s/Thomas E. Redding by s/Bart D. Jeffress
Date

THOMAS E. REDDING
Redding & Associates, P.C.
2914 W.T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (fax)

Attorney for Plaintiffs

10/30/2006 s/Bart D. Jeffress
Date

BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

10/30/2006 s/Steven I. Frahm
Date Of Counsel

Attorneys for Defendant