IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-224 T

(Judge Lawrence J. Block)

JOHN HERDA and MARGARET HERDA et. al.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

NOTICE OF INDIRECTLY RELATED CASES

Defendant files this notice pursuant RCFC 40.2(b). There are two other cases before the Court that present common issues of law and fact with the present case, and, in defendant's view, transfer of the three cases to a single judge would significantly promote the efficient administration of justice. The three cases, in order of filing - earliest to latest, are: 1) *John Herda and Margaret Herda et. al. v. U.S.*, Fed. Cl. No. 06-224 T; 2) *Lawrence S. Lewin and Marion E. Lewin v. U.S.*, Fed. Cl. No. 06-751 T; and 3) *Gordon R. Cooke and Jennifer L. Cooke,* Fed. Cl. No. 06-850 T. Plaintiffs in all three are represented by attorneys from the same law firm, Redding & Associates, P.C. Thomas Redding is attorney of record in *Herda* and *Lewin,* Sallie Gladney is attorney of record in *Cooke*, and, where not attorney of record, Redding, Gladney, and Teresa Womack are listed as of counsel on the complaints. The undersigned attorney of record has appeared on behalf of the United States in all three cases.

Comparison of the allegations in the three complaints leads to the conclusion that the

cases share common issues of law and fact (individual issues of law and fact may also exist). Among other common allegations, the complaints allege that one or more plaintiffs owned limited partnership interests in Dillon Oil Technology Partners ("Dillon"), that Dillon was one of the partnerships in the "Electra" project (the complaint in Herda also alleges that certain plaintiffs owned limited partnership interests in Crowne Oil Technology Partners ("Crowne") and that Crowne was one of the partnerships in the "Electra" project), that plaintiffs' refund claims are "due to the loss" plaintiffs "realized on the worthlessness and termination of" Dillon and/or Crowne "pursuant to Rev. Rul. 93-80," that, as the result of common litigation at the partnership level in the United States Tax Court, basis in plaintiffs' partnership interests was restored, and that plaintiffs' underlying refund claims were timely filed with the IRS pursuant to 26 U.S.C. § 6230(c)(2)(B). At present, *Herda* is in discovery, and *Lewin* and *Cooke* are in the pre-answer stage.

Plaintiffs' counsel and of counsel agree with defendant's counsel that *Herda*, *Lewin*, and *Cooke* are indirectly related. In *Cooke*, plaintiffs filed a "Notice of Indirectly Related Cases," stating that *Cooke* is indirectly related to *Herda* and *Lewin*. *See Notice* [Doc. #4], Fed. Cl. No. 06-850 T.

Given the common issues of law and fact present in *Herda*, *Lewin*, and *Cooke*, defendant believes that transfer would significantly promote the efficient administration of justice. A single judge could adjudicate fully one of the three and, thus familiar with the common factual and legal background, review a joint status report in which the parties express their views on how the outcome of the first impacts the other two, and order appropriate further proceedings. Defendant believes that selection of a transferee judge lies fully within the discretion of the

Court.

In addition, currently pending before the Court are two other cases that arise out of the Electra partnership context, *Thomas H. McGann and Evelyn G. McGann v. U.S.*, Fed. Cl. No. 05-1189 T, and *Lloyd W. Bailey et. al. v. U.S.*, Fed. Cl. No. 06-222 T. In *McGann*, defendant moved to dismiss the complaint for lack of jurisdiction, plaintiff responded, and defendant replied. In addition, plaintiffs filed a sur-reply, and defendant has submitted a response to plaintiffs' sur-reply under a motion for leave to file. *Bailey* is stayed pending a decision on defendant's motion to dismiss in *McGann*. *McGann* and *Bailey* do not have the partnership termination/basis restoration claims asserted in *Herda*, *Lewin*, and *Cooke*, but involve claims for refund of tax motivated interest. In addition, one of the issues briefed in *McGann* is the timeliness of an administrative refund claim under 26 U.S.C. § 6230(c)(2)(A). That provision does not appear to be at issue in *Herda*, *Lewin*, and *Cooke*. Given the differences in the legal claims, defendant does not think *McGann* and *Bailey* should be linked with *Herda*, *Lewin*, and *Cooke*.

Finally, it should be noted that some AMCOR cases include partnership termination/basis restoration and/or tax motivated interest claims that share at least some legal issues in common with the similar claims in *Herda*, *Lewin*, and *Cooke*, and/or *McGann* and *Bailey*.

Pursuant to RCFC 40.2(b)(2), after this notice is filed, a copy of it will be served on the attorney of record in *Cooke* via regular mail.

Respectfully submitted,

s/Bart D. Jeffress

BART D. JEFFRESS
Attorney of Record
U.S. Justice Dept., Tax Division
Court of Federal Claims Section
P.O. Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 307-6496
FAX: (202) 514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/Steven I. Frahm
Of Counsel

December 29, 2006