IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN HERDA and MARGARET HERDA | § | |
| | § | |
| JOHN J. HERDA and SUSAN M. HERDA | § | |
| | § | |
| NICHOLAS HERDA and JODI LYNN HERDA | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO.06-224T |
| | § | Judge Lawrence J. Block |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**SUPPLEMENT TO PLAINTIFFS' ORIGINAL COMPLAINT**

Pursuant to preliminary scheduling telephone conference held November 14, 2006, Plaintiffs supplement their Original Complaint with the following attached materials:

Plaintiffs' Exhibit A - Form 1040X Amended U.S. Individual Income Tax Return for tax year 1990 with attachments, Form 843 Protective Request for Net Interest Rate of Zero under Rev. Proc. 99-43, and transmittal letter for Plaintiffs John and Margaret Herda;

Plaintiffs' Exhibit B - Form 1040X Amended U.S. Individual Income Tax Return for tax year 1990 with attachments, Form 843 Protective Request for Net Interest Rate of Zero under Rev. Proc. 99-43, and transmittal letter for Plaintiffs John J. and Susan M. Herda;

Plaintiffs' Exhibit C - Form 1040X Amended U.S. Individual Income Tax Return for tax year 1990 with attachments and transmittal letter for Plaintiffs Nicholas and Jodi Lynn Herda.

All Plaintiffs' Exhibits are redacted in accordance with ¶7 of General Order 42A.

Respectfully,

/s/ Thomas E. Redding

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFFS

Of Counsel for Plaintiffs:
Sallie W. Gladney
Texas State Bar No. 00787546
Teresa J. Womack
Texas State Bar No. 00788707
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)

John and Margaret A. Herda
9670 Sultana
Las Vegas, NV 89118

October 16, 2003

Internal Revenue Service Center
Fresno, CA 93888

Re: Form 1040X, Amended U.S. Individual Income Tax Return, for
Form 843 requesting §6621 (d) relative to above year refunds

Dear Sirs:

Enclosed is the above refund claims to be filed.

The claim is timely based on the loss incurred on a partnership termination resulting in a tax loss equal to the resulting adjusted basis as determined due to a TEFRA settlement agreement under I.R.C. §6624(c) in a Tax Court case brought under I.R.C.§6626, and is timely filed as a claim under §6230(c)(1)(B) within two (2) years of the settlement as required under I.R.C. §§6230(c)(2)(B). See analysis in attached excerpts from Regional Counsel memorandum regarding similar "basis" adjustment "affected item" claims regarding partnerships unrelated to those in this claim. See Exhibit A.

Please expedite the processing of these claims and if possible apply them as a direct offset to the taxpayer's 1981 to 1985 tax deficiencies in accordance with I.R.C. §6402, as the legislative history to I.R.C. §6621(d) advises the IRS to try to do where practicable.

Very truly yours,

John Herda
John Herda

Margaret A. Herda
Margaret A. Herda

Enclosures: Forms 1040X
Form 843, as protective interest netting claim

# Exhibit A

Form **1040X** (Rev. November 2002)

Department of the Treasury-Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1990 , or fiscal year ended ▶

Please print or type

| | | |
|---|---|---|
| Your first name and initial: JOHN | Last name: HERDA | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: MARGARET A. | Last name: HERDA | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 9670 SULTANA | Apt. no. | Phone number |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: LAS VEGAS, NV 89118 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☐

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☐ Yes ☒ No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household * ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

Use Part II on the back to explain any changes

| Income and Deductions (see pages 2-6) | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change-amount of increase or (decrease)-explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | 159,092 | 37,500 | 121,592 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 49,404 | | 49,404 |
| 3 Subtract line 2 from line 1 | 3 | 109,688 | 37,500 | 72,188 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 4,100 | | 4,100 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 105,588 | 37,500 | 68,088 |
| **Tax Liability** 6 Tax (see pg. 4). Method used in col. C | 6 | 26,706 | 11,860 | 14,846 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 26,706 | 11,860 | 14,846 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 26,706 | 11,860 | 14,846 |
| **Payments** 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | 4,012 | | 4,012 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | 16,727 | | 16,727 |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 5,967 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 26,706 |

## Refund or Amount You Owe

| | Line | C |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | 26,706 |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 11,860 |
| 23 Amount of line 22 you want **refunded to you** | 23 | 11,860 |
| 24 Amount of line 22 you want applied to your estimated tax | 24 | |

**Sign Here**
Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ John Herda 10-16-03 — Your signature, Date

▶ Margaret A. Herda 10/16 — Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature ▶ C. Terry Raben | Date 10/14/03 | Check if self-employed ☐ | Preparer's SSN or PTIN |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ C. TERRY RABEN, LTD. 2675 S. JONES BLVD., STE 109 LAS VEGAS, NV 89146 | | | EIN [redacted] Phone no. 702-253-7511 |

DAA

Form 1040X (Rev. 11-2002) Page 2

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more** exemptions, complete lines 25-31.
If claiming **fewer** exemptions, complete lines 25-30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse. **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here & on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

No. of your children on line 31 who:
- lived with you ▶
- did not live with you due to divorce or separation (see page 5) ▶

Dependents on line 31 not entered above ▶

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

SEE ATTACHED EXPLANATION AND ATTACHED FORM 843

**Part III** **Presidential Election Campaign Fund. Checking below will not increase your tax or reduce your refund.**

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐

If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

Form **1040X** (Rev. 11-2002)

DAA

Schedule E (Form 1040) 1990 Attachment Sequence No. 13 Page 2

Name(s) shown on return. (Do not enter name and SSN if shown on page 1.) | Your social security number

JOHN HERDA & MARGARET A HERDA | [redacted]

**Note:** If you report amounts from farming or fishing on Schedule E, you must include your gross income from those activities on line 41 below.

