**No. 06-0224**
(Judge Eric G. Bruggink)

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

JOHN HERDA, *et al.*,

PLAINTIFFS

VS.

UNITED STATES OF AMERICA,

DEFENDANT

---

# PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT WITH RESPECT TO THEIR MOTION FOR SUMMARY JUDGMENT

---

THOMAS E. REDDING, Lead Attorney
SALLIE W. GLADNEY
TERESA J. WOMACK
REDDING & ASSOCIATES, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
Telephone: (713) 965-9244
Telecopier: (713) 621-5227
Attorneys for Plaintiffs John Herda, Margaret Herda, John J. Herda, Susan M. Herda, Nicholas Herda, and Jodi Lynn Herda

**Facts Specific to John J. Herda and Susan M. Herda**

1. John J. Herda was a limited partner in Crowne Oil Technology Partners ("Crowne Oil") for each tax year 1981, 1982, 1983, 1984, and 1985.

2. John J. Herda was a limited partner in Dillon Oil Technology Partners-1982 ("Dillon Oil") for each tax year 1982, 1983, 1984, and 1985.

3. Crowne Oil and Dillon Oil were two of a number of partnerships in a group generally known as the "Elektra partnerships." [PEx:2, 3, 4][1]

4. John J. Herda invested cash in his partnership interests as follows:

| PARTNERSHIP | TAX YEAR | CASH INVESTED | |
|---|---|---|---|
| Crowne Oil | 1981 | $12,500 | [PEx:22; 26; 30 p. 235] |
| | 1982 | $12,500 | [PEx:23; 30 pp. 235, 238] |
| | 1983 | $12,500 | [PEx:24; 25; 30 pp. 235, 239] |
| Dillon Oil | 1982 | $12,500 | [PEx:29 p. 225] |
| | 1983 | $12,500 | [PEx:29 pp. 225, 228] |
| | 1984 | $12,500 | [PEx:21; 29 p. 229] |

[PEx:47]

5. John J. Herda invested the same amount of money in Crowne Oil and Dillon Oil for the same tax years as his brother Nicholas, see below, and, therefore, the brothers had virtually identical partnership interests and losses. [PEx:1 p. 12; 37 p. 282; 19 p. 182; 35 p. 266; 47]

6. John J. and Susan M. Herda claimed deductions on their 1981, 1982, 1983, 1984, and 1985 tax returns for John J. Herda's proportionate share of losses related to his Crowne Oil investment.

7. John J. and Susan M. Herda claimed deductions on their 1982, 1983, 1984, and 1985 tax returns for John J. Herda's proportionate share of losses related to his Dillon Oil investment.

---

[1] References to [PEx:"X" p. "Y"] are to Plaintiffs' Exhibit "X" at Bates stamped page "Y".

8. John J. and Susan M. Herda did not claim any Crowne Oil or Dillon Oil related deductions for any tax years after 1985. [PEx:15 p. 160; 16 p. 165; 17 p. 170; 18 p. 177; 19 p. 181; 20 p. 198]

9. On April 15, 1987 the IRS issued two Notices of Final Partnership Administrative Adjustment ("FPAAs") for tax year 1983, one for Crowne Oil and one for Dillon Oil. [PEx:2]

10. A consolidated TEFRA partnership-level case was filed in the Tax Court at docket no. 21530-87 to contest the 1983 partnership item adjustments proposed by the IRS in the FPAAs to, among others, Crowne Oil and Dillon Oil. [PEx:2]

11. On April 11, 1988 the IRS issued an FPAA proposing to adjust the partnership items of Dillon Oil for 1984 and 1985. [PEx:3 p. 58]

12. On April 12, 1988 the IRS issued an FPAA proposing to adjust the partnership items of Crowne Oil for 1984. [PEx:3 p. 73]

13. A consolidated TEFRA partnership-level case was filed in the Tax Court at docket no. 16768-88 to contest the partnership item adjustments proposed by the IRS in the FPAAs to, among others, Crowne Oil (for 1984) and Dillon Oil (for 1984 and 1985). [PEx:3]

14. On June 8, 1988 the IRS issued a Notice of Deficiency for tax years 1981 and 1982 to John J. and Susan M. Herda completely disallowing all of their Crowne Oil and Dillon Oil deductions for 1981 and 1982, as applicable, and asserting resultant deficiencies for 1981 and 1982. [PEx:1 p. 9]

