SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS
(CONTINUED) DETAIL OF ADJUSTMENTS FOR
DILLON OIL TECHNOLOGY PARTNERS-82 84-0862763

l. Investment Income for Investment Interest Expense:

| | 1984 | 1985 |
|---|---|---|
| Reported | $4,820,046 | $4,413,085 |
| Corrected | 0 | 0 |
| Adjustment | $4,820,046 | $4,413,085 |

m. Ordinary Income (loss):

| | 1984 | 1985 |
|---|---|---|
| Reported | $(18,974,297) | $(1,613,223) |
| Corrected | 5,115,210 | 4,629,662 |
| Adjustment | $ 23,089,507 | $ 6,242,885 |

# Department of the Treasury - Internal Revenue Service
## Examination Changes - Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations

| Name and Address | EI Number | Form Number |
|---|---|---|
| Dillon Oil<br>Technology Partners<br>The Claridge House<br>109 N. Mid-America Mall<br>Memphis, TN 38103 | 84-0862763 | 1065 |
| | Person Examination Changes Were Discussed With: Louis Coppage | |

My examination of the above returns resulted in the following adjustments, which we have discussed. We will notify you by mail after the District Director has reviewed these adjustments.

| 1. Adjustments to ordinary distributable net, or taxable income. | Year: 1984 | Year: 1985 | Year: |
|---|---|---|---|
| Deductions | $23,643,396 | $5,872,439 | |
| Partnership Losses | $446,111 | $229,549 | |
| Loss on Investments | $0 | $140,897 | |
| 2. Total Adjustments | $24,089,507 | $6,242,885 | 0.00 |
| 3. Ordinary, taxable income reported | ($18,974,297) | ($1,613,223) | |
| 4. Corrected ordinary, taxable income. | $5,115,210 | $4,629,662 | $0.00 |
| 5. Other Adjustments | | | |
| a.(1) Adjustment<br>(2) As Reported<br>(3) Corrected | See Attachment | See Attachment | |
| b.(1) Adjustment<br>(2) As Reported<br>(3) Corrected | | | |

Remarks

| Examiner's Signature | District | Date |
|---|---|---|
| | Denver | |

Substitute FORM 4605-A (Rev. 7-80)

0062

Dillon Oil Technology Partners
1984, 1985-1055
Other Adjustments

| | | 1984 | 1985 |
|---|---|---|---|
| Item 5a. | Net earnings (loss) from self-employment | | |
| | Adjustment | $118,972 | $30,132 |
| | As Reported | ($21,039) | $67,801 |
| | Corrected | $97,933 | $97,933 |
| Item 5b. | Gross income from oil, gas and geo-thermal wells * | | |
| | Adjustment | $1,115,744 | $1,113,815 |
| | As Reported | $1,115,744 | $1,113,815 |
| | Corrected | $0 | $0 |
| Item 5c. | Deductions allocable to oil, gas and geo-thermal wells * | | |
| | Adjustment | $1,266,691 | $1,137,599 |
| | As Reported | $1,266,691 | $1,137,599 |
| | Corrected | $0 | $0 |
| Item 5d. | Qualified Investment Income * | | |
| | Adjustment | $4,771,845 | $4,368,954 |
| | As Reported | $4,771,845 | $4,368,954 |
| | Corrected | $0 | $0 |
| Item 5e. | Qualified Investment Expense * | | |
| | Adjustment | $23,556,400 | $5,966,045 |
| | As Reported | $23,556,400 | $5,966,045 |
| | Corrected | $0 | $0 |
| Item 5f. | Basis of new recovery property eligible for ITC-3 year (48q) | | |
| | Adjustment | $8,246 | $0 |
| | As Reported | $8,246 | $0 |
| | Corrected | $0 | $0 |
| Item 5g. | Basis of new recovery property eligible for ITC-other (48q) | | |
| | Adjustment | $90,863 | $294,423 |
| | As Reported | $90,863 | $294,423 |
| | Corrected | $0 | $0 |
| Item 5h. | Basis of used recovery property eligible for ITC-other (48q) | | |
| | Adjustment | $0 | $20,155 |
| | As Reported | $0 | $20,155 |
| | Corrected | $0 | $0 |

