Statement
Schedule E

Explanation of Adjustments
Crowne Oil Technology
Partnership Year Ended December 31, 1984

---

2. It is determined that your ordinary income from partnerships and fiduciaries for the tax year ended December 31, 1984 is $ 92,239 instead of the amount reported of ($47,171) (See Exhibit B) because it has not been established that you incurred deductible losses for the year 1984 from Utah Heavy Oil Project JV in which you claim to own an interest.

It has not been established that if Utah Heavy Oil Project JV did have a loss for the taxable year, that any portion of such loss would be properly allocated to you. In addition it has not been established that you have sufficient basis in the partnerships to claim the loss reported on the 1984 income tax return or that you were at risk within the meaning of Internal Revenue Code Section 465 with respect to any amounts. Accordingly, it is determined that your partnership income is $92,239 instead of the amount reported of ($47,171) for the tax year ended December 31, 1984.

3. With respect to distributive share items it has been determined for the reasons stated above in explanation 1 that:

(a) net earnings from self-employment is $0 for the tax year 1984 as recomputed without regard to any distributive share of income or loss;

Statement
Schedule 2

Explanation of Adjustments
Crowne Oil Technology
Partnership Year Ended December 31, 1984

3. (Cont'd)

(b) gross income from oil, gas and geothermal properties for tax preference items is -0- for the tax year 1984;

(c) deductions allocable to oil, gas and geothermal properties for tax preference items is -0- for the tax year 1984:

(d) qualified investment income for tax preference items is -0- for the tax year 1984;

(e) qualified investment expense for tax preference items is -0- for the tax year 1984;

(f) basis of new and used recovery property eligible for investment tax credit is -0- for the tax years 1984;

With respect to the distributive share item, basis of new and used recovery property eligible for investment tax credit, in addition to the explanation in 1 and 3 above, it was determined that the distributive share amounts are -0- because it has not been established:

(1) that the property was investment credit property as defined in section 48 of the Internal Revenue Code;

(2) that the taxpayer had a basis in such property.

(g) intangible drilling cost is -0- for the tax year 1984;

(h) oil and gas depletion and cost depletion is -0- for the tax year 1984;

(i) ordinary income (loss) is $1,062,141 for the tax year 1984;

(j) investment income for investment interst expense is -0- for the tax year 1984.

| FORM 886-A (Rev. May 1980) | Department of the Treasury Internal Revenue Service EXPLANATION OF ITEMS | Schedule No. or Exhibit Exhibit A |
|---|---|---|
| Name of Taxpayer Crowne Oil Technology Partners | | Year/Period Ended December 31, 1984 |

ISSUE A: DEDUCTIONS

| | AMOUNT PER RETURN | AMOUNT PER EXAMINATION | ADJUSTMENT |
|---|---|---|---|
| Interest expense | $1,683,838 | $0 | $1,683,838 |
| Accounting | 16,780 | 0 | 16,780 |
| Other Expenses | 477 | 0 | 477 |
| Legal | 10,790 | 0 | 10,790 |
| Consulting | 9,500 | 0 | 9,500 |
| Amortization | 17,835 | 0 | 17,835 |
| Overhead | 29,725 | 0 | 29,725 |
| License Fee | 5,945,000 | 0 | 5,945,000 |
| Depreciation | 2,458 | 0 | 2,458 |
| Total | $7,716,403 | $0 | $7,716,403 |

Exhibit B

SCHEDULE OF PARTNERSHIP INCOME (LOSS)
CROWNE OIL TECHNOLOGY
PARTNERSHIP TAX YEAR ENDED DECEMBER 31, 1984

| | AMOUNT PER RETURN | CORRECT AMOUNT | ADJUSTMENT |
|---|---|---|---|
| Illinois Basin JV | $ 59,177.00 | $ 59,177.00 | $ 0.00 |
| Castaic Hills | 16,593.00 | 16,593.00 | 0.00 |
| San Antonio | 16,469.00 | 16,469.00 | 0.00 |
| Utah Heavy Oil Project | ( 139,410.00) | 0.00 | 139,410.00 |
| Total | $ ( 47,171.00) | $ 92,239.00 | $ 139,410.00 |

The losses disallowed are being disallowed as nonpartnership items. Partnership item adjustments are not reflected since these can only be adjusted under TEFRA proceedings pursuant to the provisions of IRC section 6221 thru 6233.

