Statement
Schedule 2

Crowne Oil Technology Partners
Explanation of Adjustments
Partnership Tax Year Ended December 31, 1985

1(a). It is determined that the deductions reported by Crowne Oil Technology Partners (a TEFRA partnership) on its 1985 partnership income tax return in the amount of $2,333,346 in 1985 (see Exhibit A), are disallowed for the following reasons:

(a) It has not been established that the underlying events, transactions and expenditures occurred in fact or in substance;

(b) It has not been established that the claimed deductions originated in a trade or business or in a transaction entered into for profit;

(c) It has not been established that the claimed deductions do not materially distort income;

(d) It has not been established that the stated prices of the technology license and the various extraction rights do not exceed the actual cost to the partnership for those items. Thus, the deductions based thereon are disallowed since it has not been established that they have economic reality.

(e) It has not been established that the notes executed by the partners in favor of the partnership are recourse, are not contingent, are not speculative and have economic substance.

Furthermore, the claimed deductions are not allowed because it has not been established that they were derived from expenditures which:

(a) Were incurred after the commencement of a business activity;

(b) Qualify as ordinary and necessary business expenses of the partnership or expenses incurred by the partnership for the production of income;

(c) Were properly accrued by the partnership;

(d) Were incurred by the partnership in connection with the purpose designated by the partnership; and

[illegible]

[illegible] Technology [illegible]
[illegible]
Partnership [illegible]

1(a). continued

(e) Were not capital in nature.

In addition [illegible]

(f) [illegible] technology portfolio [illegible] be licensed.

[illegible]

[illegible]

[illegible]

Additionally, [illegible] information to support the claimed [illegible] could not be established [illegible]

[illegible] in excess of the partners' basis.

1(b). It is determined that your [illegible] fiduciaries [illegible]

Statement
Schedule 2

Crowne Oil Technology Partners
Explanation of Adjustments
Partnership Tax Year Ended December 31, 1985

1(b). continued

instead of ($4,055) (see Exhibit B) because it has not been established that you incurred deductible losses for the year 1985 from Utah Heavy Oil Project JV and OTG/Castaic Hills in which you claim to own an interest.

It has not been established that if Utah Heavy Oil Project JV and OTG/Castaic Hills did have losses for the taxable year, that any portion of such losses would be properly allocated to you. In addition, it has not been established that you have sufficient basis in the partnerships to claim the losses reported on the 1985 income tax return or that you were at risk within the meaning of Internal Revenue Code Section 465 with respect to any amounts. Accordingly, it is determined that your partnership income is $67,680 instead of the amount reported of ($4,055) for the tax year ended December 31, 1985.

1(c). With respect to the deduction for loss on investment in loans, in addition to the explanation in 1(a) and 1(b), above, it is determined that the loss on investment in loans reported by the partnership in the amount of ($38,072) is disallowed because it has not been established:

(a) that the loss was bona fide;

(b) that the partnership had a basis in such property; and

(c) that a loss was sustained during the year or was properly accrued by the partnership.

5.) With respect to distributive share items it has been determined for the reasons stated above in explanation 1(a) that:

(a) gross income from oil, gas and geothermal wells for tax preference items is -0- for tax year 1985;

(b) deductions allocable to oil, gas and geothermal wells for tax preference items is -0- for tax year 1985;

Statement
Schedule 2

Crowne Oil Technology Partners
Explanation of Adjustments
Partnership Tax Year Ended December 31, 1985

5.) continued

(c) qualified investment income for tax preference items is $0 for the tax year 1985;

(d) qualified investment expense for tax preference items is -0- for tax year 1985;

(e) net earnings (loss) from self-employment is -0- for tax year 1985;

(f) basis of new recovery property eligible for Investment Credit is -0- for tax year 1985;

(g) basis of used recovery property eligible for Investment Credit is -0- for tax year 1985;

(h) cost depletion is -0- for tax year 1985;

(i) oil & gas depletion to extent of basis is -0- for tax year 1985;

(j) intangible drilling cost for tax preference items is -0- for tax year 1985;

(k) investment income is -0- for tax year 1985;

(l) ordinary income is $1,003,101 for tax year 1985.