## Part II Income or Loss From Partnerships and S Corporations

If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. See Instructions. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corp. | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | NYP CORPORATION | S | | 88-0197524 | X | |
| B | SPRINGBRIGHT | P | | 52-1398144 | | X |
| C | CROWNE OIL TECHNOLOGY PARTNERS | P | | 84-0858166 | X | |
| D | | | | | | |
| E | | | | | | |

| | Passive Income and Loss: (g) Passive loss allowed (Attach Form 8582 if required) | (h) Passive income from Schedule K-1 | Nonpassive Income and Loss: (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
|---|---|---|---|---|---|
| A | | | | | |
| B | 15,160. | | | | 55,471. |
| C | | | BASIS LOSS TO | REFLECT LOSS BASED ON | |
| D | | | 37,500 REV. RUL. 93-80 | (SEE EXPLANATION) | |
| E | | | | | |
| 28a Totals | | | | | 55,471. |
| b Totals | 15,160. | | 37,500 | | |

| | | | |
|---|---|---|---|
| 29 | Add amounts in columns (h) and (k) of line 28a. Enter the total income here | 29 | 55,471. |
| 30 | Add amounts in columns (g), (i), and (j) of line 28b. Enter the total here | 30 | ( 15,160) |
| 31 | Total partnership and S corporation income or (loss). Combine amounts on lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | 40,311. |

## Part III Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |
| C | | |

| | Passive Income and Loss: (c) Passive deduction or loss allowed (Attach Form 8582 if required) | (d) Passive income from Schedule K-1 | Nonpassive Income and Loss: (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
|---|---|---|---|---|
| A | | | | |
| B | | | | |
| C | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add amounts in columns (d) and (f) of line 33a. Enter the total income here | 34 | |
| 35 | Add amounts in columns (c) and (e) of line 33b. Enter the total here | 35 | ( ) |
| 36 | Total estate and trust income or (loss). Combine amounts on lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

## Part IV [illegible] Real Estate Mortgage Investment Conduits (REMICs) — Residual Holder

| 37 | (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see Instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

| | | | |
|---|---|---|---|
| 38 | Combine amounts in columns (d) and (e) only. Enter the result here and include in the total on line 40 below | 38 | |

## Part V [illegible]

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. (Also complete line 41 below.) | 39 | |
| 40 | TOTAL [illegible] amounts on lines 26, 31, 36, 38, and 39. Enter the result here and on [illegible] ▶ | 40 | 40,311. |
| 41 | [illegible] Income: Enter your gross farming [illegible] in Parts II and III, and on line 39 [illegible] | 41 | |

H733



Copyright Forms Software Only, 1990 Nelco, Inc.

**JOHN HERDA AND MARGARET HERDA**
**(SSN [redacted] AND (SSN [redacted]**
**EXPLANATION FOR 1040X FOR 1990 AND**
**PROTECTIVE STATEMENT REQUESTING APPLICATION OF §6621(d)**

Crowne Oil Technology Partners was a partnership which was the subject of §6226 Tax Court litigation. Pursuant to I.R.C. §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim. Nevertheless, this claim is timely under §6230(c)(2)(B).

A §6224(c) settlement in each related Tax Court case brought under I.R.C. §6226 resulted in a reduction in the partnership's allowable losses. The IRS has sent the taxpayer Forms CG-4549A reflecting all of the TEFRA adjustments. The settlement pursuant to which the final basis and adjustments were made were executed October 17, 2001.

As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis adjustment in the partnership interest and a resulting loss upon the worthlessness and termination of the partners' partnership interest in 1990, which losses are the basis of this claim for refund.

The taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit "A." The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.

Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss, but in that case the taxpayers request an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.

Basis adjustment and loss recognized based on above explanation:

Crowne Oil $37,500

The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

This claim is timely pursuant to I.R.C. §6230(c)(2)(B) because it is made within two years after the date of the relevant §6224(c) settlement.

This claim also constitutes the taxpayers' protective request that if the refunds are not directly applied to the taxpayers' outstanding liability the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of

Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

Exhibits: A - Excerpts from Rev. Rul. 93-80

EXCERPTS FROM REV. RUL. 93-80

26 CFR 1.731-1: Extent of recognition of gain or loss on distribution.
(Also Sections 165, 741, 752, 1011.)

Abandonment or worthlessness of a partnership interest. A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in Section 751(b) of the Code). Rev. Rul. 70-355 clarified and superseded; Rev. Rul. 76-189 revoked.

REV. RUL. 93-80

ISSUE

Is a loss incurred on the abandonment or worthlessness of a partnership interest a capital or an ordinary loss?