15. A Tax Court case was filed at docket no. 22573-88 to contest the Crowne Oil and Dillon Oil related 1981 and 1982 deficiencies asserted against John J. and Susan M. Herda, among others. [PEx:1]

16. On July 10, 1989 the IRS issued an FPAA proposing to adjust the partnership items of Crowne Oil for 1985. [PEx:4 p. 92]

17. A TEFRA partnership-level case was filed in the Tax Court at docket no. 24725-89 to contest the partnership item adjustments proposed by the IRS in the 1985 Crowne Oil FPAA. [PEx:4]

18. John J. Herda was a party to each of the Tax Court cases (docket nos. 21530-87, 16768-88, 22573-88, and 24725-89) based on his Crowne Oil and Dillon Oil partnership investments, as applicable.

19. Susan M. Herda was a party to each of the Tax Court cases (docket nos. 21530-87, 16768-88, 22573-88, and 24725-89) only because she filed joint tax returns with her husband for the relevant years.

20. In 1990 John J.Herda received Substitute Schedules K-1 from Crowne Oil and Dillon Oil which purported to show that he was entitled to deduct losses in 1990 based on each: $16,310 for Crowne Oil and $7,949 for Dillon Oil. [PEx:19 p. 182, 184]

21. John J. and Susan M. Herda attached both of the 1990 Substitute Schedules K-1 to their 1990 tax return but did not take any deductions related to Crowne Oil or Dillon Oil. [PEx:19 p. 181]

22. On March 4, 1997 and June 15, 1998 the IRS wrote to John J. and Susan M. Herda, via their attorney, reiterating that the IRS would settle the Elektra related partnership cases only "on the basis of the Krause decision," *i.e.* "[n]o deductions of any kind are allowable from the partnerships . . . ." [PEx:12; 13]

23. In 2001 a decision was entered in Tax Court case no. 22573-88 disallowing all of John J. and Susan M. Herdas' 1981 and 1982 Crowne Oil and Dillon Oil related deductions. [PEx:5]

24. Also in 2001, John J. and Susan M. Herda settled their disputed 1983, 1984, and 1985 partnership items with the IRS; on Forms 870-L(AD) for Crowne Oil (1983, 1984, and 1985) and Dillon Oil (1983), and on Forms 870-P(AD) for Dillon Oil (1984 and 1985).[2] [PEx:6; 7; 8; 9; 10; 11]

25. The 1983, 1984, and 1985 settlements completely disallowed all of John J. and Susan M. Herdas' Crowne Oil and Dillon Oil deductions for those tax years. [PEx:6; 7; 8; 9; 10; 11; 12; 13]

26. John J. and Susan M. Herda then filed a Form 1040X claim for refund with the IRS for tax year 1990 in the amount of $23,945.00. [PEx:14]

27. As the basis for their 1990 refund John J. and Susan M. Herda asserted that

> As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis adjustment in the partnership interest and a resulting loss upon the worthlessness and termination of the partners' partnership interest in 1990, which losses are the basis of this claim for refund.
>
> The taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit "A." The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.
>
> Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss, but in that case the taxpayers request an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.
>
> Basis adjustment and loss recognized based on above explanation:
>
> | | |
> |---|---|
> | Dillon Oil | $37,500 |
> | Crowne Oil | $37,500 |

---

[2] For purposes of the Plaintiffs' Motion for Summary Judgment there is no substantive difference between the use of a Form 87-L(AD) and the use of a Form 870-P(AD) because both settled the relevant disputed partnership items.

The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

This claim also constitutes the taxpayers' protective request that if the refunds are not directly applied to the taxpayers' outstanding liability the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

[PEx:14 p. 152]

**Facts Specific to Nicholas Herda and Jodi Lynn Herda**

28. Nicholas Herda was a limited partner in Crowne Oil for tax years 1981, 1982, 1983, 1984, and 1985. [PEx:27; 30 p. 236-237]

29. Nicholas Herda was a limited partner in Dillon Oil for tax years 1982, 1983, 1984, and 1985. [PEx:28; 29 pp. 226-227]

30. Nicholas invested cash in his partnership interests as follows:

| PARTNERSHIP | TAX YEAR | CASH INVESTED | |
|---|---|---|---|
| Crowne Oil | 1981 | $12,500 | [PEx:22; 26; 30 p. 235] |
| | 1982 | $12,500 | [PEx:23; 30 p. 235, 238] |
| | 1983 | $12,500 | [PEx:24; 25; 30 pp. 235, 239] |
| Dillon Oil | 1982 | $12,500 | [PEx:29 p. 225] |
| | 1983 | $12,500 | [PEx:29 pp. 25, 228] |
| | 1984 | $12,500 | [PEx:21; 29 p. 229] |

31. Nicholas Herda claimed deductions on his 1981, 1982, 1983, 1984, and 1985 tax returns for his proportionate share of losses related to his Crowne Oil investment.