# Dillon Oil Technology Partners
## 1984, 1985-1985
## Other Adjustments

| | | | |
|---|---|---|---|
| Item 5i. | Cost Depletion Oil and gas | | |
| | Adjustment | $164,277 | $237,837 |
| | As Reported | $164,277 | $237,837 |
| | Corrected | $0 | $0 |
| Item 5j. | Oil & Gas Depletion to the extent of basis | | |
| | Adjustment | $164,277 | $237,837 |
| | As Reported | $164,277 | $237,837 |
| | Corrected | $0 | $0 |
| Item 5k. | Intangible Drilling Costs * | | |
| | Adjustment | $35,818 | $10,813 |
| | As Reported | $35,818 | $10,813 |
| | Corrected | $0 | $0 |
| Item 5l. | Investment Interest Income | | |
| | Adjustment | $4,820,046 | $4,413,085 |
| | As Reported | $4,820,046 | $4,413,085 |
| | Corrected | $0 | $0 |
| Item 5m. | Ordinary Income (loss) | | |
| | Adjustment | $23,089,507 | $6,242,885 |
| | As Reported | ($18,974,297) | ($1,613,223) |
| | Corrected | $5,115,210 | $4,629,662 |

* Tax Preference Items

Statement
Schedule 2

Explanation of Adjustments
Dillon Oil Technology Partners - 1982
Partnership Years Ended December 31, 1984 and December 31, 1985

1. It is determined that the deductions, reported by Dillon Oil Technology Partners - 1982 (A TEFRA Partnership) on its 1984 and 1985 partnership income tax returns in the amounts of $23,643,396 for 1984 and $5,872,439 for 1985 (See Exhibit A) are disallowed for the following reasons:

(a) It has not been established that the underlying events, transactions and expenditures occurred in fact or in substance;

(b) It has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit;

(c) It has not been established that the claimed deductions do not materially distort income;

(d) It has not been established that the stated prices of the technology license and the various extraction rights do not exceed the actual cost to the partnership for those items. Thus, the deductions based thereon are disallowed since it has not been established that they have economic reality.

(e) It has not been established that the notes executed by the partners in favor of the partnership are recourse, are not contingent, are not speculative and have economic substance.

Furthermore, the claimed deductions are not allowed because it has not been established that they were derived from expenditures which:

(a) Were incurred after the commencement of a business activity;

(b) Qualify as ordinary and necessary business expenses of the partnership or expenses incurred by the partnership for the production of income;

(c) Were properly accrued by the partnership;

(d) Were incurred by the partnership in connection with the purpose designated by the partnership; and

(e) Were not capital in nature.

Statement
Schedule 2

Explanation of Adjustments
Dillon Oil Technology Partners -82
Partnership Years Ended December 31, 1984 and December 31, 1985

1. (Cont'd)

In addition, it has not been shown:

(a) That the entity from which the partnership purportedly licensed a technology portfolio had any rights to such property which could be licensed;

(b) What the fair market value of the purported technology license is, and that the purported price of the license to the partnership, did not unreasonably exceed the fair market value of such license;

(c) What the fair market value of the extraction rights to the Parker Fields is, and that the purported price of such extraction rights to the partnership, did not unreasonably exceed the fair market value of such rights.

In addition, it has not been established that license fees claimed by the partnership for the tax year ended December 31, 1984 qualify as research and experimental expenditures under Internal Revenue Code Section 174.

Additionally, the deductions are not allowable because they have not been adequately substantiated as to amount or the nature of the deduction.

Additionally, the deductions are disallowed because there was no response received to requests to provide documents and other information to support the claimed deductions. Because of this, it could not be established which deductions were proper or what the proper amounts of the deductions should be.