UNITED STATES TAX COURT

FILED OCT 12 1989

UNITED STATES TAX COURT

U.S TAX COURT MAILROOM-2

89 OCT 12 A9:00

CROWNE OIL TECHNOLOGY PARTNERS, ~~a Limited Partnership,~~ Barbara L. Klein, Tax Matters Partner

Petitioner

vs.

COMMISSIONER OF INTERNAL REVENUE SERVICE

Respondent

DOCKET NO. 24725-89

PETITION FOR RE-ADJUSTMENT OF F.P.A.A.s FOR 1985 (ELEKTRA/HEMISPHERE ASSIGNED TO JUDGE STEPHEN SWIFT)

| | |
|---|---|
| MAIL CLERK | CF |
| ADMISSIONS | |
| RECORDED & SERVED | |
| | |
| PUB. FILES | |

**PETITION**

The Petitioners hereby Petition for a readjustment of the Partnership items and a redetermination of the deficiencies set forth by the Commissioner of Internal Revenue in the Final Partnership Administrative Adjustments, copies of which are attached hereto, and as the basis of their case allege as follows:

1. The Petitioners are:

| NAME AND ADDRESS | TAXPAYER IDENTIFYING NUMBER | PLACE FILED |
|---|---|---|
| CROWNE OIL TECHNOLOGY<br>c/o American Energy Resources<br>T.M.P.<br>109 N. Mid-American Mall<br>Memphis, TN 38103 | 84-0858166 | Ogden, Utah |

2. The Notices of Final Partnership Administrative Adjustments and the Notices of Deficiency were mailed as follows:

| NAME | DATE MAILED | FROM |
|---|---|---|
| CROWNE OIL TECHNOLOGY PARTNERS | July 10, 1989 | Ogden, UT |

SERVED OCT 13 1989

PLAINTIFF'S EXHIBIT 4

3. The Final Partnership Administrative Adjustments by the Commissioner are:

| Partnership/ Petitioner | Tax Year | Administrative Adjustment | Amount in Dispute | Penalty |
|---|---|---|---|---|
| CROWNE OIL | 12/31/85 | $ 2,333,346* | $ 2,333,346 | ** |

* Plus "Other Adjustments" totaling $109,807.

** Penalties are reserved and Petitioners reserve the right to object to any penalties that may be asserted in the future under IRC Section 6230 (A)(2).

4. The determination of taxes set forth in said Final Partnership Administrative Adjustment is based on the following errors for the petitioners, each involving common issues of fact and of law:

(As to the Petitioner Partnerships)
(Crowne Oil Technology)

A. It is error to make adjustment for 1984 and 1985 to ordinary income as reported and to distributive share items as corrected on the F.P.A.A. attached hereto, including adjustments to ordinary income; deductions; Partnership losses; and loss on investment loans; self employment (5a); geothermal income, (5b); geothermal well deductions, (5c); qualified investment income, (5d); qualified investment expenses, (5e); basis of new recovery property, (5f); basis of new recovery property over 3 years, (5g); basis of used recovery property, (5h); oil and gas cost depletion, (5i); oil and gas depletion to extent of basis, (5j); untangible drilling costs, (5k); investment income, (5l); and ordinary income and loss, (5m). The F.P.A.A. and details of explanations for each Partnership petitioner are attached as Exhibit A and incorporated herein by reference.

B. It is error to determine that deductions reported by the Partnerships for 1984 and 1985, as set forth on Exhibit A to the F.P.A.A. should be disallowed on the basis that:

(1) that the underlying events, transactions, and expenditures are not established or did not occur in fact or in substance.

(2) that the claimed deductions did not arise out of a trade or business or in a transaction entered into for profit,

(3) that the claimed deductions distort income,

(4) that the prices of technology licenses and extraction rights lack economic reality or their deduction amounts exceed the cost to the Partnership, or

(5) that the notes executed by the Partnerships, or by the partners to the Partnership, are not recourse, are contingent, speculative and lack economic substance.