EXHIBIT A

Crowne Oil Technology Partners
Schedule of Adjustments to Deductions

| December 31, 1985 | Amount per Return | Amount per Examination | Adjustment |
|---|---|---|---|
| Interest Expense | $2,277,592 | $ -0- | $2,277,592 |
| Accounting | 15,978 | -0- | 15,978 |
| Other Expense | 2,625 | -0- | 2,625 |
| Legal | 15,858 | -0- | 15,858 |
| Consulting | 1,000 | -0- | 1,000 |
| Amortization | 17,835 | -0- | 17,835 |
| Depreciation | 2,458 | | 2,458 |
| Total | $2,333,346 | $ -0- | $2,333,346 |

EXHIBIT B

Crowne Oil Technology Partners
Schedule of Adjustments to Partnership Losses

| December 31, 1985 | Amount per Return | Amount per Examination | Adjustment |
|---|---|---|---|
| OTG/Illinois Basin | $ 66,940 | $ 66,940 | $ -0- |
| OTG/Castaic Hills | (20,717) | -0- | 20,717 |
| OTG/San Antonio | 740 | 740 | -0- |
| Utah Heavy Oil Project JV | (51,018) | -0- | 51,018 |
| Total | $ ( 4,055) | $ 67,680 | $ 71,735 |

Department of the Treasury
Internal Revenue Service

P-904-527-036

07-10-89

INTERNAL REVENUE SERVICE
PO BOX 9941 MAIL STOP 4106
OGDEN, UT 84409

REFER TO:
MS 4106
071089-0264

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

BARBARA L KLEIN
2600 ASHBY
LAS VEGAS NV 89102-2102

NAME OF PARTNERSHIP:
CROWNE OIL TECHNOLOGY PARTNERS
TAXPAYER IDENTIFYING NUMBER:
84-0858166
TAX YEAR ENDED: 1985
DATE FPAA MAILED TO TAX MATTERS PARTNER:
07-10-89
PERSON TO CONTACT:
DIANA ANDERSON
CONTACT TELEPHONE NUMBER:
(801)625-7314

NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

DEAR TAXPAYER:

WE HAVE DETERMINED THAT THERE ARE ADJUSTMENTS TO THE PARTNERSHIP RETURN AS SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS, FORM 870-P, AGREEMENT TO ASSESSMENT AND COLLECTION OF DEFICIENCY IN TAX FOR PARTNERSHIP ADJUSTMENTS. THIS LETTER IS THE NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT (FPAA).

IF YOU WANT TO ENTER INTO A BINDING SETTLEMENT TO TREAT PARTNERSHIP ITEMS CONSISTENTLY WITH THE TREATMENT OF THE ITEMS ON THE PARTNERSHIP RETURN AS MODIFIED BY THE FPAA, SIGN AND RETURN THE ENCLOSED FORM 870-P. THE SIGNING AND RETURNING OF THE FORM 870-P CONSTITUTES A SETTLEMENT OFFER BY YOU. IF THE COMMISSIONER ACCEPTS YOUR OFFER OF SETTLEMENT, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THE SETTLEMENT WILL BE BINDING AND WILL NOT BE AFFECTED BY ANY LATER JUDICIAL DETERMINATION.

IF YOU ARE THE TAX MATTERS PARTNER (THE PARTNERSHIP REPRESENTATIVE WHO DEALS WITH IRS) AND WANT TO CONTEST THESE ADJUSTMENTS IN COURT, YOU HAVE 90 DAYS FROM THE DATE THIS LETTER WAS MAILED TO FILE A PETITION FOR A READJUSTMENT OF THE PARTNERSHIP ITEMS WITH THE UNITED STATES TAX COURT, THE UNITED STATES CLAIMS COURT, OR THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT IN WHICH THE PARTNERSHIP'S PRINCIPAL PLACE OF BUSINESS IS LOCATED. DURING THIS 90-DAY PERIOD, NO OTHER PARTNER MAY FILE A PETITION FOR JUDICIAL REVIEW, AND THE FILING OF A PETITION BY THE TAX MATTERS PARTNER PRECLUDES ALL OTHER ACTIONS.