In Rev. Rul. 70-355, 1970-2 C.B. 51, a taxpayer paid cash for an interest as a limited partner in a partnership, and the taxpayer's capital account was credited with an amount less than the cash paid. The partnership agreement provided that losses would first be allocated against each partner's capital account and any balance would be shared only the be general partners. In a subsequent taxable year, the partnership sustained a loss in its business operations, entered into bankruptcy, and dissolved. The taxpayer's distributive share of the partnership loss for the taxable year reduced the taxpayer's capital account to zero. ***In addition, the taxpayer's adjusted basis in the partnership interest, which was greater than the taxpayer's capital account, was reduced by the taxpayer's distributive share of the loss. However, the taxpayer's adjusted basis in the partnership interest was not reduced to zero. The taxpayer did not receive any cash or other consideration in liquidation of the taxpayer's partnership interest.*** [Emphasis added.]

Rev. Rul. 70-355 concludes that the taxpayer's loss is deductible as an ordinary loss under Section 165(a) of the Code. The taxpayer's loss was composed of the taxpayer's distributive share of the partnership loss equal to the taxpayer's capital account and the balance of the taxpayer's adjusted basis in the partnership interest.

In Rev. Rul. 76-189, 1976-1 C.B. 181, D purchased a one-third interest in the ABC partnership from taxpayer A. ABC sustained a net loss from its business operations for the taxable year and terminated at the end of that taxable year. ***At termination, ABC had no remaining assets or liabilities. D's distributive share of the partnership loss did not reduce D's basis in D's partnership interest to zero.*** [Emphasis added.]

. . . . .

**EXHIBIT "A"**

***Partner D in Rev. Rul. 76-189 satisfied all of the requirements for ordinary loss treatment. Partner D did not receive any actual distributions, and D was not deemed to receive any distributions under Section 752(b) of the Code as a result of liability shifts.***

. . . . .

***The taxpayer in Rev. Rul. 70-355 also satisfied all of the requirements for ordinary loss treatment.*** [Emphasis added.]

. . . . .

HOLDING

A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in Section 751(b)).

**PROTECTIVE Req[illegible]st for Net Interest Rate of Zero unde[illegible] Rev Proc 99-43**
-(IF the overpayment is not applied to the underpayment).

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

*Do not use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

**PRO FORMA §6621 (d)**
**Protective Request**

Type or print

| | |
|---|---|
| Name of claimant<br>JOHN & MARGARET A HERDA | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>9670 SULTANA | Spouse's SSN or ITIN<br>[redacted] |
| City or town, state, and ZIP code<br>LAS VEGAS, NV 89118 | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number<br>( ) |

1 Period. Prepare a separate Form 843 for each tax period
From **Blank pursuant to Rev Proc 99-43 5.04(1)**

2 Amount to be refunded or abated
$ **Blank pursuant to Rev Proc 99-43 5.04(2)**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ ____________

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☑ Other (specify)

4a Request for abatement or refund of:
☑ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ **Blank pursuant to Rev Proc 99-43 504.(4) Please See Attachments**

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**This Request is protective only and, if possivle, the refund should be applied directly to the income tax liability when and if timely assessed. This form is filed as the taxpayers's protective request for application of the net interest rate of zero, pursuant to IRC 6621(d), to interest accruing before October 1, 1998. The understatement periods are 1981, 1982, 1983, 1984, and 1985. There are no overstatement periods. The underpayment has not been paid.**
**The taxpayer(s) have recived the following refunds: NONE**
**The periods for which the taxpayer(s)' overpayment and underpayment overlap are April 15, 1982, 1983, 1984, 1985, and 1986 to date of payment of the underpayment. To the extent of equivalent amounts of underpayment and overpayment for the periods identified above, the periods have been used only once in a request to obtain the net interest rate of zero under IRC 6621(d).**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

John Herda
Signature (Title, if applicable. Claims by corporations must be signed by an officer.) — Date 10-16-03

Margaret A. Herda
Signature — Date 10/16/03

John J. and Susan M. Herda
9680 Sultana
Las Vegas, NV 89118

October 16, 2003

Internal Revenue Service Center
Fresno, CA 93888

Re: Form 1040X, Amended U.S. Individual Income Tax Return, for
Form 843 requesting §6621 (d) relative to above year refunds

Dear Sirs:

Enclosed is the above refund claims to be filed.

The claim is timely based on the loss incurred on a partnership termination resulting in a tax loss equal to the resulting adjusted basis as determined due to a TEFRA settlement agreement under I.R.C. §6624(c) in a Tax Court case brought under I.R.C.§6626, and is timely filed as a claim under §6230(c)(1)(B) within two (2) years of the settlement as required under I.R.C. §§6230(c)(2)(B). See analysis in attached excerpts from Regional Counsel memorandum regarding similar "basis" adjustment "affected item" claims regarding partnerships unrelated to those in this claim. See Exhibit A.

Please expedite the processing of these claims and if possible apply them as a direct offset to the taxpayer's 1981 to 1985 tax deficiencies in accordance with I.R.C. §6402, as the legislative history to I.R.C. §6621(d) advises the IRS to try to do where practicable.

Very truly yours,

JOHN J. HERDA
John J. Herda [signature] PER POA

SUSAN M. HERDA
Susan M. Herda [signature] PER POA

Enclosures: Form 2848 Power of Attorney
Forms 1040X
Form 843, as protective interest netting claim

Exhibit B

Form **2848** (Rev. January 2002) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ See the separate instructions.