32. Nicholas Herda claimed deductions on his 1982, 1983, 1984, and 1985 tax returns for his proportionate share of losses related to his Dillon Oil investment.

33. Nicholas Herda did not claim any Crowne Oil or Dillon Oil related deductions for any tax years after 1985. [PEx:31 p. 243; 32 p. 247; 33 p. 251; 34 p. 256; 35 p. 260; 36 p. 271]

34. On April 15, 1987 the IRS issued two FPAA for tax year 1983, one for Crowne Oil and one for Dillon Oil. [PEx:2]

35. A consolidated TEFRA partnership-level case was filed in the Tax Court at docket no. 21530-87 to contest the 1983 partnership item adjustments proposed by the IRS in the FPAAs to, among others, Crowne Oil and Dillon Oil. [PEx:2]

36. On April 11, 1988 the IRS issued an FPAA proposing to adjust the partnership items of Dillon Oil for 1984 and 1985. [PEx:3 p. 58]

37. On April 12, 1988 the IRS issued an FPAA proposing to adjust the partnership items of Crowne Oil for 1984. [PEx:3 p. 73]

38. A consolidated TEFRA partnership-level case was filed in the Tax Court at docket no. 16768-88 to contest the partnership item adjustments proposed by the IRS in the FPAAs to, among others, Crowne Oil (for 1984) and Dillon Oil (for 1984 and 1985). [PEx:3]

39. On November 5, 1987 the IRS issued a Notice of Deficiency for tax years 1981 and 1982 to Nicholas Herda completely disallowing all of his Crowne Oil and Dillon Oil deductions for 1981 and 1982, as applicable. [PEx:37]

40. A Tax Court case was filed at docket no. 39856-87 to contest the Crowne Oil and Dillon Oil related 1981 and 1982 deficiencies asserted against Nicholas Herda, among others. [PEx:38]

41. On July 10, 1989 the IRS issued an FPAA proposing to adjust the partnership items of Crowne Oil for 1985. [PEx:4 p. 92]

42. A TEFRA partnership-level case was filed in the Tax Court at docket no. 24725-89 to contest the partnership item adjustments proposed by the IRS in the 1985 Crowne Oil FPAA.

[PEx:4]

43. Nicholas Herda was a party to each of the Tax Court cases (docket nos. 21530-87, 16768-88, 39856-87, and 24725-89) based on his Crowne Oil and Dillon Oil partnership investments, as applicable.

44. Brenda J. Herda was a party to the Tax Court case at docket no. 39856-87 only because she filed joint tax return with her husband for the relevant years, but was divorced from Nicholas for 1982.

45. On June 15, 1998 the IRS wrote to Nicholas Herda, via his attorney, reiterating that the IRS would settle the Elektra related partnership cases only on the basis of the Krause decision, *i.e.* "[n]o deductions of any kind are allowable from the partnerships . . . ." [PEx:12; 13]

46. In 2001 a decision was entered in Tax Court case no. 39856-87 upholding the disallowance of all of Nicholas Herda's 1981 and 1982 Crowne Oil and Dillon Oil related deductions. [PEx:39]

47. In 1990 Nicholas received Substitute Schedules K-1 from Crowne Oil which purported to show that he was entitled to deduct losses in 1990 of $16,310. [PEx:35 p. 266]

48. Nicholas Herda attached the 1990 Substitute Schedule K-1 for Crowne Oil to his 1990 tax return but did not take any deductions related to Crowne Oil or Dillon Oil. [PEx:35 p. 260]

49. Also in 2001, Nicholas Herda settled his disputed 1983, 1984, and 1985 partnership items with the IRS; on Forms 870-L(AD) for Crowne Oil (1983, 1984, and 1985) and Dillon Oil (1983), and on Forms 870-P(AD) for Dillon Oil (1984 and 1985). [PEx:40; 41; 42; 43; 44; 45]