Furthermore, it has not been established that the partners were at risk within the meaning of Internal Revenue Code Section 465 for any amounts in excess of those actually paid in cash to the partnership. Thus it has not been established that the partnership losses are not in excess of the partners' adjusted basis.

Explanation of Adjustments
Dillon Oil Technology Partners - 1982
Partnership Years Ended December 31, 1984 and December 31, 1985

---

2. It is determined that your ordinary income from partnerships and fiduciaries for the tax year ended December 31, 1984 is $ 295,164 instead of the amount reported of ($150,947) (See Exhibit B) because it has not been established that you incurred deductible losses for the year 1984 from Utah Heavy Oil Project JV in which you claim to own an interest.

It is further determined that your ordinary income from partnerships and fiduciaries for the tax year ended December 31, 1985 is $216,577 instead of the amount reported of ($12,972) (See Exhibit C) because it has not been established that you incurred deductible losses from Oil Technology Group-Castaic Hills and Utah Heavy Oil Project JV in which you claim to own an interest.

It has not been established that if Utah Heavy Oil Project JV and Oil Technology Group-Castaic Hills did have a loss for the taxable years, that any portion of such loss would be properly allocated to you. In addition it has not been established that you have sufficient basis in the partnerships to claim the loss reported on the 1984 and 1985 income tax returns or that you were at risk within the meaning of Internal Revenue Code Section 465 with respect to any amounts. Accordingly, it is determined that your partnership income is $295,164 instead of the amount reported of ($150,947) for the tax year ended December 31, 1984 and $216,577 instead of the amount reported of ($12,972) for the tax year ended December 31, 1985.

3. With respect to the deduction for loss on investments, in addition to the explanation in 1 and 2 above, it is determined that the loss on investment reported by Dillon Oil Technology Partnership-1982 on its 1985 income tax return in the amount of $(140,897) is disallowed because it has not been established:

(a) that the loss was bonafide;
(b) that the taxpayer had a basis in such property;
(c) that a loss was sustained during the year or properly accrued by the partnership;

4. With respect to distributive share items it has been determined for the reasons stated above in explanation 1 that:

(a) net earnings from self-employment for the tax years 1984 and 1985 is $97,933 and $97,933 respectfully, as recomputed without regard to any distributive share of income or loss;

0067

Statement
Schedule 2

Explanation of Adjustments
Dillon Oil Technology Partners - 1982
Partnership Years Ended December 31, 1984 and December 31, 1985

---

4. (Cont'd)

(b) gross income from oil, gas and geothermal properties for tax preference items is -0- for the tax years 1984 and 1985.

(c) deductions allocable to oil, gas and geothermal properties for tax preference items is -0- for the tax years 1984 and 1985;

(d) qualified investment income for tax preference items is -0- for the tax years 1984 and 1985;

(e) qualified investment expense for tax preference items is -0- for the tax years 1984 and 1985;

(f) basis of new and used recovery property eligible for investment tax credit is -0- for the tax years 1984 and 1985;

With respect to the distributive share item, basis of new and used recovery property eligible for investment tax credit, in addition to the explanation in 1 and 4 above, it was determined that the distributive share amounts are -0- because it has not been established:

(1) that the property was investment credit property as defined in section 48 of the Internal Revenue Code;

(2) that the taxpayer had a basis in such property.

(g) intangible drilling cost is -0- for the tax years 1984 and 1985;

(h) oil and gas depletion and cost depletion is -0- for the tax years 1984 and 1985.

Explaination of Adjustments
Dillon Oil Technology Partners
Partnership Years Ended December 31, 1984 and December 31, 1985

4. (Cont'd)

(i) Investment income for investment interest expense is -0- for the tax year 1984 and 1985.