C. It is error to allege that deductions should not be allowed on the grounds as follows:

(1) they were incurred before the commencement of a business activity; or

(2) they do not qualify as ordinary and necessary or are not related to the production of income, or,

(3) they were not properly accrued, or

(4) they were not a proper purpose of the Partnership, or

(5) they were capital in nature.

D. It is error to allege that;

(1) that the licensor had no rights to license the technology portfolio, and,

(2) that the price paid by Partnerships exceeded fair market value of the portfolio licensed, and,

(3) that the price paid for the extraction rights to the Parker Field exceeded the fair market value thereof.

E. It is error to allege that the license fees paid by the Partnerships for tax year ended 1984 did not qualify for research and experimental expenditures under I.R.C. Section 174.

F. It is error to allege that the claimed deductions are not substantiated.

G. It is error to allege that documents were not produced as requested.

H. It is error to allege that partners were not at risk within the meaning of I.R.C. Section 465 and that deductions were therefore made in excess of partner's adjusted basis.

I. It is error to allege that the Partnership and fiduciaries item on Exhibit B (for Utah Heavy Oil Project J.V.) should be adjusted on the ground that Partnerships do not own any interest in said project in 1984.

J. It is error to allege that the Partnership and fiduciaries return item on Exhibit C (Castaic Hills and Utah Heavy Oil Project J.V.) should be adjusted on the ground that Partnerships did not own any interest therein during 1985.

K. It is error to allege that the Utah Heavy Oil Project J.V. and O.T.G./Castaic Hills Project had no losses and that any losses could not be apportioned to the Partnership, and/or, that basis was not sufficient, and/or, that partners were not at risk in this activity.

L. It is error to allege that losses on loans should be disallowed on the grounds that:

(1) they are not bona fide losses, and,

(2) that they exceed basis, and,

(3) that the timing of the accrual was wrong.

M. That it is error to readjust the distributive share items as recited in par. 4-A above.

N. That it is error to impose penalties as recited in that the partners and the management of the partnership were not negligent in any particular and have not had any material disregard for the tax laws.

O. That affirmative defense is asserted, in the event of a deficiency, in that the innocent spouse of the investing partner, herein referred to as the wife, was not a participant, did not gain from the activity and had no knowledge of the underlying facts.

P. That affirmative defense is asserted that the Respondent should be subject to sanctions for making wrongful and scandalous allegations, under the rules. The remedy requested for this knowing bad faith is dismissal of its F.P.A.A. in total. For example, paragraph 1 of the F.P.A.A. blighthly alleges that there was no response to a request to provide documents and that is tantamount to an obstruction of justice and a contempt of Court. It is also wrong. The Respondent has every document known to exist in this matter and has recently admitted there are no outstanding discovery requests. This and other allegations are clearly scandalous under the circumstances.

5. That the grounds for the income, losses, deductions and distributive share items reported by the Partnerships is as follows for 1984 and 1985.

A. That these Partnerships commenced business in years prior to 1984 and engaged in substantially economic activity in conformance with the Partnership agreements.

B. That the thrust of the business involved research and development of oil and gas technologies with very high future income potential to the Partnerships form use of resulting commercial applications on hundreds of oil and gas wells operated by the Partnerships, or jointly operated by them through O.T.G. by agreement. That oil and gas wells and various heavy oil joint ventures were selected particularly because of their potential profitability after applications of Enhanced Oil Recovery methods and other (such as heavy oil) technologies then being funded for research.

C. That the researched technologies were reasonable and well calculated to lead to commercially profitable results and the effort was bone fide and substantial. The value of the research, combined with the then known value of the technologies, was in excess of the prices paid for the rights, including the license fees. The fees were ordinary and necessary to the business of developing Enhanced Oil Recovery methods to the State of the Art and beyond. The portfolio funded included unique and proprietorship technologies and the risk of failure was on the Partnerships: The trade and business of the Partnerships was hand in glove with the research attempted. The prices paid were economically reasonable in light of the profits reasonably projected upon success. The losses were reported as incurred under I.R.C. Section 174 or 162 and no petitioner received any permission of the Commissioner to not deduct its losses in the year incurred under 174(c). Nor could these expenses be capital in nature because they were fees paid to another party with no capital or proprietorship right being purchased.