IF THE TAX MATTERS PARTNER HAS NOT FILED A PETITION BY THE 90TH DAY FROM THE DATE THE FPAA WAS MAILED, ANY OTHER PARTNER ENTITLED TO RECEIVE THIS NOTICE UNDER SECTION 6223 OF THE INTERNAL REVENUE CODE (OR ANY GROUP OF PARTNERS WHO TOGETHER HAVE AN INTEREST OF 5 PERCENT OR MORE IN THE PROFITS OF THE PARTNERSHIP (5-PERCENT GROUP)) MAY PETITION ONE OF THESE COURTS AFTER THE 90TH DAY, BUT ON OR BEFORE THE 150TH DAY, FROM THE DATE THE FPAA WAS MAILED TO THE TAX MATTERS PARTNER. ONLY ONE PETITION TO THE COURT IS ALLOWED. IF MORE THAN ONE PETITION IS FILED, THE FIRST PETITION FILED IN THE TAX COURT WILL GO FORWARD. ALL OTHER PETITIONS (EVEN THOSE FILED EARLIER) WILL BE DIS-MISSED. IF NO PETITION IS FILED IN THE TAX COURT, THE FIRST PETITION FILED IN ONE OF THE OTHER COURTS WILL GO FORWARD AND SUBSEQUENT PETITIONS WILL BE DISMISSED.

PETITIONS FILED WITH THE UNITED STATES TAX COURT MUST BE MAILED TO 400 SECOND STREET, N.W., WASHINGTON, D.C. 20217. ATTACH A COPY OF THIS LETTER TO THE PETITION. THE TIME IN WHICH YOU MUST FILE A PETITION WITH THE COURT IS FIXED BY LAW AND THE COURT CANNOT CONSIDER YOUR CASE IF YOUR PETITION IS FILED LATE. IF THIS LETTER IS ADDRESSED TO BOTH A HUSBAND AND WIFE, AND BOTH WANT TO PETITION THE TAX COURT, BOTH MUST SIGN THE PETITION OR EACH MUST FILE A SEPARATE, SIGNED PETITION.

AS A CONDITION TO FILING A PETITION IN EITHER THE APPROPRIATE DISTRICT COURT OR THE CLAIMS COURT, THE PARTNER FILING THE PETITION (INCLUDING EACH MEMBER OF A 5-PERCENT GROUP WHICH FILES A PETITION) MUST DEPOSIT WITH THE INTERNAL REVENUE SERVICE, ON OR BEFORE THE DAY THE PETITION IS FILED, THE AMOUNT BY WHICH THE PARTNER'S TAX LIABILITY WOULD BE INCREASED IF THE TREATMENT OF PARTNERSHIP ITEMS ON THE PARTNER'S RETURN WERE MADE CONSISTENT WITH THE TREATMENT OF PARTNERSHIP ITEMS UNDER THE FPAA. IF YOU REPORTED PARTNERSHIP ITEMS THE WAY THE PARTNERSHIP REPORTED THEM ON ITS RETURN, YOU CAN GENERALLY DETERMINE THE AMOUNT TO DEPOSIT BY TAKING YOUR PRO-RATA SHARE OF THE PARTNERSHIP'S ADJUSTMENTS INTO ACCOUNT IN REFIGURING YOUR TAX.

IF NO READJUSTMENT PETITION IS FILED IN ANY OF THE COURTS LISTED ON THE FRONT OF THIS LETTER, THIS FPAA BECOMES BINDING AND YOU WILL BE BILLED FOR ANY ADDITIONAL TAX THAT YOU MAY OWE UNDER THE FPAA. YOU WILL NOT BE PERMITTED TO CONTEST THE TREATMENT OF PARTNERSHIP ITEMS UNDER THE FPAA IN ANY REFUND CLAIM OR SUIT. THE LAW PERMITS US TO BILL YOU AFTER 150 DAYS FROM THE MAILING DATE OF THE FPAA TO THE TAX MATTERS PARTNER. HOWEVER, IF A PETITION IS FILED IN THE TAX COURT, YOU WILL NOT BE BILLED UNTIL THE TAX COURT DECISION IS FINAL.