OMB No. 1545-0150

**For IRS Use Only**
Received by:
Name
Telephone
Function
Date / /

## Part I Power of Attorney (Type or print.)

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| JOHN J. HERDA<br>SUSAN HERDA<br>9680 SULTANA STREET<br>LAS VEGAS NV 89139 | [redacted] | |
| | Daytime telephone number<br>702-737-1047 | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s) must sign and date this form on page 2, Part II.**

| Name and address | |
|---|---|
| C. TERRY RABEN<br>2675 S. JONES, #109<br>LAS VEGAS NV 89146 | CAF No. [redacted]<br>Telephone No. 702-253-7511<br>Fax No. 702-253-7501<br>Check if new: Address ☐ Telephone No. ☐ |
| MIKE J. MOORE<br>2675 S. JONES, #109<br>LAS VEGAS NV 89146 | CAF No. [redacted]<br>Telephone No. 702-253-7511<br>Fax No. 702-253-7501<br>Check if new: Address ☐ Telephone No. ☐ |
| | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (See the instructions for line 3.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| INCOME | 1040 | 1982 - Present |
| INCOME | 1040X & SCHEDULE E | 1990 |
| INCOME | 843 | 1982 - PRESENT |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific uses not recorded on CAF ▶ ☒

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns. See the instructions for Line 5, Acts authorized.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney:
TO SIGN RETURNS ON BEHALF OF TAXPAYER(S) AND OTHER CORRESPONDENCE ON BEHALF OF TAXPAYER(S) AS THE TAXPAYER(S) ARE OUT OF THE COUNTRY

**Note:** In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.

**Note:** The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the separate instructions for more information.

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here ______ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.

JOHN J. & SUSAN HERDA 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

Form 2848 (Rev. 1-2002) Page 2

7 **Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

a If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box ▶ ☒

b If you also want the second representative listed to receive a copy of such notices and communications, check this box ▶ ☐

c If you do not want any notices or communications sent to your representative(s), check this box ▶ ☐

8 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here ▶ ☒

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

9 **Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] Signature — 10/15/2003 Date — Title (if applicable)

JOHN J. HERDA
Print Name

[signature] Signature — 10/15/03 Date — Title (if applicable)

SUSAN HERDA
Print Name

**Part II Declaration of Representative**

Caution: Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the separate instructions for Part II.

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney-a member in good standing of the bar of the highest court of the jurisdiction shown below.
b Certified Public Accountant-duly qualified to practice as a certified public accountant in the jurisdiction shown below.
c Enrolled Agent-enrolled as an agent under requirements of Treasury Department Circular No. 230.
d Officer-a bona fide officer of the taxpayer's organization.
e Full-Time Employee-a full-time employee of the taxpayer.
f Family Member-a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
g Enrolled Actuary-enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
h Unenrolled Return Preparer-an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

**IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation-Insert above letter (a-h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| b | NEVADA | [signature] | 10/15/03 |
| b | NEVADA | [signature] | 10/15/03 |
| | | | |

10/14/2003 1:56 PM Pg 1

Form **1040X** (Rev. November 2002)

Department of the Treasury-Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1990 , or fiscal year ended ▶

Please print or type

| Your first name and initial | Last name | Your social security number |
|---|---|---|
| JOHN J. | HERDA | [redacted] |
| If a joint return, spouse's first name and initial: SUSAN M. | Last name: HERDA | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 9680 SULTANA | Apt. no. | Phone number |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions: LAS VEGAS, NV 89118 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☐

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☐ Yes ☒ No

C Filing status. Be sure to complete this line. Note. You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household * ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change—amount of increase or (decrease)—explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2-6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 219,745 | 75,000 | 144,745 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 72,197 | | 72,197 |
| 3 Subtract line 2 from line 1 | 3 | 147,548 | 75,000 | 72,548 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 10,250 | | 10,250 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 137,298 | 75,000 | 62,298 |
| **Tax Liability** | | | | |
| 6 Tax (see pg. 4). Method used in col. C | 6 | 37,170 | 23,945 | 13,225 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 37,170 | 23,945 | 13,225 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 37,170 | 23,945 | 13,225 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | 21,310 | | 21,310 |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 15,860 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 37,170 |
| **Refund or Amount You Owe** | | | | |
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | | | -0- |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | | | 37,170 |
| 21 Amount you owe. If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | | | |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | | | 23,945 |
| 23 Amount of line 22 you want refunded to you | 23 | | | 23,945 |
| 24 Amount of line 22 you want applied to your estimated tax | 24 | | | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

JOHN J. HERDA ▶ C. Terry Raben PER POA 10/16/03
Your signature Date

SUSAN M. HERDA ▶ C. Terry Raben PER POA 10/16/03
Spouse's signature. If a joint return, both must sign. Date

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature ▶ C. Terry Raben | Date 10/14/03 | Check if self-employed ☐ | Preparer's SSN or PTIN [redacted] |
| Firm's name (or yours if self-employed), address, and ZIP code ▶ C. TERRY RABEN, LTD. 2675 S. JONES BLVD., STE 109 LAS VEGAS, NV 89146 | | | EIN [redacted] Phone no. 702-253-7511 |

DAA

10/14/2003 1:56 PM Pg 2

Form 1040X (Rev. 11-2002) Page 2

**Part I Exemptions.** See Form 1040 or 1040A instructions.

If you are not changing your exemptions, do not complete this part.
If claiming more exemptions, complete lines 25-31.
If claiming fewer exemptions, complete lines 25-30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse. Caution. If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here & on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