50. The 1983, 1984, and 1985 settlements completely disallowed all of John J. and Susan M. Herdas' Crowne Oil and Dillon Oil deductions for those tax years. [PEx:40; 41; 42; 43; 44;

45]

51. Nicholas Herda then filed a Form 1040X claim for refund with the IRS for tax year 1990 in the amount of $22,700.00. [PEx:46 p. 335]

52. As the basis for their 1990 refund Nicholas Herda asserted that

> As a direct consequence of the adjustments to the partnership items of this partnership, there was a substantial basis adjustment in the partnership interest and a resulting loss upon the worthlessness and termination of the partners' partnership interest in 1990, which losses are the basis of this claim for refund.
>
> The taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit "A." The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.
>
> Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss, but in that case the taxpayers request an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.
>
> Basis adjustment and loss recognized based on above explanation:
>
> | | |
> |---|---|
> | Dillon Oil | $37,500 |
> | Crowne Oil | $37,500 |
>
> The increase in the basis in the partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.
>
> This claim also constitutes the taxpayers' protective request that if the refunds are not directly applied to the taxpayers' outstanding liability the Secretary apply §6621(d) to such period. To the extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

[PEx:46 p. 334]

53. Jodi Lynn Herda was not a party to any of the Tax Court proceedings because she was not married to Nicholas Herda for any of those relevant tax years. She is a party to this proceeding only because she was married to and filed a joint income tax return with Nicholas Herda in 1990, the tax year in which the refund is requested.

Respectfully submitted,

/s/ Thomas E. Redding

Thomas E. Redding, Attorney of Record
Sallie W. Gladney
Teresa J. Womack
REDDING & ASSOCIATES, P.C.
2914 West T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 Fax
Attorneys for Plaintiffs John Herda, Margaret Herda, John J. Herda, Susan M. Herda, Nicholas Herda, and Jodi Lynn Herda

| Plaintiffs' Exhibits | Document | Bates No. |
|---|---|---|
| 1 | Relevant Excerpts from the Petition filed in *Dresser, et. al v. Commissioner*, Tax Court Docket No. 22573-88 | 0001-0027 |
| 2 | Relevant Excerpts from the Petition for *Vulcan Oil Technology Partners, et. al v. Commissioner*, Tax Court Docket No. 21530-87 | 0028-0049 |
| 3 | Relevant Excerpts from the Petition for *Vulcan Oil Technology Partners, et al. v. Commissioner*, Tax Court Docket No. 16768-88 | 0050-0084 |
| 4 | Petition for *Crowne Oil Technology Partners v. Commissioner*, Tax Court Docket No. 24725-89 | 0085-0110 |
| 5 | Decision filed in *Dresser, et. al v. Commissioner*, Tax Court Docket No. 22573-88 | 0111-0114 |
| 6 | 1983 Form 870-L(AD) Settlement Agreement for John J. and Susan M. Herda for Crowne Oil | 0115-0120 |
| 7 | 1984 Form 870-L(AD) Settlement Agreement for John J. and Susan M. Herda for Crowne Oil | 0121-0125 |
| 8 | 1985 Form 870-L(AD) Settlement Agreement for John J. and Susan M. Herda for Crowne Oil | 0126-0130 |
| 9 | 1983 Form 870-L(AD) Settlement Agreement for John J. and Susan M. Herda for Dillon Oil | 0131-0134 |
| 10 | 1984 Form 870-P(AD) Settlement Agreement for John J. and Susan M. Herda for Dillon Oil | 0135-0138 |
| 11 | 1985 Form 870-P(AD) Settlement Agreement for John J. and Susan M. Herda for Dillon Oil | 0139-0142 |
| 12 | Letter Dated March 4, 1997 from IRS Appeals Officer Elizabeth M. Johnson to Thomas E. Redding | 0143 |
| 13 | Letter Dated June 15, 1998 from IRS Appeals Officer Elizabeth M. Johnson to Thomas E. Redding | 0144-0145 |
| 14 | 1990 Form 1040X Refund Claim filed by John J. and Susan M. Herda | 0146-0156 |
| 15 | Relevant Excerpts from 1986 Form 1040 for John J. and Susan M. Herda | 0157-0161 |
| 16 | Relevant Excerpts from 1987 Form 1040 for John J. and Susan M. Herda | 0162-0166 |
| 17 | Relevant Excerpts from 1988 Form 1040 for John J. and Susan M. Herda | 0167-0173 |
| 18 | Relevant Excerpts from 1989 Form 1040 for John J. and Susan M. Herda | 0174-0177 |
| 19 | 1990 Form 1040 for John J. and Susan M. Herda | 0178-0194 |
| 20 | Relevant Excerpts from 1991 Form 1040 for John J. and Susan M. Herda | 0195-0208 |
| 21 | Negotiable Promissory Note in the amount of $12,500.00 for Nicholas Herda re: Dillon Oil Marked Paid on February 17, 1984 | 0209 |
| 22 | Letter Dated December 12, 1981 from Louis Coppage to Nicholas Herda | 0210 |
| 23 | Negotiable Promissory Note in the amount of $12,500.00 for Nicholas Herda re: Crowne Oil Marked Paid on May 3, 19__ | 0211 |
| 24 | Negotiable Promissory Note in the amount of $12,500.00 for Nicholas Herda re: Crowne Oil Marked Paid on April 18, 1983 | 0212 |
| 25 | Letter Dated March 15, 1983 from Crowne Oil to Nicholas Herda | 0213 |