(j) Ordinary income (loss) is $5,115,210 for tax year 1984 and $4,629,662 for tax year 1985.

| FORM 886-A (Rev. May 1980) | Department of the Treasury Internal Revenue Service EXPLANATION OF ITEMS | Schedule No. or Exhibit EXHIBIT A |
|---|---|---|
| Name of Taxpayer<br>Dillon Oil Technology Partners | | Year/Period Ended<br>December 31, 1984<br>December 31, 1985 |

| | AMOUNT PER RETURN | AMOUNT PER EXAMINATION | ADJUSTMENT |
|---|---|---|---|
| | | 1984 | |
| Interest expense | $ 3,670,203 | $0 | $ 3,670,203 |
| Accounting | 27,292 | 0 | 27,292 |
| Other Expenses | 1,300 | 0 | 1,300 |
| Legal | 72,910 | 0 | 72,910 |
| Consulting | 30,400 | 0 | 30,400 |
| Amortization | 58,760 | 0 | 58,760 |
| Guaranteed Payments | 97,933 | 0 | 97,933 |
| Overhead | 97,933 | 0 | 97,933 |
| License Fees | 19,586,665 | 0 | 19,586,665 |
| Total | $23,643,396 | $0 | $23,643,396 |
| | | 1985 | |
| Interest expense | $5,529,262 | $0 | $5,529,262 |
| Accounting | 23,289 | 0 | 23,289 |
| Other Expenses | 490 | 0 | 490 |
| Legal | 55,029 | 0 | 55,029 |
| Consulting | 3,200 | 0 | 3,200 |
| Amortization | 58,760 | 0 | 58,760 |
| Guaranteed Payments | 97,933 | 0 | 97,933 |
| Overhead | 97,933 | 0 | 97,933 |
| Office Supplies | 4,649 | 0 | 4,649 |
| Lodging/meals | 254 | 0 | 254 |
| Travel | 1,640 | 0 | 1,640 |
| Total | $5,872,439 | $0 | $5,872,439 |

0070

EXHIBIT B

SCHEDULE OF PARTNERSHIP INCOME (LOSS)
DILLON OIL TECHNOLOGY PARTNERS - 1982
PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1984

| | AMOUNT PER RETURN | CORRECT AMOUNT | ADJUSTMENT |
|---|---|---|---|
| Illinois Basin JV | $ 189,367.00 | $ 189,367.00 | $ 0.00 |
| Castaic Hills JV | 53,097.00 | 53,097.00 | 0.00 |
| San Antonio JV | 52,700.00 | 52,700.00 | 0.00 |
| Utah Heavy Oil Project JV | (446,111.00) | 0.00 | 446,111.00 |
| Total | $ (150.947.00) | $ 295,164.00 | $ 446,111.00 |

The losses disallowed are being disallowed as nonpartnership items. Partnership item adjustments are not reflected since these can only be adjusted under TEFRA proceedings pursuant to the provisions of IRC section 6221 thru 6233.

EXHIBIT C

SCHEDULE OF PARTNERSHIP INCOME (LOSS)
DILLON OIL TECHNOLOGY PARTNERS - 1982
PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1985

| | AMOUNT PER RETURN | CORRECT AMOUNT | ADJUSTMENT |
|---|---|---|---|
| Illinois Basin JV | $ 214,207.00 | $ 214,207.00 | $ 0.00 |
| Castaic Hills JV | ( 66,293.00) | 0.00 | 66,293.00 |
| San Antonio JV | 2,370.00 | 2,370.00 | 0.00 |
| Utah Heavy Oil Project JV | (163,256.00) | 0.00 | 163,256.00 |
| Total | $ ( 12,972.00) | $ 216,577.00 | $ 229,549.00 |

The losses disallowed are being disallowed as nonpartnership items. Partnership item adjustments are not reflected since these can only be adjusted under TEFRA proceedings pursuant to the provisions of IRC section 6221 thru 6233.