D. That the price paid for the Parker field extraction rights was not unreasonable. However, the Partnerships traded for other oil wells, including the Illinois Basin, in a reasoned belief that they could enhance their E.O.R. potential profits by doing so at that time. In fact, E.O.R. experiments were carried on during 1983 and 1984 on Partnership properties, albeit with non-commercial results. The economics of oil and gas for E.O.R. generally has been depressed.

However, these Petitioner Partnerships are perfectly positioned now to enjoy maximum advantage when (and if) the economics of oil and gas improve. Their ongoing project is stalled but is not lost or stopped.

E. That the partners each guaranteed debt of the Partnership to a third party in conformance with the provisions of I.R.C. Section 465 and each partner should be deemed at risk in every legal sense and no deductions were reported or claimed that were in excess of basis. The subscription agreements of each partner clearly recite a direct and legally binding assumption of debt of the Partnership for each year, making reference to a Partnership note which was made and delivered per contract. That the holder of the guaranteed not is not related to the Partnership and has no capital nor net profits interest in it.

F. That the Utah Heavy Oil Joint Venture was a bone fide and reasonable project to include in the program, having research and development characteristics and a very high profit potential. The Partnership still holds title to Utah leases and its ongoing activity may lead to profitable results there. Castaic Hills has been traded, however, for more appealing properties that have current income. The fiduciary return items reasonably reflect the income, losses and expenses associated with these endeavors. By legal agreements, these partnerships did own rights therein in 1984 and 1985, the apportionments were proper, and the partners were at risk for amounts in excess of deductions.

G. That the loans written down by the Partnerships reflected losses in the years determined in accordance with generally accepted accounting principles.

H. That the distributive share of income, losses and deductions were properly calculated on the basis of the business and research deduction booked by the entities and were a direct consequence of their actual operations each year.

I. That this joint petition is appropriate because there common issues of law and fact.

Wherefore, Petitioners pray for a readjustment as follows:

(1) that the I.R.S. form 1065 for each partnership for 1984 and 1985 be accepted as filed.

(2) that the fiduciary returns incorporated therein be accepted as filed.

(3) that no penalties be assessed.

(4) that the Respondent be subject to sanctions, including dismissal of the F.P.A.A.

(5) for such other and further relief as may be deemed appropriate by this Court.

Respectfully submitted,

ADMITTED U.S. TAX COURT

OD0102

DECLAN J. O'DONNELL #4412
Attorney for Tax Matters
Partner and Each Petitioner
Partner in the Group
6841 South Yosemite
Englewood, Colorado 80112
(303) 721-1177

Department of the Treasury
Internal Revenue Service

DATE: 7-24-89

P-904-527-036

07-10-89

INTERNAL REVENUE SERVICE
PO BOX 9941 MAIL STOP 4106
OGDEN, UT 84409

REFER TO:
MS 4106
071089-0264

90 Day
FPAA

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

BARBARA L KLEIN
2600 ASHBY
LAS VEGAS NV 89102-2102

NAME OF PARTNERSHIP:
CROWNE OIL TECHNOLOGY PARTNERS
TAXPAYER IDENTIFYING NUMBER:
84-0858166
TAX YEAR ENDED: 1985
DATE FPAA MAILED TO TAX MATTERS PARTNER:
07-10-89
PERSON TO CONTACT:
DIANA ANDERSON
CONTACT TELEPHONE NUMBER:
(801)625-7314

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

DEAR TAXPAYER:

WE HAVE DETERMINED THAT THERE ARE ADJUSTMENTS TO THE PARTNERSHIP RETURN AS SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS, FORM 870-P, AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS. THIS LETTER IS THE NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT (FPAA).

IF YOU WANT TO ENTER INTO A BINDING SETTLEMENT TO TREAT PARTNERSHIP ITEMS CONSISTENTLY WITH THE TREATMENT OF THE ITEMS ON THE PARTNERSHIP RETURN AS MODIFIED BY THE FPAA, SIGN AND RETURN THE ENCLOSED FORM 870-P. THE SIGNING AND RETURNING OF THE FORM 870-P CONSTITUTES A SETTLEMENT OFFER BY YOU. IF THE COMMISSIONER ACCEPTS YOUR OFFER OF SETTLEMENT, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THE SETTLEMENT WILL BE BINDING AND WILL NOT BE AFFECTED BY ANY LATER JUDICIAL DETERMINATION.