IF YOU HAVE ANY QUESTIONS ABOUT THIS MATTER, PLEASE WRITE TO THE PERSON WHOSE NAME AND ADDRESS ARE SHOWN ON THIS LETTER. IF YOU WRITE, ATTACH THIS LETTER TO HELP IDENTIFY YOUR ACCOUNT. KEEP THE COPY FOR YOUR RECORDS. ALSO INCLUDE YOUR TELEPHONE NUMBER AND THE MOST CONVENIENT TIME FOR US TO CALL YOU IN CASE WE NEED MORE INFORMATION.

IF YOU PREFER, YOU MAY CALL THE IRS CONTACT PERSON AT THE TELEPHONE NUMBER SHOWN IN THE HEADING OF THIS LETTER. IF THE NUMBER IS OUTSIDE YOUR LOCAL CALLING AREA, THERE WILL BE A LONG-DISTANCE CHARGE TO YOU.

YOU MAY CALL THE IRS TELEPHONE NUMBER LISTED IN YOUR LOCAL DIRECTORY. AN IRS EMPLOYEE THERE MAY BE ABLE TO HELP YOU, BUT THE CONTACT PERSON AT THE ADDRESS SHOWN ON THIS LETTER IS MOST FAMILIAR WITH YOUR CASE.

THANK YOU FOR YOUR COOPERATION.

SINCERELY YOURS,

ROGER STEELE

CHIEF, EXAMINATION BRANCH

ENCLOSURES: FORM 870-P
COPY OF THIS LETTER

LETTER 1830 (REV. 5-88)

FORM 870-P (5-88)

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
AGREEMENT TO ASSESSMENT AND COLLECTION
OF DEFICIENCY IN TAX FOR
PARTNERSHIP ADJUSTMENTS

IN REPLY
REFER TO:
MS 4106
071089-0264

PAGE 1

BARBARA L KLEIN
2600 ASHBY
LAS VEGAS NV 89102-2102

TAXPAYER IDENTIFYING NUMBER
[redacted]

RE: CROWNE OIL TECHNOLOGY PART
84-0858166 1985

UNDER THE PROVISIONS OF SECTION 6224(C) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO AN AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(B) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS PROVIDED BY LAW) PROVIDED IN SECTION 6225(A).

THIS OFFER IS SUBJECT TO THE ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

SIGNATURE OF
TAXPAYER * ____________________ ____________________
(DATE SIGNED)

SIGNATURE OF
TAXPAYER * ____________________ ____________________
(DATE SIGNED)

BY (SIGNATURE
AND TITLE) * ____________________ ____________________
(DATE SIGNED)

* ____________________

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

FOR * ____________________
(DATE ACCEPTED FOR COMMISSIONER)

INTERNAL

REVENUE * ____________________
(SIGNATURE)

USE

ONLY * ____________________ ____________________
(OFFICE) (TITLE)

0109

INFORMATION REGARDING ADDITIONS TO TAX

THE INTERNAL REVENUE CODE PROVIDES, IN APPROPRIATE CASES, FOR THE APPLICATION OF A NEGLIGENCE PENALTY UNDER SECTION 6653(A), THE OVERVALUATION PENALTY UNDER SECTION 6659, A SUBSTANTIAL UNDERSTATEMENT OF INCOME TAX PENALTY UNDER SECTION 6661 AND INTEREST ON SUBSTANTIAL UNDERPAYMENTS ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS UNDER SECTION 6621(C).

UNDER INTERNAL REVENUE CODE SECTION 6230(A)(2), PENALTY ITEMS ARE SEPARATELY ASSESSED AFTER THE OUTCOME OF THE PARTNERSHIP PROCEEDING. UPON THE COMPLETION OF THE PARTNERSHIP PROCEEDING OR THE EXECUTION OF THE ENCLOSED FORM 870-P, YOU WILL BE SENT A 30-DAY LETTER AND/OR A STATUTORY NOTICE OF DEFICIENCY TO ASSERT PENALTIES. IF YOU WISH TO AGREE TO THE PENALTIES BEFORE THE CONCLUSION OF THE PARTNERSHIP PROCEEDING, PLEASE CONTACT THE PERSON NAMED ON THIS LETTER AT THE CONTACT TELEPHONE NUMBER.