No. of your children on line 31 who:
- lived with you ▶
- did not live with you due to divorce or separation (see page 5) ▶

Dependents on line 31 not entered above ▶

**Part II Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

SEE ATTACHED EXPLANATION AND ATTACHED FORM 843

**Part III Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐

If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

Form **1040X** (Rev. 11-2002)

DAA

Schedule E (Form 1040) 1990 — Attachment Sequence No. 13 — Page 2

Name(s) shown on return. (Do not enter name and SSN if shown on page 1.) JOHN J HERDA & SUSAN M HERDA — Your social security number [redacted]

Note: If you report amounts from farming or fishing on Schedule E, you must include your gross income from those activities on line 41 below.

## Part II Income or Loss From Partnerships and S Corporations

If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. See Instructions. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corp. | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | SPRINGBRIGHT | P | | 52-1398144 | | X |
| B | NYP CORPORATION | S | | 88-0197524 | X | |
| C | H & H CORPORATION | S | | 8-8022555 | X | |
| D | CROWNE OIL TECHNOLOGY PARTNERS | P | | 84-0858166 | X | |
| E | DILLON OIL TECHNOLOGY PARTNERS | P | | 84-0862763 | X | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (Attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | 15,160. | | | | |
| B | | | | | 55,471. |
| C | | | BASIS LOSS | | 25,761. |
| D | | | 37,500 TO REFLECT LOSS BASED ON | | |
| E | | | 37,500 REV. RUL. 93-80-(SEE EXPLANATION) | | |
| 28a Totals | | | | | 81,232. |
| b Totals | 15,160. | | 75,000 | | |

| | | | |
|---|---|---|---|
| 29 | Add amounts in columns (h) and (k) of line 28a. Enter the total income here | 29 | 81,232. |
| 30 | Add amounts in columns (g), (i), and (j) of line 28b. Enter the total here | 30 | ( 15,160.) |
| 31 | Total partnership and S corporation income or (loss). Combine amounts on lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | 66,072. |

## Part III Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |
| C | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (Attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| C | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add amounts in columns (d) and (f) of line 33a. Enter the total income here | 34 | |
| 35 | Add amounts in columns (c) and (e) of line 33b. Enter the total here | 35 | ( ) |
| 36 | Total estate and trust income or (loss). Combine amounts on lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

## Part IV Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) — Residual Holder

| 37 | (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|---|
| | | | | | |

| | | | |
|---|---|---|---|
| 38 | Combine amounts in columns (d) and (e) only. Enter the result here and include in the total on line 40 below | 38 | |

## Part V Summary

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. (Also complete line 41 below.) | 39 | |
| 40 | TOTAL income or (loss). Combine amounts on lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 18 ▶ | 40 | 66,072. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported in Parts II and III, and on line 39 (see instructions) — 41 | | |

H733 E2 NTF 4798

Copyright Forms Software Only, 1990 Nelco, Inc.

**JOHN HERDA AND SUSAN HERDA**
**(SSN [redacted] AND (SSN [redacted]**
**EXPLANATION FOR 1040X FOR 1990 AND**
**PROTECTIVE STATEMENT REQUESTING APPLICATION OF §6621(d)**

Crowne Oil Technology Partners and Dillon Oil Technology Partners were partnerships which were the subject of §6226 Tax Court litigation. Pursuant to I.R.C. §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim. Nevertheless, this claim is timely under §6230(c)(2)(B).

A §6224(c) settlement in each related Tax Court case brought under I.R.C. §6226 resulted in a reduction in the partnership's allowable losses. The IRS has sent the taxpayer Forms CG-4549A reflecting all of the TEFRA adjustments. The settlements pursuant to which the final basis and adjustments were made were executed October 17, 2001.

As a direct consequence of the adjustments to the partnership items of these partnerships, there was a substantial basis adjustment in each partnership interest and a resulting loss upon the worthlessness and termination of each of the partners' partnership interests in 1990, which losses are the basis of this claim for refund.

The taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit "A." The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.

Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss, but in that case the taxpayers request an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.

Basis adjustment and loss recognized based on above explanation:

| | |
|---|---|
| Dillon Oil | $37,500 |
| Crowne Oil | $37,500 |

The increase in the basis in each partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

This claim is timely pursuant to I.R.C. §6230(c)(2)(B) because it is made within two years after the date of the relevant §6224(c) settlement.

This claim also constitutes the taxpayers' protective request that if the refunds are not directly applied to the taxpayers' outstanding liability the Secretary apply §6621(d) to such period. To the

extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

Exhibits: A - Excerpts from Rev. Rul. 93-80

EXCERPTS FROM REV. RUL. 93-80

26 CFR 1.731-1: Extent of recognition of gain or loss on distribution.
(Also Sections 165, 741, 752, 1011.)

Abandonment or worthlessness of a partnership interest. A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in Section 751(b) of the Code). Rev. Rul. 70-355 clarified and superseded; Rev. Rul. 76-189 revoked.

REV. RUL. 93-80

ISSUE

Is a loss incurred on the abandonment or worthlessness of a partnership interest a capital or an ordinary loss?