| Plaintiffs' Exhibits | Document | Bates No. |
|---|---|---|
| 26 | Letter Dated December 31, 1981 from Louis Coppage and James Cunningham to Nicholas Herda | 0214 |
| 27 | Signed Certificate of Beneficial Interest No. 015 in Crowne Oil Dated December 31, 1981, for Nicholas Herda | 0215 |
| 28 | Signed Certificate of Beneficial Interest No. 114 in Dillon Oil Dated December 31, 1982, for Nicholas Herda | 0216 |
| 29 | Signed Confidential Prospective Offeree Questionnaire for Nicholas Herda re: Dillon Oil | 0217-0229 |
| 30 | Signed Confidential Prospective Offeree Questionnaire for Nicholas Herda re: Crowne Oil | 0230-0239 |
| 31 | Relevant Excerpts from 1986 Form 1040 for Nicholas and Jodi Lynn Herda | 0240-0243 |
| 32 | Relevant Excerpts from 1987 Form 1040 for Nicholas and Jodi Lynn Herda | 0244-0148 |
| 33 | Relevant Excerpts from 1988 Form 1040 for Nicholas and Jodi Lynn Herda | 0249-0252 |
| 34 | Relevant Excerpts from 1989 Form 1040 for Nicholas and Jodi Lynn Herda | 0253-0256 |
| 35 | Relevant Excerpts from 1990 Form 1040 for Nicholas and Jodi Lynn Herda | 0257-0268 |
| 36 | Relevant Excerpts from 1991 Form 1040 for Nicholas Herda | 0269-0277 |
| 37 | 1981 and 1982 Notice of Deficiency Dated November 5, 1987, for Nicholas Herda | 0278-0293 |
| 38 | Relevant Excerpts from the Petition filed in *Willetts, et. al v. Commissioner*, Tax Court Docket No. 39856-87 | 0294-0301 |
| 39 | Decision filed in *Willets, et. al v. Commissioner*, Tax Court Docket No. 39856-87 | 0302-0304 |
| 40 | 1983 Form 870-L(AD) Settlement Agreement for Nicholas Herda for Crowne Oil | 0305-0309 |
| 41 | 1984 Form 870-L(AD) Settlement Agreement for Nicholas Herda for Crowne Oil | 0310-0314 |
| 42 | 1985 Form 870-L(AD) Settlement Agreement for Nicholas Herda for Crowne Oil | 0315-0319 |
| 43 | 1983 Form 870-L(AD) Settlement Agreement for Nicholas Herda for Dillon Oil | 0320-0323 |
| 44 | 1984 Form 870-P(AD) Settlement Agreement for Nicholas Herda for Dillon Oil | 0324-0328 |
| 45 | 1985 Form 870-P(AD) Settlement Agreement for Nicholas Herda for Dillon Oil | 0329-0333 |

| Plaintiffs' Exhibits | Document | Bates No. |
|---|---|---|
| 46 | 1990 Form 1040X Refund Claim filed by Nicholas and Jodi Lynn Herda | 0334-0341 |
| 47 | Affidavit of John J. Herda | 0342 |