Internal Revenue Service
District Director

Department of the Treasury

1303023

Date: APR 12 1988

Name of Partnership:
Crowne Oil Technology
Taxpayer Identifying Number:
84-0858166
Tax Year Ended:
December 31, 1984
Date FPAA Mailed to Tax Matters Partner:
APR 12 1988
Person to Contact:
Notice Clerk
Contact Telephone Number:
(303) 844-5934

American Energy Resources, Inc., TMP
Crowne Oil Technology
The Claridge House
109 N. Mid-America Mall
Memphis, TN 38103

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

We have determined that there are adjustments to the partnership return as shown on the attached schedule of adjustments, Form 870-P, Settlement Agreement for Partnership Adjustments. This letter is the notice of Final Partnership Administrative Adjustment (FPAA).

If you want to enter into a binding settlement to treat partnership items consistently with the treatment of the items on the partnership return as modified by the FPAA, sign and return the enclosed Form 870-P. If the Commissioner accepts your offer of settlement, the treatment of partnership items under the settlement will be binding and will not be affected by any later judicial determination.

If you are the tax matters partner (the partnership representative who deals with IRS) and want to contest these adjustments in court, you have 90 days from the date this letter was mailed to file a petition for a readjustment of the partnership items with the United States Tax Court, the United States Claims Court, or the District Court of the United States for the district in which the partnership's principal place of business is located. During this 90-day period, no other partner may file a petition for judicial review and the filing of a petition by the tax matters partner precludes all other actions.

If the tax matters partner has NOT filed a petition by the 90th day from the date the FPAA was mailed, any other partner entitled to receive this notice under section 6223 of the Internal Revenue Code (or any group of partners who together have an interest of 5 percent or more in the profits of the partnership (5-percent group)) may petition one of these courts after the 90th day, but on or before the 150th day, from the date the FPAA was mailed to the tax matters partner. Only one petition to the court is allowed. If more than one petition is filed, the first petition filed in the Tax Court will go forward. All other petitions (even those filed earlier) will be dismissed. If no petition is filed in the Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to 400 Second Street, N.W., Washington, D.C. 20217. Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court cannot consider your case if your petition is filed late. If this letter is addressed to both a husband and wife, and both want to petition the Tax Court, both must sign the petition or each must file a separate, signed petition.

Department of the Treasury – Internal Revenue Service

# Settlement Agreement for Partnership Adjustments

## SCHEDULE OF ADJUSTMENTS

NAME OF PARTNERSHIP Crowne Oil Technology

TAXPAYER IDENTIFYING NUMBER 84-0858166

TAX YEAR ENDED: December 31 1984

| DETAIL OF ADJUSTMENTS To Ordinary Income: | December 31 1984 | | |
|---|---|---|---|
| Deductions | $7,716,403 | | |
| Partnership Losses | 139,410 | | |

Detail of Adjustments To Distributive Share Items (Other Adjustments):

a. Net Earnings (Loss) from Self-Employment:

| | 1984 |
|---|---|
| Reported | ($ 38,818.00) |
| Corrected | -0- |
| Adjustment | $ 38,818.00 |

b. Gross Income from Oil, Gas and Geothermal Properties – Tax Preference Item:

| | 1984 |
|---|---|
| Reported | $ 348,670.00 |
| Corrected | -0- |
| Adjustment | $ 348,670.00 |

c. Deductions Allocable to Oil, Gas and Geothermal Properties – Tax Preference Item:

| | 1984 |
|---|---|
| Reported | $ 398,300.00 |
| Corrected | -0- |
| Adjustment | $ 398,300.00 |

d. Qualified Investment Income – Tax Preference Item:

| | 1984 |
|---|---|
| Reported | $ 0.00 |
| Corrected | 0.00 |
| Adjustment | $ 0.00 |

. Qualified Investment Expense – Tax Preference Item:

| | 1984 |
|---|---|
| Reported | $7,685,938.00 |
| Corrected | -0- |
| Adjustment | $7,685,938.00 |

. Ordinary Income (Loss):

| | 1984 |
|---|---|
| Reported | ($6,793,672.00) |
| Corrected | 1,062,141.00 |
| Adjustment | $7,855,813.00 |

DISTRIBUTIVE SHARE ITEMS (OTHER ADJUSTMENTS) CONTINUED TO FOLLOWING PAGE.