IF YOU ARE THE TAX MATTERS PARTNER (THE PARTNERSHIP REPRESENTATIVE WHO DEALS WITH IRS) AND WANT TO CONTEST THESE ADJUSTMENTS IN COURT, YOU HAVE 90 DAYS FROM THE DATE THIS LETTER WAS MAILED TO FILE A PETITION FOR A READJUSTMENT OF THE PARTNERSHIP ITEMS WITH THE UNITED STATES TAX COURT, THE UNITED STATES CLAIMS COURT, OR THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT IN WHICH THE PARTNERSHIP'S PRINCIPAL PLACE OF BUSINESS IS LOCATED. DURING THIS 90-DAY PERIOD, NO OTHER PARTNER MAY FILE A PETITION FOR JUDICIAL REVIEW, AND THE FILING OF A PETITION BY THE TAX MATTERS PARTNER PRECLUDES ALL OTHER ACTIONS.

IF THE TAX MATTERS PARTNER HAS NOT FILED A PETITION BY THE 90TH DAY FROM THE DATE THE FPAA WAS MAILED, ANY OTHER PARTNER ENTITLED TO RECEIVE THIS NOTICE UNDER SECTION 6223 OF THE INTERNAL REVENUE CODE (OR ANY GROUP OF PARTNERS WHO TOGETHER HAVE AN INTEREST OF 5 PERCENT OR MORE IN THE PROFITS OF THE PARTNERSHIP (5-PERCENT GROUP)) MAY PETITION ONE OF THESE COURTS AFTER THE 90TH DAY, BUT ON OR BEFORE THE 150TH DAY, FROM THE DATE THE FPAA WAS MAILED TO THE TAX MATTERS PARTNER. ONLY ONE PETITION TO THE COURT IS ALLOWED. IF MORE THAN ONE PETITION IS FILED, THE FIRST PETITION FILED IN THE TAX COURT WILL GO FORWARD. ALL OTHER PETITIONS (EVEN THOSE FILED EARLIER) WILL BE DISMISSED. IF NO PETITION IS FILED IN THE TAX COURT, THE FIRST PETITION FILED IN ONE OF THE OTHER COURTS WILL GO FORWARD AND SUBSEQUENT PETITIONS WILL BE DISMISSED.

PETITIONS FILED WITH THE UNITED STATES TAX COURT MUST BE MAILED TO 400 SECOND STREET, N.W., WASHINGTON, D.C. 20217. ATTACH A COPY OF THIS LETTER TO THE PETITION. THE TIME IN WHICH YOU MUST FILE A PETITION WITH THE COURT IS FIXED BY LAW AND THE COURT CANNOT CONSIDER YOUR CASE IF YOUR PETITION IS FILED LATE. IF THIS LETTER IS ADDRESSED TO BOTH A HUSBAND AND WIFE, AND BOTH WANT TO PETITION THE TAX COURT, BOTH MUST SIGN THE PETITION OR EACH MUST FILE A SEPARATE, SIGNED PETITION.

AS A CONDITION TO FILING A PETITION IN EITHER THE APPROPRIATE DISTRICT COURT OR THE CLAIMS COURT, THE PARTNER FILING THE PETITION (INCLUDING EACH MEMBER OF A 5-PERCENT GROUP WHICH FILES A PETITION) MUST DEPOSIT WITH THE INTERNAL REVENUE SERVICE, ON OR BEFORE THE DAY THE PETITION IS FILED, THE AMOUNT BY WHICH THE PARTNER'S TAX LIABILITY WOULD BE INCREASED IF THE TREATMENT OF PARTNERSHIP ITEMS ON THE PARTNER'S RETURN WERE MADE CONSISTENT WITH THE TREATMENT OF PARTNERSHIP ITEMS UNDER THE FPAA. IF YOU REPORTED PARTNERSHIP ITEMS THE WAY THE PARTNERSHIP REPORTED THEM ON ITS RETURN, YOU CAN GENERALLY DETERMINE THE AMOUNT TO DEPOSIT BY TAKING YOUR PRO-RATA SHARE OF THE PARTNERSHIP'S ADJUSTMENTS INTO ACCOUNT IN REFIGURING YOUR TAX.