A COURT WILL NOT HAVE JURISDICTION TO CONSIDER THESE PARTNERSHIP PENALTIES RAISED IN A PETITION WITH RESPECT TO THIS FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT (FPAA) PURSUANT TO INTERNAL REVENUE CODE SECTIONS 6226(F) AND 6231(A)(3). THUS, YOU SHOULD NOT RAISE ANY PENALTY ISSUES SHOULD YOU DECIDE TO PETITION THE TAX COURT, CLAIMS COURT OR A DISTRICT COURT WITH RESPECT TO THIS FPAA.

PLEASE NOTE: THIS IS AN INFORMATION ITEM ONLY, AND IS NOT PART OF THE NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT.

COPY

**UNITED STATES TAX COURT**

ANN C. DRESSER;
JOHN J. HERDA AND SUSAN M. HERDA;
JOHN HERDA AND MARGARET HERDA; AND
BARBARA L. KLEIN,

Petitioners,

v. Docket No. 22573-88

COMMISSIONER OF INTERNAL REVENUE,

Respondent.

**DECISION**

Pursuant to the agreement of the parties and the stipulations filed in this case, and incorporating in this Decision the stipulated facts as the findings of the Court, it is

ORDERED AND DECIDED: That the deficiencies in income tax due from Petitioner Ann C. Dresser for the taxable years 1979 and 1982 in the amounts of $323.00 and $19,605.00, respectively, were assessed and paid after the mailing of the notice of deficiency, so that there are now no deficiencies in income tax due from, nor overpayments due to Petitioner Ann C. Dresser for the taxable years 1979 and 1982;

That there are no additions to tax due from Petitioner Ann C. Dresser for the taxable year 1982 under the provisions of I.R.C. §§ 6653(a)(1), 6653(a)(2), and 6659;

That with respect to Petitioner Ann C. Dresser's taxable year 1982, $19,605.00 is a substantial underpayment attributable to tax-motivated transactions, for the purpose of computing the interest payable with respect to that amount under I.R.C. § 6621(c);

That there are deficiencies in income tax and additions to tax due from Petitioners John J. Herda and Susan M. Herda for the taxable years 1981 and 1982, before the application of I.R.C. § 6015(f), as follows:

| **Taxable Year** | **Deficiency** | **I.R.C. § 6621(c)** | **Additions to Tax under I.R.C. §§ 6653(a)(1)** | **6653(a)(2)** | **6659** |
|---|---|---|---|---|---|
| 1981 | $16,689.00 | * | None | None | None |
| 1982 | $40,217.00 | * | None | None | None |

* - Section 6621(c) applies to entire deficiency.

PLAINTIFF'S EXHIBIT 5

0111

That the deficiencies in income tax, increased interest, and additions to tax are due from Petitioners John J. Herda and Susan M. Herda for the taxable years 1981 and 1982, under the provisions of I.R.C. § 6015(f), as follows:

**Joint Liabilities**

| Taxable Year | Deficiency | I.R.C. § 6621(c) | Additions to Tax under I.R.C. §§ 6653(a)(1) | 6653(a)(2) | 6659 |
|---|---|---|---|---|---|
| 1981 | None | None | None | None | None |
| 1982 | None | None | None | None | None |

**Additional Amounts Due from John J. Herda**

| Taxable Year | Deficiency | I.R.C. § 6621(c) | Additions to Tax under I.R.C. §§ 6653(a)(1) | 6653(a)(2) | 6659 |
|---|---|---|---|---|---|
| 1981 | $16,689.00 | * | None | None | None |
| 1982 | $40,217.00 | * | None | None | None |

* - Section 6621(c) applies to entire deficiency.

That there are deficiencies in income tax and additions to tax due from Petitioners John Herda and Margaret Herda for the taxable years 1981 and 1982, before the application of I.R.C. § 6015(f), as follows:

| Taxable Year | Deficiency | I.R.C. § 6621(c) | Additions to Tax under I.R.C. §§ 6653(a)(1) | 6653(a)(2) | 6659 |
|---|---|---|---|---|---|
| 1981 | $19,920.00 | * | None | None | None |
| 1982 | $23,192.00 | * | None | None | None |

* - Section 6621(c) applies to entire deficiency.