In Rev. Rul. 70-355, 1970-2 C.B. 51, a taxpayer paid cash for an interest as a limited partner in a partnership, and the taxpayer's capital account was credited with an amount less than the cash paid. The partnership agreement provided that losses would first be allocated against each partner's capital account and any balance would be shared only the be general partners. In a subsequent taxable year, the partnership sustained a loss in its business operations, entered into bankruptcy, and dissolved. The taxpayer's distributive share of the partnership loss for the taxable year reduced the taxpayer's capital account to zero. ***In addition, the taxpayer's adjusted basis in the partnership interest, which was greater than the taxpayer's capital account, was reduced by the taxpayer's distributive share of the loss. However, the taxpayer's adjusted basis in the partnership interest was not reduced to zero. The taxpayer did not receive any cash or other consideration in liquidation of the taxpayer's partnership interest.*** [Emphasis added.]

Rev. Rul. 70-355 concludes that the taxpayer's loss is deductible as an ordinary loss under Section 165(a) of the Code. The taxpayer's loss was composed of the taxpayer's distributive share of the partnership loss equal to the taxpayer's capital account and the balance of the taxpayer's adjusted basis in the partnership interest.

In Rev. Rul. 76-189, 1976-1 C.B. 181, D purchased a one-third interest in the ABC partnership from taxpayer A. ABC sustained a net loss from its business operations for the taxable year and terminated at the end of that taxable year. ***At termination, ABC had no remaining assets or liabilities. D's distributive share of the partnership loss did not reduce D's basis in D's partnership interest to zero.*** [Emphasis added.]

. . . . .

**EXHIBIT "A"**

***Partner D in Rev. Rul. 76-189 satisfied all of the requirements for ordinary loss treatment. Partner D did not receive any actual distributions, and D was not deemed to receive any distributions under Section 752(b) of the Code as a result of liability shifts.***

. . . . .

***The taxpayer in Rev. Rul. 70-355 also satisfied all of the requirements for ordinary loss treatment.*** [Emphasis added.]

. . . . .

HOLDING

A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in Section 751(b)).

**EXHIBIT "A"**

**PROTECTIVE Request for Net Interest Rate of Zero under Rev Proc 99-43**
-(IF the overpayment is not applied to the underpayment).

Form **843** (Rev. November 2002) Department of the Treasury Internal Revenue Service

# Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

*Do not use Form 843 if your claim is for—*

- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

**PRO FORMA §6621 (d) Protective Request**

Type or print

| | |
|---|---|
| Name of claimant<br>JOHN J & SUSAN M HERDA | Your SSN or ITIN<br>[redacted] |
| Address (number, street, and room or suite no.)<br>9680 SULTANA | Spouse's SSN or ITIN<br>[redacted] |
| City or town, state, and ZIP code<br>LAS VEGAS, NV 89118 | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number<br>( ) |

1 Period. Prepare a separate Form 843 for each tax period
From **Blank pursuant to Rev Proc 99-43 5.04(1)**

2 Amount to be refunded or abated
$ **Blank pursuant to Rev Proc 99-43 5.04(2)**

3a Type of tax, penalty, or addition to tax:
☐ Employment ☐ Estate ☐ Gift ☐ Excise (see instructions)
☐ Penalty—IRC section ▶

b Type of return filed (see instructions):
☐ 706 ☐ 709 ☐ 940 ☐ 941 ☐ 943 ☐ 945 ☐ 990-PF ☐ 4720 ☑ Other (specify)

4a Request for abatement or refund of:
☑ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

b Dates of payment ▶ **Blank pursuant to Rev Proc 99-43 504.(4) Please See Attachments**

5 **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**This Request is protective only and, if possivle, the refund should be applied directly to the income tax liability when and if timely assessed. This form is filed as the taxpayere's protective request for application of the net interest rate of zero, pursuant to IRC 6621(d), to interest accruing before October 1, 1998. The understatement periods are 1981, 1982, 1983, 1984, and 1985. There are no overstatement periods. The underpayment has not been paid.**
**The taxpayer(s) have recived the following refunds: NONE**
**The periods for which the taxpayer(s)' overpayment and underpayment overlap are April 15, 1982, 1983, 1984, 1985, and 1986 to date of payment of the underpayment. To the extent of equivalent amounts of underpayment and overpayment for the periods identified above, the periods have been used only once in a request to obtain the net interest rate of zero under IRC 6621(d).**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

John J. Herda [signature] Rep. POA — Date 10/16/03
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Susan M. Herda [signature] Rep. POA — Date 10/16/03
Signature

Nicholas and Jodi Lynn Herda
7150 Schuster
Las Vegas, NV 89118

October 16, 2003

Internal Revenue Service Center
Fresno, CA 93888

Re: Form 1040X, Amended U.S. Individual Income Tax Return, for
Form 843 requesting.§6621 (d) relative to above year refunds

Dear Sirs:

Enclosed is the above refund claims to be filed.

The claim is timely based on the loss incurred on a partnership termination resulting in a tax loss equal to the resulting adjusted basis as determined due to a TEFRA settlement agreement under I.R.C. §6624(c) in a Tax Court case brought under I.R.C.§6626, and is timely filed as a claim under §6230(c)(1)(B) within two (2) years of the settlement as required under I.R.C. §§6230(c)(2)(B). See analysis in attached excerpts from Regional Counsel memorandum regarding similar "basis" adjustment "affected item" claims regarding partnerships unrelated to those in this claim. See Exhibit A.