TOTAL ADJUSTMENTS To Ordinary Income $7,855,813

SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS
(CONTINUED) DETAIL OF ADJUSTMENTS FOR
CROWNE OIL TECHNOLOGY 84-0858166

g. Unadjusted Basis of New (Other) Recovery Property Eligible for Investment Tax Credit - (Before Reduction for IRC 48(q) and Applicable Percentage)

| | | 1984 |
|---|---|---|
| Reported | $ | (28,395) |
| Corrected | | 0 |
| Adjustment | $ | 28,395 |

h. Unadjusted Basis of New 3 Year Recovery Property Eligible for Investment Tax Credit - (Before Reduction for IRC 48(q) and Applicable Percentage)

| | | 1984 |
|---|---|---|
| Reported | $ | 2,577 |
| Corrected | | 0 |
| Adjustment | $ | 2,577 |

i. Oil and Gas Depletion To the Extent of Basis

| | | 1984 |
|---|---|---|
| Reported | $ | 51,336 |
| Corrected | | 0 |
| Adjustment | $ | 51,336 |

j. Cost Depletion Oil and Gas

| | | 1984 |
|---|---|---|
| Reported | $ | 51,336 |
| Corrected | | 0 |
| Adjustment | $ | 51,336 |

k. Intangible Drilling Costs

| | | 1984 |
|---|---|---|
| Reported | $ | 11,193 |
| Corrected | | 0 |
| Adjustment | $ | 11,193 |

l. Investment Income for Investment Interest Expense

| | | 1984 |
|---|---|---|
| Reported | $ | 969,902 |
| Corrected | | 0 |
| Adjustment | $ | 969,902 |

Department of the Treasury - Internal Revenue Service
Examination Changes - Partnerships, Fiduciaries, Small Business
Corporations, and Domestic International Sales Corporations

| Name and Address | EI Number | Form Number |
|---|---|---|
| Crowne Oil<br>Technology Partners<br>The Claridge House<br>109 N. Mid-America Mall<br>Memphis, TN 38103 | 84-0858166 | 1065 |
| | Person Examination Changes Were Discussed With: Louis Coppage | |

My examination of the above returns resulted in the following adjustments, which we have discussed. We will notify you by mail after the District Director has reviewed these adjustments.

| 1. Adjustments to ordinary distributable net, or taxable income. | Year: 1984 | Year: | Year: |
|---|---|---|---|
| Deductions | $7,716,403 | | |
| Partnership Losses | $139,410 | | |
| 2. Total Adjustments | $7,855,813 | $0 | 0.00 |
| 3. Ordinary, taxable income reported | ($6,793,672) | $0 | |
| 4. Corrected ordinary, taxable income. | $1,062,141 | $0 | $0.00 |
| 5. Other Adjustments | | | |
| a.(1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | See Attachment | | |
| b.(1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks

| Examiner's Signature | District | Date |
|---|---|---|
| | Denver | |

Substitute FORM 4605-A (Rev. 7-80)

Crowne Oil Technology Partners
1984-1065
Other Adjustments

| | | 1984 |
|---|---|---|
| Item 5a. | Net earnings (loss) from self-employment | |
| | Adjustment | $38,818 |
| | As Reported | ($38,818) |
| | Corrected | $0 |
| Item 5b. | Gross income from oil, gas and geo-thermal wells * | |
| | Adjustment | $348,670 |
| | As Reported | $348,670 |
| | Corrected | $0 |
| Item 5c. | Deductions allocable to oil, gas and geo-thermal wells * | |
| | Adjustment | $398,300 |
| | As Reported | $398,300 |
| | Corrected | $0 |
| Item 5d. | Qualified Investment Income * | |
| | Adjustment | $0 |
| | As Reported | $0 |
| | Corrected | $0 |
| Item 5e. | Qualified Investment Expense * | |
| | Adjustment | $7,685,938 |
| | As Reported | $7,685,938 |
| | Corrected | $0 |
| Item 5f. | Basis of new recovery property eligible for ITC-3 yr. (48q) | |
| | Adjustment | $2,577 |
| | As Reported | $2,577 |
| | Corrected | $0 |
| Item 5g. | Basis of new recovery property eligible for ITC-other (48q) | |
| | Adjustment | $28,395 |
| | As Reported | $28,395 |
| | Corrected | $0 |
| Item 5h. | Cost Depletion Oil and gas | |
| | Adjustment | $51,336 |
| | As Reported | $51,336 |
| | Corrected | $0 |