IF NO READJUSTMENT PETITION IS FILED IN ANY OF THE COURTS LISTED ON THE FRONT OF THIS LETTER, THIS FPAA BECOMES BINDING AND YOU WILL BE BILLED FOR ANY ADDITIONAL TAX THAT YOU MAY OWE UNDER THE FPAA. YOU WILL NOT BE PERMITTED TO CONTEST THE TREATMENT OF PARTNERSHIP ITEMS UNDER THE FPAA IN ANY REFUND CLAIM OR SUIT. THE LAW PERMITS US TO BILL YOU AFTER 150 DAYS FROM THE MAILING DATE OF THE FPAA TO THE TAX MATTERS PARTNER. HOWEVER, IF A PETITION IS FILED IN THE TAX COURT, YOU WILL NOT BE BILLED UNTIL THE TAX COURT DECISION IS FINAL.

IF YOU HAVE ANY QUESTIONS ABOUT THIS MATTER, PLEASE WRITE TO THE PERSON WHOSE NAME AND ADDRESS ARE SHOWN ON THIS LETTER. IF YOU WRITE, ATTACH THIS LETTER TO HELP IDENTIFY YOUR ACCOUNT. KEEP THE COPY FOR YOUR RECORDS. ALSO INCLUDE YOUR TELEPHONE NUMBER AND THE MOST CONVENIENT TIME FOR US TO CALL YOU IN CASE WE NEED MORE INFORMATION.

IF YOU PREFER, YOU MAY CALL THE IRS CONTACT PERSON AT THE TELEPHONE NUMBER SHOWN IN THE HEADING OF THIS LETTER. IF THE NUMBER IS OUTSIDE YOUR LOCAL CALLING AREA, THERE WILL BE A LONG-DISTANCE CHARGE TO YOU.

YOU MAY CALL THE IRS TELEPHONE NUMBER LISTED IN YOUR LOCAL DIRECTORY. AN IRS EMPLOYEE THERE MAY BE ABLE TO HELP YOU, BUT THE CONTACT PERSON AT THE ADDRESS SHOWN ON THIS LETTER IS MOST FAMILIAR WITH YOUR CASE.

THANK YOU FOR YOUR COOPERATION.

SINCERELY YOURS,

ROGER STEELE

CHIEF, EXAMINATION BRANCH

ENCLOSURES: FORM 870-P
COPY OF THIS LETTER

LETTER 1830 (REV. 5-88)

FORM 870-P (5-88)

PAGE 1

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
AGREEMENT TO ASSESSMENT AND COLLECTION
OF DEFICIENCY IN TAX FOR
PARTNERSHIP ADJUSTMENTS

IN REPLY
REFER TO:
MS 4106
071089-0264

BARBARA L KLEIN
2600 ASHBY
LAS VEGAS NV 89102-2102

TAXPAYER IDENTIFYING NUMBER
[redacted]

RE: CROWNE OIL TECHNOLOGY PART
84-0858166 1985

UNDER THE PROVISIONS OF SECTION 6224(C) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO AN AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(B) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS PROVIDED BY LAW) PROVIDED IN SECTION 6225(A).

THIS OFFER IS SUBJECT TO THE ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

---

SIGNATURE OF
TAXPAYER * ------------------------------------ ----------------------
(DATE SIGNED)

SIGNATURE OF
TAXPAYER * ------------------------------------ ----------------------
(DATE SIGNED)

BY (SIGNATURE
AND TITLE) * ---------------------------------- ----------------------
(DATE SIGNED)

* ----------------------------------------------

---

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

---

FOR * --------------------------------------------------
(DATE ACCEPTED FOR COMMISSIONER)

INTERNAL

REVENUE * --------------------------------------------------
(SIGNATURE)

USE

ONLY * ------------------------------ ------------------------
(OFFICE) (TITLE)

## INFORMATION REGARDING ADDITIONS TO TAX

THE INTERNAL REVENUE CODE PROVIDES, IN APPROPRIATE CASES, FOR THE APPLICATION OF A NEGLIGENCE PENALTY UNDER SECTION 6653(A), THE OVERVALUATION PENALTY UNDER SECTION 6659, A SUBSTANTIAL UNDERSTATEMENT OF INCOME TAX PENALTY UNDER SECTION 6661 AND INTEREST ON SUBSTANTIAL UNDERPAYMENTS ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS UNDER SECTION 6621(C).