That the deficiencies in income tax, increased interest, and additions to tax are due from Petitioners John Herda and Margaret Herda for the taxable years 1981 and 1982, under the provisions of I.R.C. § 6015(f), as follows:

**Joint Liabilities**

| Taxable Year | Deficiency | I.R.C. § 6621(c) | Additions to Tax under I.R.C. §§ 6653(a)(1) | 6653(a)(2) | 6659 |
|---|---|---|---|---|---|
| 1981 | None | None | None | None | None |
| 1982 | None | None | None | None | None |

**Additional Amounts Due from John Herda**

| Taxable Year | Deficiency | I.R.C. § 6621(c) | Additions to Tax under I.R.C. §§ 6653(a)(1) | 6653(a)(2) | 6659 |
|---|---|---|---|---|---|
| 1981 | $19,920.00 | * | None | None | None |
| 1982 | $23,192.00 | * | None | None | None |

* - Section 6621(c) applies to entire deficiency.

That the deficiencies in income tax due from Petitioner Barbara L. Klein for the taxable years 1981 and 1982 in the amounts of $79,791.00 and $65,888.00, respectively, were assessed after the mailing of the notice of deficiency, so that there are now no deficiencies in income tax due from, nor overpayments due to Petitioner Barbara L. Klein for the taxable years 1981 and 1982;

That there are no additions to tax due from Petitioner Barbara L. Klein for the taxable years 1981 and 1982 under the provisions of I.R.C. § 6659;

That there are additions to tax due from Petitioner Barbara L. Klein for the taxable years 1981 and 1982 under the provisions of I.R.C. § 6653(a)(1) in the amounts of $1,273.00 and $975.00, respectively, which amounts were assessed after the mailing of the notice of deficiency;

That there are additions to tax due from Petitioner Barbara L. Klein for the taxable years 1981 and 1982 under the provisions of I.R.C. § 6653(a)(2) in amounts equal to 50 percent of the statutory interest due on $25,460.00 and $19,501.00, respectively, from April 15, 1982 and April 15, 1983, respectively, to the date of assessment of the tax or, if earlier, the date of payment of the tax, which additions to tax were assessed after the mailing of the notice of deficiency;

That with respect to Petitioner Barbara L. Klein's taxable years 1981 and 1982, $79,791.00 and $65,888.00, respectively, are substantial underpayments attributable to tax-motivated transactions, for the purpose of computing the interest payable with respect to those amounts under I.R.C. § 6621(c); and

That there is an addition to tax due from Petitioner Barbara L. Klein for the taxable year 1981 under the provisions

of I.R.C. § 6651(a) in the amount of $4,896.00, which amount was assessed after the mailing of the notice of deficiency.

(Signed) Maurice B. Foley
Judge.

Entered: MAY 11 2001

* * * * *

The parties stipulate that the Court may enter this Decision in this case in accordance with the stipulations previously filed in this case.

The parties further stipulate that interest as provided by law will be assessed on the deficiencies in income tax due from Petitioners, if any.

RICHARD W. SKILLMAN
Acting Chief Counsel
Internal Revenue Service

THOMAS E. REDDING
Counsel for Petitioners
John J. Herda and
Susan M. Herda; and
John Herda and Margaret Herda
Tax Court Bar No. RT0167
REDDING & ASSOCIATES, P.C.
P. O. Box 924328
Houston, Texas 77292
Telephone: (713) 965-9244

Date: 5/2/01

By: ______________________
THOMAS L. FENNER
Attorney (SB/SE)
Tax Court Bar No. FT0168
8701 South Gessner
Suite 710
Houston, Texas 77074
Telephone: (281) 721-7309
FAX: (281) 721-7391

DECLAN J. O'DONNELL
Counsel for Petitioners
Ann C. Dresser and
Barbara L. Klein
Tax Court Bar No. OD0102
499 South Larkspur Dr.
Castle Rock, CO 80104
Telephone: (800) 932-9708

Date: 3/19/01

Date: 5/3/01

FORM 870-L(AD)(3-93)