Please expedite the processing of these claims and if possible apply them as a direct offset to the taxpayer's 1981 to 1985 tax deficiencies in accordance with I.R.C. §6402, as the legislative history to I.R.C. §6621(d) advises the IRS to try to do where practicable.

Very truly yours,

Nicholas Herda

Jodi Lynn Herda

Enclosures: Forms 1040X
Form 843, as protective interest netting claim

# Exhibit C

10/14/2003 1:56 PM Pg 1

Form **1040X** (Rev. November 2002)

Department of the Treasury-Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1990 , or fiscal year ended ▶

Please print or type

| | | |
|---|---|---|
| Your first name and initial: NICHOLAS | Last name: HERDA | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: JODI LYNN | Last name: HERDA | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 7150 SCHUSTER | Apt. no. | Phone number |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions. LAS VEGAS, NV 89118 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☐

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☐ Yes ☒ No

C Filing status. Be sure to complete this line. **Note.** You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household * ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

## Use Part II on the back to explain any changes

| Income and Deductions (see pages 2-6) | Line | A. Original amount or as previously adjusted (see page 2) | B. Net change-amount of increase or (decrease)-explain in Part II | C. Correct amount |
|---|---|---|---|---|
| 1 Adjusted gross income (see page 3) | 1 | 190,597 | 75,000 | 115,597 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 69,932 | | 69,932 |
| 3 Subtract line 2 from line 1 | 3 | 120,665 | 75,000 | 45,665 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 8,200 | | 8,200 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 112,465 | 75,000 | 37,465 |
| **Tax Liability** 6 Tax (see pg. 4). Method used in col. C | 6 | 28,975 | 22,700 | 6,275 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 28,975 | 22,700 | 6,275 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 28,975 | 22,700 | 6,275 |
| **Payments** 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | 22,473 | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 6,502 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 28,975 |

## Refund or Amount You Owe

| | Line | Amount |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | 28,975 |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 22,700 |
| 23 Amount of line 22 you want **refunded to you** | 23 | 22,700 |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ Your signature — Date 10-16-03 ▶ Spouse's signature. If a joint return, both must sign. — Date 10/16/03

**Paid Preparer's Use Only**

Preparer's signature ▶ — Date 10/14/03 — Check if self-employed ☐ — Preparer's SSN or PTIN [redacted]

Firm's name (or yours if self-employed), address, and ZIP code ▶ C. TERRY RABEN, LTD. 2675 S. JONES BLVD., STE 109 LAS VEGAS, NV 89146

[redacted]

Phone no. 702-253-7511

DAA

Form 1040X (Rev. 11-2002) Page 2

**Part I** **Exemptions.** See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25-31.
If claiming **fewer exemptions,** complete lines 25-30.

| | | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|---|
| 25 | Yourself and spouse<br>**Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 | Your dependent children who lived with you | 26 | | | |
| 27 | Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 | Other dependents | 28 | | | |
| 29 | Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 | Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here & on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

No. of your children on line 31 who:
- lived with you ▶
- did not live with you due to divorce or separation (see page 5) ▶

Dependents on line 31 not entered above ▶

**Part II** **Explanation of Changes to Income, Deductions, and Credits**

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

SEE ATTACHED EPLANATION AND FORM 843

**Part III** **Presidential Election Campaign Fund.** Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

Schedule E (Form 1040) 1990 Attachment Sequence No. 13 Page 2

Name(s) shown on return. (Do not enter name and SSN if shown on page 1.)
NICHOLAS HERDA & JODI LYNN HERDA

Your social security number [redacted]

**Note:** If you report amounts from farming or fishing on Schedule E, you must include your gross income from those activities on line 41 below.

## Part II Income or Loss From Partnerships and S Corporations

If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. See Instructions. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corp. | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | NYP CORPORATION | S | | 88-0197524 | X | |
| B | H & H CORPORATION | S | | 88-0225557 | X | |
| C | CLOVER CREEK | P | | 5-2137209 | | X |
| D | CROWNE OIL TECHNOLOGY PARTNERS | P | | 84-0858166 | X | |
| E | DILLON OIL TECHNOLOGY PARTNERS | P | | 84-0862763 | X | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (Attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | 55,471. |
| C | 29,002. | | BASIS LOSS | | 25,761. |
| D | | | 37,500 TO REFLECT LOSS BASED ON | | |
| E | | | 37,500 REV. RUL. 93-80 (SEE EXPLANATION) | | |
| 28a Totals | | | | | 81,232. |
| b Totals | 29,002. | | 75,000 | | |

29 Add amounts in columns (h) and (k) of line 28a. Enter the total income here . . . . . 29 81,232.

30 Add amounts in columns (g), (i), and (j) of line 28b. Enter the total here . . . . . 30 ( 29,002.)

31 Total partnership and S corporation income or (loss). Combine amounts on lines 29 and 30. Enter the result here and include in the total on line 40 below . . . . . 31 52,230.