Crowne Oil Technology Partners
1984-1065
Other Adjustments

| | | |
|---|---|---|
| Item 5i. | Oil & Gas Depletion to the extent of basis | |
| | Adjustment | $51,336 |
| | As Reported | $51,336 |
| | Corrected | $0 |
| Item 5j. | Intangible Drilling Costs * | |
| | Adjustment | $11,193 |
| | As Reported | $11,193 |
| | Corrected | $0 |
| Item 5k. | Investment Interest Income | |
| | Adjustment | $969,902 |
| | As Reported | $969,902 |
| | Corrected | $0 |
| Item 5l. | Ordinary Income (loss) | |
| | Adjustment | $7,855,813 |
| | As Reported | ($6,793,672) |
| | Corrected | $1,062,141 |

* Tax Preference Items

Statement
Schedule B

Explanation of Adjustments
Crowne Oil Technology
Partnership Year Ended December 31, 1984

1. It is determined that the deductions, reported by Crowne Oil Technology (A TEFRA Partnership) on its 1984 partnership income tax return in the amount of $7,716,403 (See Exhibit A) are disallowed for the following reasons:

(a) It has not been established that the underlying events, transactions and expenditures occurred in fact or in substance;

(b) It has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit;

(c) It has not been established that the claimed deductions do not materially distort income;

(d) It has not been established that the stated prices of the technology license and the various extraction rights do not exceed the actual cost to the partnership for those items. Thus, the deductions based thereon are disallowed since it has not been established that they have economic reality.

(e) It has not been established that the notes executed by the partners in favor of the partnership are recourse, are not contingent, are not speculative and have economic substance.

Furthermore, the claimed deductions are not allowed because it has not been established that they were derived from expenditures which:

(a) Were incurred after the commencement of a business activity;

(b) Qualify as ordinary and necessary business expenses of the partnership or expenses incurred by the partnership for the production of income;

(c) Were properly accrued by the partnership;

(d) Were incurred by the partnership in connection with the purpose designated by the partnership; and

(e) Were not capital in nature.

Schedule B

Explanation of Adjustments
Crowne Oil Technology
Partnership Year Ended December 31, 1984

1. (Cont'd)

In addition, it has not been shown:

(a) That the entity from which the partnership purportedly licensed a technology portfolio had any rights to such property which could be licensed;

(b) What the fair market value of the purported technology license is, and that the purported price of the license to the partnership, did not unreasonably exceed the fair market value of such license;

(c) What the fair market value of the extraction rights to the Parker Fields is, and that the purported price of such extraction rights to the partnership, did not unreasonably exceed the fair market value of such rights.

In addition, it has not been established that license fees claimed by the partnership for the tax year ended December 31, 1984 qualify as research and experimental expenditures under Internal Revenue Code Section 174.

Additionally, the deductions are not allowable because they have not been adequately substantiated as to amount or the nature of the deduction.

Additionally, the deductions are disallowed because there was no response received to requests to provide documents and other information to support the claimed deductions. Because of this, it could not be established which deductions were proper or what the proper amounts of the deductions should be.

Furthermore, it has not been established that the partners were at risk within the meaning of Internal Revenue Code Section 465 for any amounts in excess of those actually paid in cash to the partnership. Thus it has not been established that the partnership losses are not in excess of the partners' adjusted basis.