UNDER INTERNAL REVENUE CODE SECTION 6230(A)(2), PENALTY ITEMS ARE SEPARATELY ASSESSED AFTER THE OUTCOME OF THE PARTNERSHIP PROCEEDING. UPON THE COMPLETION OF THE PARTNERSHIP PROCEEDING OR THE EXECUTION OF THE ENCLOSED FORM 870-P, YOU WILL BE SENT A 30-DAY LETTER AND/OR A STATUTORY NOTICE OF DEFICIENCY TO ASSERT PENALTIES. IF YOU WISH TO AGREE TO THE PENALTIES BEFORE THE CONCLUSION OF THE PARTNERSHIP PROCEEDING, PLEASE CONTACT THE PERSON NAMED ON THIS LETTER AT THE CONTACT TELEPHONE NUMBER.

A COURT WILL NOT HAVE JURISDICTION TO CONSIDER THESE PARTNERSHIP PENALTIES RAISED IN A PETITION WITH RESPECT TO THIS FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT (FPAA) PURSUANT TO INTERNAL REVENUE CODE SECTIONS 6226(F) AND 6231(A)(3). THUS, YOU SHOULD NOT RAISE ANY PENALTY ISSUES SHOULD YOU DECIDE TO PETITION THE TAX COURT, CLAIMS COURT OR A DISTRICT COURT WITH RESPECT TO THIS FPAA.

PLEASE NOTE: THIS IS AN INFORMATION ITEM ONLY, AND IS NOT PART OF THE NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT.

[illegible]

[illegible] DEFICIENCY IN [illegible]

SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: Crowne Oil Technology Partners | | TAX YEAR ENDED |
|---|---|---|
| [illegible] | [illegible] 1985 | |
| [illegible] | | |
| Deductions | $[illegible] | |
| Partnership Losses | 74,735 | |
| Losses on Investment in Loans | 38,072 | |
| TOTAL ADJUSTMENTS TO ORDINARY INCOME | $[illegible] | |
| (a) Gross Income from Oil, Gas & Geothermal Wells: | | |
| As Reported | $[illegible] | |
| As Corrected | [illegible] | |
| Adjustment | $[illegible] | |
| (b) [illegible] Geothermal Wells: | | |
| As Reported | $[illegible] | |
| As Corrected | [illegible] | |
| Adjustment | [illegible] | |
| (c) Qualified [illegible]: | | |
| As Reported | $[illegible] | |
| As Corrected | [illegible] | |
| Adjustment | 920,[illegible] | |
| (d) Qualified Investment Expenses | | |
| As Reported | $[illegible] | |
| As Corrected | -0- | |
| Adjustment | $[illegible] | |
| Net Earnings From Self Employment | | |
| As Reported | [illegible] | |
| As Corrected | | |
| Adjustment | [illegible] | |

Continued on Next Page

0096

**Agreement for Partnership Adjustment**
SCHEDULE OF ADJUSTMENTS
Form 870-P continued
Croune Oil Technology Partners

| | 1985 |
|---|---|
| 5f) Basis of New Recovery Property Eligible for Investment Credit | |
| As Reported | $ 92,007 |
| As Corrected | -0- |
| Adjustment | $ 92,007 |
| 5g) Basis of Used Recovery Property Eligible for Investment Credit | |
| As Reported | $ 6,298 |
| As Corrected | -0- |
| Adjustment | $ 6,298 |
| 5h) Cost Depletion Oil & Gas | |
| As Reported | $ 74,325 |
| As Corrected | -0- |
| Adjustment | $ 74,325 |
| 5i) Oil & Gas Depletion to Extent of Basis | |
| As Reported | $ 74,325 |
| As Corrected | -0- |
| Adjustment | $ 74,325 |
| 5j) Intangible Drilling Costs* | |
| As Reported | $ 3,365 |
| As Corrected | -0- |
| Adjustment | 3,365 |
| 5k) Investment Income | |
| As Reported | $ 935,421 |
| As Corrected | -0- |
| Adjustment | $ 935,421 |
| 5l) Ordinary Income | |
| As Reported | ($1,440,052) |
| As Corrected | 1,003,101 |
| Adjustment | $2,443,153 |