DATE: 02-28-94

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS
AND AFFECTED ITEMS

IN REPLY
REFER TO:
MS 4550
022894-0186

TAXPAYER(S) NAME(S) AND ADDRESS

JOHN J & SUSAN M HERDA
9680 SULTANA
LAS VEGAS NV 89139-8308-803

TIN: [redacted]

NAME OF PARTNERSHIP

CROWNE OIL TECHNOLOGY

TIN: 84-0858166

TAX YEAR ENDED: 1983

Part I: Offer of Settlement of Partnership Items

Under the provisions of section 6224(c) of the Internal Revenue Code, the Commissioner of Internal Revenue and the undersigned taxpayer(s) agree to the determination of partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with section 6224(b), also waives the restrictions on assessment and collection of any deficiency attributable to partnership items (with interest as required by law) provided in section 6225(a).

This agreement is conditional, and will not become effective or final until this agreement form is returned to the Commissioner of Internal Revenue and is signed on his or her behalf. The one year extension of the period of limitations on assessment under section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf.

If this agreement form is signed for the Commissioner, the treatment of partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment of partnership items or for a refund or credit based on any change in the treatment of partnership items may be filed or prosecuted.

| | |
|---|---|
| SIGNATURE OF TAXPAYER [signature] | DATE 10-11-01 |
| SIGNATURE OF TAXPAYER Susan M. Herda | DATE 10-11-01 |
| BY (SIGNATURE AND TITLE) | DATE |

* * * * * * * * * * * * * * * * * *

PLAINTIFF'S EXHIBIT 6

| FOR INTERNAL REVENUE USE ONLY | DATE ACCEPTED FOR COMMISSIONER 10/12/2001 | SIGNATURE James M. Stef[?] |
|---|---|---|
| | OFFICE Houston Appeals | TITLE ATM |

0115

(SEE ENCLOSED INSTRUCTIONS) FORM 870-L(AD)(Rev. 3-93)

FORM 870-L(AD)(3-93)

DATE: 02-28-94

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS
AND AFFECTED ITEMS

IN REPLY
REFER TO:
MS 4550
022894-0186

TAXPAYER(S) NAME(S) AND ADDRESS

JOHN J & SUSAN M HERDA
9680 SULTANA
LAS VEGAS NV 89139-8308-803

TIN: [redacted]

NAME OF PARTNERSHIP

CROWNE OIL TECHNOLOGY

TIN: 84-0858166

TAX YEAR ENDED: 1983

Part II: Offer of Settlement of Affected Items

Under the provisions of sections 6224(c) and 7121 of the Internal Revenue Code, the Commissioner of Internal Revenue and the undersigned taxpayer(s) agree to the determination of partner level determinations (affected items). These items:

(1) limit the amount of partnership item deductions or credits at the partner level pursuant to sections 704(d), 465, or 469 of the Code, as set forth in the attached schedule of adjustments, and/or

(2) are additions to tax, and interest under section 6621(c) of the Code, as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with sections 6224(b) and 6213(d), also waives the restrictions provided by sections 6230(a) and 6213(a) of the Code, and consents to the assessment and collection of tax attributable to the application of sections 704(d), 465 or 469 of the Code, and any additions to tax, and interest under section 6621(c), as set forth in the attached schedule of adjustments; plus any interest provided by law.

This agreement is conditional, and will not become effective or final until this agreement form is returned to the Commissioner of Internal Revenue and is signed on his or her behalf. The one year extension of the period of limitations on assessment under section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf.

If this agreement form is signed for the Commissioner, the treatment of the specified affected items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment to these affected items or for a refund or credit based on any change in the treatment of these affected items may be filed or prosecuted.

This agreement with respect to affected items is not subject to a request for consistent settlement pursuant to section 6224(c)(2).