## Part III Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |
| C | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (Attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| C | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

34 Add amounts in columns (d) and (f) of line 33a. Enter the total income here . . . . . 34

35 Add amounts in columns (c) and (e) of line 33b. Enter the total here . . . . . 35 ( )

36 Total estate and trust income or (loss). Combine amounts on lines 34 and 35. Enter the result here and include in the total on line 40 below . . . . . 36

## Part IV Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) — Residual Holder

| 37 (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see Instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

38 Combine amounts in columns (d) and (e) only. Enter the result here and include in the total on line 40 below . . . . . 38

## Part V Summary

39 Net farm rental income or (loss) from Form 4835. (Also complete line 41 below.) . . . . . 39

40 TOTAL income or (loss). Combine amounts on lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 18 . . . . . ▶ 40 52,230.

41 **Reconciliation of Farming and Fishing Income:** Enter your gross farming and fishing income reported in Parts II and III, and on line 39 (see Instructions) . . . . . 41



Copyright Forms Software Only, 1990 Nelco, Inc.

**NICHOLAS HERDA**
**(SSN [redacted]**
**EXPLANATION FOR 1040X FOR 1990 AND**
**PROTECTIVE STATEMENT REQUESTING APPLICATION OF §6621(d)**

Crowne Oil Technology Partners and Dillon Oil Technology Partners were partnerships which were the subject of §6226 Tax Court litigation. Pursuant to I.R.C. §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim. Nevertheless, this claim is timely under §6230(c)(2)(B).

A §6224(c) settlement in each related Tax Court case brought under I.R.C. §6226 resulted in a reduction in the partnership's allowable losses. The IRS has sent the taxpayer Forms CG-4549A reflecting all of the TEFRA adjustments. The settlements pursuant to which the final basis and adjustments were made were executed October 17, 2001.

As a direct consequence of the adjustments to the partnership items of these partnerships, there was a substantial basis adjustment in each partnership interest and a resulting loss upon the worthlessness and termination of each of the partners' partnership interests in 1990, which losses are the basis of this claim for refund.

The taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit "A." The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.

Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss, but in that case the taxpayers request an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.

Basis adjustment and loss recognized based on above explanation:

| | |
|---|---|
| Dillon Oil | $37,500 |
| Crowne Oil | $37,500 |

The increase in the basis in each partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

This claim is timely pursuant to I.R.C. §6230(c)(2)(B) because it is made within two years after the date of the relevant §6224(c) settlement.

This claim also constitutes the taxpayer's protective request that if the refunds are not directly applied to the taxpayer's outstanding liability the Secretary apply §6621(d) to such period. To the

extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

This request for refund is requested solely by Mr. Herda who is entitled to this refund as he was the source of the tax payment for 1990 and only he may request a refund under IRC §6402(a) and Revenue Rulings 74-611 and 80-8. These rulings authorize a refund to a divorced taxpayer with respect to a joint return even though the Form 1040X is being signed only by that taxpayer. Mr. and Mrs. Herda are now divorced, but did file originally as married filing joint.

Exhibits: A - Excerpts from Rev. Rul. 93-80

EXCERPTS FROM REV. RUL. 93-80

26 CFR 1.731-1: Extent of recognition of gain or loss on distribution.
(Also Sections 165, 741, 752, 1011.)

Abandonment or worthlessness of a partnership interest. A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in Section 751(b) of the Code). Rev. Rul. 70-355 clarified and superseded; Rev. Rul. 76-189 revoked.

REV. RUL. 93-80

ISSUE

Is a loss incurred on the abandonment or worthlessness of a partnership interest a capital or an ordinary loss?

In Rev. Rul. 70-355, 1970-2 C.B. 51, a taxpayer paid cash for an interest as a limited partner in a partnership, and the taxpayer's capital account was credited with an amount less than the cash paid. The partnership agreement provided that losses would first be allocated against each partner's capital account and any balance would be shared only the be general partners. In a subsequent taxable year, the partnership sustained a loss in its business operations, entered into bankruptcy, and dissolved. The taxpayer's distributive share of the partnership loss for the taxable year reduced the taxpayer's capital account to zero. ***In addition, the taxpayer's adjusted basis in the partnership interest, which was greater than the taxpayer's capital account, was reduced by the taxpayer's distributive share of the loss. However, the taxpayer's adjusted basis in the partnership interest was not reduced to zero. The taxpayer did not receive any cash or other consideration in liquidation of the taxpayer's partnership interest.*** [Emphasis added.]

Rev. Rul. 70-355 concludes that the taxpayer's loss is deductible as an ordinary loss under Section 165(a) of the Code. The taxpayer's loss was composed of the taxpayer's distributive share of the partnership loss equal to the taxpayer's capital account and the balance of the taxpayer's adjusted basis in the partnership interest.

In Rev. Rul. 76-189, 1976-1 C.B. 181, D purchased a one-third interest in the ABC partnership from taxpayer A. ABC sustained a net loss from its business operations for the taxable year and terminated at the end of that taxable year. ***At termination, ABC had no remaining assets or liabilities. D's distributive share of the partnership loss did not reduce D's basis in D's partnership interest to zero.*** [Emphasis added.]

. . . . .

**EXHIBIT "A"**

*Partner D in Rev. Rul. 76-189 satisfied all of the requirements for ordinary loss treatment. Partner D did not receive any actual distributions, and D was not deemed to receive any distributions under Section 752(b) of the Code as a result of liability shifts.*

. . . . .

*The taxpayer in Rev. Rul. 70-355 also satisfied all of the requirements for ordinary loss treatment.* [Emphasis added.]

. . . . .

HOLDING

A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in Section 751(b)).

**EXHIBIT "A"**