*Tax Preference Items

Form 4605-A (Rev. 7-80) | Department of the Treasury-Internal Revenue Service
Examination Changes-Partnerships, Fiduciaries, Small Business Corporations, and Domestic International Sales Corporations

| Name and Address | Employer Identification No. | Form Number |
|---|---|---|
| Crowne Oil Technology Partners<br>2485 Grant Street, Suite 300<br>Ogden, Utah 84401 | 84-0858166 | 1065 |
| | Person with whom changes were discussed | Name:<br>Title: |

| 1. Adjustments to ordinary, distributable net, or taxable income | Year 1985 | Year | Year |
|---|---|---|---|
| a. Deductions | $2,333,346 | | |
| b. Partnership Losses | 71,735 | | |
| c. Loss on Investment in Loans | 38,072 | | |
| d. | | | |
| e. | | | |
| 2. Total adjustments | $2,443,153 | | |
| 3. Ordinary income (loss) as reported | (1,440,052) | | |
| 4. Corrected ordinary income (loss) | $1,003,101 | | |
| 5. Other adjustments | XXXXXXXXXXXX | XXXXXXXXXXXX | XXXXXXXXXXXX |
| a. SEE ATTACHMENT | XXXXXXXXXXXX | XXXXXXXXXXXX | XXXXXXXXXXXX |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | SEE ATTACHMENT | | |

Remarks

Crowne Oil Technology Partners
1985 Form 1065
OTHER ADJUSTMENTS

| | 1985 |
|---|---|
| 5a)Gross Income from Oil, Gas & Geothermal Wells * | |
| As Reported | $ 348,067 |
| As Corrected | -0- |
| Adjustment | $ 348,067 |
| 5b)Deductions allocable to oil, gas & Geothermal wells* | |
| As Reported | $ 355,501 |
| As Corrected | -0- |
| Adjustment | $ 355,501 |
| 5c)Qualified Investment Income* | |
| As Reported | $ 926,067 |
| As Corrected | -0- |
| Adjustment | $ 926,067 |
| 5d)Qualified Investment Expense* | |
| As Reported | $2,351,718 |
| As Corrected | -0- |
| Adjustment | $2,351,718 |
| 5e) Net Earnings (loss) from Self-Employment | |
| As reported | $ (11,877) |
| As Corrected | -0- |
| Adjustment | $ 11,877 |
| 5f) Basis of New Recovery Property Eligible for Investment Credit | |
| As Reported | $ 92,007 |
| As Corrected | -0- |
| Adjustment | $ 92,007 |

Crowne Oil Technology Partners
1985 Form 1065
OTHER ADJUSTMENTS

| | | 1985 |
|---|---|---|
| 5g) Basis of Used Recovery Property Eligible for Investment Credit | | |
| As Reported | $ | 6,298 |
| As Corrected | | -0- |
| Adjustment | $ | 6,298 |
| 5h) Cost Depletion Oil & Gas | | |
| As Reported | $ | 74,325 |
| As Corrected | | -0- |
| Adjustment | $ | 74,325 |
| 5i) Oil & Gas Depletion to Extent of Basis | | |
| As Reported | $ | 74,325 |
| As Corrected | | -0- |
| Adjustment | $ | 74,325 |
| 5j) Intangible Drilling Costs* | | |
| As Reported | $ | 3,365 |
| As Corrected | | -0- |
| Adjustment | $ | 3,365 |
| 5k) Investment Income | | |
| As Reported | $ | 935,421 |
| As Corrected | | -0- |
| Adjustment | $ | 935,421 |
| 5l) Ordinary Income | | |
| As Reported | $ | (1,440,052) |
| As Corrected | | 1,003,101 |
| Adjustment | $ | 2,443,153 |

*Tax Preference Items