SIGNATURE OF TAXPAYER — [signature] — DATE 10-11-01

SIGNATURE OF TAXPAYER — Susan M. Herda — DATE 10-11-01

BY (SIGNATURE AND TITLE) — DATE

* * * * * * * * * * * * * * * * * *

* * * * * * * * * * * * * * * * * * *

FOR INTERNAL REVENUE USE ONLY

DATE ACCEPTED FOR COMMISSIONER: 10/12/2001

SIGNATURE: James M. [signature]

OFFICE: Houston Appeal

TITLE: ATM

0116

(SEE ENCLOSED INSTRUCTIONS) FORM 870-L(AD)(REV. 3-93)

Department of the Treasury - Internal Revenue Service

# Settlement Agreement For Partnership Adjustments and Affected Items

## Schedule of Adjustments

| Name of Partnership<br>Crowne Oil Technology Partners<br>Taxpayer Identifying Number:<br>84-0858166 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-83 | | |
| Detail of Adjustments To Ordinary Income<br>Part I. Partnership Items<br>Ordinary Income (Loss)<br>Per Return (6,428,164)<br>As Corrected 101,888<br>Adjustment 6,530,052 | 6,530,052 | | |
| Total Adjustments To Ordinary Income | 6,530,052 | | |
| Other Adjustment : Basis of New "Other" Recovery Property §48(q) Election Made | | | |
| (1) Adjustment | 1,091 | | |
| (2) As Reported | 1,091 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Basis of Used "Other" Recovery Property §48(q) Election Made | | | |
| (1) Adjustment | 35,558 | | |
| (2) As Reported | 35,558 | | |
| (3) Corrected | -0- | | |

Remarks:

Part II. Affected Items

1. Additions to Tax

0117

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

Department of the Treasury - Internal Revenue Service

# Settlement Agreement For Partnership Adjustments and Affected Items

## Schedule of Adjustments

| Name of Partnership<br>Crowne Oil Technology Partners<br>Taxpayer Identifying Number:<br>84-0858166 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-83 | | |
| Detail of Adjustments To Ordinary Income<br>Part I. Partnership Items | | | |
| Other Adjustment : Cost depletion Oil & Gas | | | |
| (1) Adjustment | 50,172 | | |
| (2) As Reported | 50,172 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Oil & Gas Depletion to the Extent of Basis | | | |
| (1) Adjustment | 50,172 | | |
| (2) As Reported | 50,172 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |
| Other Adjustment : | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks:

Part II. Affected Items

1. Additions to Tax

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

0118

Department of the Treasury - Internal Revenue Service

# Settlement Agreement For Partnership Adjustments and Affected Items

## Schedule of Adjustments

| Name of Partnership<br>Crowne Oil Technology Partners<br>Taxpayer Identifying Number:<br>84-0858166 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-83 | | |
| Detail of Adjustments To Ordinary Income<br>Part I. Partnership Items | | | |
| Other Adjustment : Guaranteed payments to partners | | | |
| (1) Adjustment | -0- | | |
| (2) As Reported | 48,456 | | |
| (3) Corrected | 48,456 | | |
| Other Adjustment : Net earnings (loss) from self-employment | | | |
| (1) Adjustment | 2,416 | | |
| (2) As Reported | (2,416) | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Tax Preference Item; Net income from oil, gas, and Geothermal Wells | | | |
| (1) Adjustment | (48,720) | | |
| (2) As Reported | 48,720 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Tax Preference Item; Net investment income (loss) | | | |
| (1) Adjustment | 6,363,882 | | |
| (2) As Reported | (6,363,882) | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Investment interest investment income | | | |
| (1) Adjustment | (1,050,483) | | |
| (2) As Reported | 1,050,483 | | |
| (3) Corrected | -0- | | |

Remarks:

Part II. Affected Items

1. Additions to Tax

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

0119

FOR INFORMATION PURPOSES ONLY

| Name of Partnership: Crowne Oil Technology | EIN: 84-0858166 | Taxable Period December 31, 1983 |
|---|---|---|

The explanations stated below are provided for your information.

Except to the extent expressly stated, this settlement agreement pertains only to those [partnership/subchapter S] items originating with **Crowne Oil Technology** for the year in question. It does not adjust, allow or contemplate such other items, if any, which are attributable to a different partnership or subchapter S corporation and which appear on the return filed by **Crowne Oil Technology** for the year in question in **Crowne Oil Technology's** capacity of a "pass-thru partner" (sic) pursuant to Internal Revenue Code §6231(a)(9).