**The National Housing Partnership**
Investor Services

NHP

October 31, 1991

RE: NHP SPRING MEADOW ASSOCIATES '85 - PERIOD ENDED SEPTEMBER 30, 1991

Dear Investor:

The following status report summarizes project operations during the period ended September 30, 1991.

| Property | Occupancy as of June 30, 1991 | Occupancy as of September 30, 1991 | Total Loans Outstanding |
|---|---|---|---|
| SPRING MEADOW<br>Springfield, MA<br>270 Units<br>Section 236<br>(H.P.A. - 54 Units) | 98% | 88% | - 0 - |
| BRIGHTWOOD APTS.<br>Roanoke, VA<br>108 Units<br>Section 221(d)(3)<br>(Section 8 - 108 Units) | 86% | 100% | $4,880.94 |

Operations at Brightwood were stable during the reporting period. Occupancy at the property has stabilized which will help cash flow. Property management reports that the property is experiencing problems with drugs and drug-related violence. Efforts are continuing to resolve the problems through the use of a private security force and the local police department.

Capital improvements completed at the property during the quarter included roof repairs, which totalled $6,430. The costs associated with the repairs were funded through the Reserve for Replacement Escrow account.

The Property, Spring Meadow, experienced a substantial rent increase which became effective in September of 1991 causing turnover at the site. We have submitted a capital improvement plan for the remainder of 1991 and 1992 to HUD. They have requested that we move forward with this plan and repair 15 to 30 roofs prior to year-end along with siding and asphalt repairs needed throughout. All units are being inspected and appliance upgrades are scheduled. Other upgrades scheduled will be additional landscaping, fencing, lighting, exterior painting, and

11410 Isaac Newton Square
Reston, VA 22090-5012
1-800-347-4647 Ext. 2288
1-703-733-2288

**SCHEDULE K-1 (Form 1120S)**
Department of the Treasury
Internal Revenue Service

# Shareholder's Share of Income, Credits, Deductions, etc.

▶ See separate instructions.
For calendar year 1991 or tax year
beginning , 1991, and ending , 19

OMB No. 1545-0130
**1991**

**Shareholder's identifying number** ▶ [redacted]
**Corporation's identifying number** ▶ 88-0197524

Shareholder's name, address, and ZIP code

JOHN HERDA
3025 SO HIGHLAND DR
LAS VEGAS, NV 89109

Corporation's name, address, and ZIP code

NYP CORPORATION
3025 SO HIGHLAND DR
LAS VEGAS, NV 89109

**A** Shareholder's percentage of stock ownership for tax year (see Instructions for Schedule K-1) ▶ .333 %
**B** Internal Revenue service center where corporation filed its return ▶ OGDEN, UT
**C (1)** Tax shelter registration number (see Instructions for Schedule K-1) ▶
**(2)** Type of tax shelter ▶
**D** Check applicable boxes: **(1)** ☐ Final K-1 **(2)** ☐ Amended K-1

| | | (a) Pro rata share items | | (b) Amount | (c) Form 1040 filers enter the amount in col. (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | | See Shareholder's Instructions for Schedule K-1 (Form 1120S). |
| | 2 | Net income (loss) from rental real estate activities 183,823 | 2 | 61,~~213.~~ | |
| | 3 | Net income (loss) from other rental activities | 3 | 61274 ✓ | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 4, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 11, col. (f) or (g) |
| | f | Other portfolio income (loss) (attach schedule) | 4f | | (Enter on applic. line of your return.) |
| | 5 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 5 | | See Shareholder's Instructions for Schedule K-1 (Form 1120S). |
| | 6 | Other income (loss) (attach schedule) 472 | 6 | 157. | (Enter on applic. line of your return.) |
| Deductions | 7 | Charitable contributions (see instructions) (attach schedule) | 7 | | Sch. A, line 13 or 14 |
| | 8 | Section 179 expense deduction | 8 | | See Shareholder's Inst. for Sch. K-1 (Form 1120S). |
| | 9 | Deductions related to portfolio income (loss) (attach schedule) | 9 | | |
| | 10 | Other deductions (attach schedule) | 10 | | |
| Investment Interest | 11a | Interest expense on investment debts 110,474 | 11a | 36,825 ~~36,788.~~ | Form 4952, line 1 |
| | b (1) | Investment income included on lines 4a through 4f above | b(1) | | See Shareholder's Inst. for Sch. K-1 (Form 1120S). |
| | (2) | Investment expenses included on line 9 above | b(2) | | |
| Credits | 12a | Credit for alcohol used as fuel | 12a | | Form 6478, line 10 |
| | b | Low-income housing credit: | | | |
| | (1) | From section 42(j)(5) partnerships for property placed in service before 1990 | b(1) | | Form 8586, line 5 |
| | (2) | Other than on line 12b(1) for property placed in service before 1990 | b(2) | | |
| | (3) | From section 42(j)(5) partnerships for property placed in service after 1989 | b(3) | | |
| | (4) | Other than on line 12b(3) for property placed in service after 1989 | b(4) | | |
| | c | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 12c | | See Shareholder's Inst. for Sch. K-1 (Form 1120S). |
| | d | Credits (other than credits shown on lines 12b and 12c) related to rental real estate activities (see instructions) | 12d | | |
| | e | Credits related to other rental activities (see instructions) | 12e | | |
| | 13 | Other credits (see instructions) | 13 | | |
| Adjustments and Tax Preference Items | 14a | Accelerated depreciation of real property placed in service before 1987 | 14a | | See Shareholder's Instructions for Schedule K-1 (Form 1120S) and Instructions for Form 6251 |
| | b | Accelerated depreciation of leased personal property placed in service before 1987 | 14b | | |
| | c | Depreciation adjustment on property placed in service after 1986 | 14c | | |
| | d | Depletion (other than oil and gas) | 14d | | |
| | e (1) | Gross income from oil, gas, or geothermal properties | e(1) | | |
| | (2) | Deductions allocable to oil, gas, or geothermal properties | e(2) | | |
| | f | Other adjustments and tax preference items (attach schedule) | 14f | | |

**For Paperwork Reduction Act Notice, see page 1 of Instructions for Form 1120S.**
**Schedule K-1 (Form 1120S) 1991**

Sch K1 # 3

H733 120SK112 NTF 6765

0202

Copyright Forms Software Only, 1991 Nelco, Inc.

# SCHEDULE K-1 (Form 1120S) — Shareholder's Share of Income, Credits, Deductions, etc.

Department of the Treasury
Internal Revenue Service

▶ See separate instructions.
For calendar year 1991 or tax year
beginning , 1991, and ending , 19

OMB No. 1545-0130
1991

Shareholder's identifying number ▶ [redacted]
Corporation's identifying number ▶ 88-0225557

Shareholder's name, address, and ZIP code

JOHN J HERDA
9680 SULTANA
LAS VEGAS, NV 89118

Corporation's name, address, and ZIP code

H & H CORPORATION
9680 SULTANA
LAS VEGAS, NV 89118

A Shareholder's percentage of stock ownership for tax year (see Instructions for Schedule K-1) ▶ 50 %
B Internal Revenue service center where corporation filed its return ▶ OGDEN, UT
C (1) Tax shelter registration number (see Instructions for Schedule K-1) ▶
(2) Type of tax shelter ▶
D Check applicable boxes: (1) ☐ Final K-1 (2) ☐ Amended K-1

| | | (a) Pro rata share items | | (b) Amount | (c) Form 1040 filers enter the amount in col. (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | 39,498. | See Shareholder's Instructions for Schedule K-1 (Form 1120S). |
| | 2 | Net income (loss) from rental real estate activities | 2 | | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 60. | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | 887. | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 4, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 11, col. (f) or (g) |
| | f | Other portfolio income (loss) (attach schedule) | 4f | | (Enter on applic. line of your return.) |
| | 5 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 5 | | See Shareholder's Instructions for Schedule K-1 (Form 1120S). |
| | 6 | Other income (loss) (attach schedule) | 6 | 41. | (Enter on applic. line of your return.) |
| Deductions | 7 | Charitable contributions (see instructions) (attach schedule) | 7 | | Sch. A, line 13 or 14 |
| | 8 | Section 179 expense deduction | 8 | | See Shareholder's Inst. for Sch. K-1 (Form 1120S). |
| | 9 | Deductions related to portfolio income (loss) (attach schedule) | 9 | | |
| | 10 | Other deductions (attach schedule) | 10 | | |
| Investment Interest | 11a | Interest expense on investment debts | 11a | 23,800. | Form 4952, line 1 |
| | b (1) | Investment income included on lines 4a through 4f above | b(1) | | See Shareholder's Inst. for Sch. K-1 (Form 1120S). |
| | (2) | Investment expenses included on line 9 above | b(2) | | |
| Credits | 12a | Credit for alcohol used as fuel | 12a | | Form 6478, line 10 |
| | b | Low-income housing credit: | | | |
| | (1) | From section 42(j)(5) partnerships for property placed in service before 1990 | b(1) | | Form 8586, line 5 |
| | (2) | Other than on line 12b(1) for property placed in service before 1990 | b(2) | | |
| | (3) | From section 42(j)(5) partnerships for property placed in service after 1989 | b(3) | | |
| | (4) | Other than on line 12b(3) for property placed in service after 1989 | b(4) | | |
| | c | Qualified rehabilitation expenditures related to rental real estate activities (see instructions) | 12c | | See Shareholder's Inst. for Sch. K-1 (Form 1120S). |
| | d | Credits (other than credits shown on lines 12b and 12c) related to rental real estate activities (see instructions) | 12d | | |
| | e | Credits related to other rental activities (see instructions) | 12e | | |
| | 13 | Other credits (see instructions) | 13 | | |
| Adjustments and Tax Preference Items | 14a | Accelerated depreciation of real property placed in service before 1987 | 14a | | See Shareholder's Instructions for Schedule K-1 (Form 1120S) and Instructions for Form 6251 |
| | b | Accelerated depreciation of leased personal property placed in service before 1987 | 14b | | |
| | c | Depreciation adjustment on property placed in service after 1986 | 14c | | |
| | d | Depletion (other than oil and gas) | 14d | | |
| | e (1) | Gross income from oil, gas, or geothermal properties | e(1) | | |
| | (2) | Deductions allocable to oil, gas, or geothermal properties | e(2) | | |
| | f | Other adjustments and tax preference items (attach schedule) | 14f | | |

For Paperwork Reduction Act Notice, see page 1 of Instructions for Form 1120S.


Sch K1 # 1

H733 120SK112 NTF 6765

Copyright Forms Software Only, 1991 Nelco, Inc.

**SCHEDULE K-1 (Form 1065)**
Department of the Treasury
Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, Etc.

▶ See separate instructions.

For calendar year 1991 or tax year beginning , 1991, and ending , 19

OMB No. 1545-0099

**1991**

| | |
|---|---|
| **Partner's identifying number ▶** [redacted] | **Partnership's identifying number ▶** 52-1398144 |
| Partner's name, address, and ZIP code<br>John & Susan Herda Trust<br>9680 Sultana St<br>Las Vegas, NV 89119-0000 | Partnership's name, address, and ZIP code<br>SPRINGBRIGHT LTD PTSP<br>C/O NHP<br>11410 ISAAC NEWTON SQUARE NORTH<br>RESTON, VA 22090-5012 |

**A** Is this partner a general partner? . . . ☐ Yes ☒ No

**B** Partner's share of liabilities (see instructions):
Nonrecourse . . . . . . . . . .$ 226,020
Qualified nonrecourse financing . .$
Other . . . . . . . . . . . . .$

**C** What type of entity is this partner? ▶ TRUST

**D** Is this partner a ☒ domestic or a ☐ foreign partner?

**E** IRS Center where partnership filed return: PHILADELPHIA, PA

**F** Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | 2.200 % |
| Loss sharing | % | 2.200 % |
| Ownership of capital | % | 2.200 % |

**G(1)** Tax shelter registration number ▶ 85158001090

**(2)** Type of tax shelter ▶ 37

**H** Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) . . . . ☐

**I** Check applicable boxes: (1) ☐ Final K-1 (2) ☐ Amended K-1

**J Analysis of partner's capital account:**

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| 93,567- | | 14,822- | ( ) | 108,389- |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | | (See Partner's Instructions for Schedule K-1 (Form 1065).) |
| | 2 | Net income (loss) from rental real estate activities | 2 | 15,678- | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 856 | Sch. B, Part I, line 1 |
| | b | Dividends | 4b | | Sch. B, Part II, line 5 |
| | c | Royalties | 4c | | Sch. E, Part I, line 4 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 4, col. (f) or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 11, col. (f) or (g) |
| | f | Other portfolio income (loss) *(attach schedule)* | 4f | | (Enter on applicable line of your return.) |
| | 5 | Guaranteed payments to partner | 5 | | (See Partner's Instructions for Schedule K-1 (Form 1065).) |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) *(attach schedule)* | 7 | | (Enter on applicable line of your return.) |
| Deductions | 8 | Charitable contributions (see instructions) *(attach schedule)* | 8 | | Sch. A, line 13 or 14 |
| | 9 | Section 179 expense deduction | 9 | | (See Partner's Instructions for Schedule K-1 (Form 1065).) |
| | 10 | Deductions related to portfolio income *(attach schedule)* | 10 | | |
| | 11 | Other deductions *(attach schedule)* | 11 | | |
| Investment Interest | 12a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a through 4f above | b(1) | 856 | (See Partner's Instructions for Schedule K-1 (Form 1065).) |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| Credits | 13a | Credit for income tax withheld | 13a | | (See Partner's Instructions for Schedule K-1 (Form 1065).) |
| | b | Low-income housing credit: | | | |
| | | (1) From section 42(j)(5) partnerships for property placed in service before 1990 | | | Form 8586, line 5 |
| | | (2) Other than on line 13b(1) for property placed in service before 1990 | b(1) | | |
| | | (3) From section 42(j)(5) partnerships for property placed in service after 1989 | b(2) | | |
| | | (4) Other than on line 13b(3) for property placed in service after 1989 | b(3) | | |
| | | | b(4) | | |
| Adjustments & Tax Preference Items | 16a | Accelerated depreciation of real property placed in service before 1987 | 16a | | (See Partner's Instructions for Schedule K-1 (Form 1065) and Instructions for Form 6251.) |
| | b | Accelerated depreciation of leased personal property placed in service before 1987 | 16b | | |
| | c | Depreciation adjustment on property placed in service after 1986 | 16c | 375 | |
| | f | Other adjustments and tax preference items *(attach schedule)* | 16f | | |

0204

**For Paperwork Reduction Act Notice, see Instructions for Form 1065.** Cat. No. 11394R **Schedule K-1 (Form 1065) 1991**

Total ACRS deduction included in Line 2 12,023

## INSTRUCTIONS FOR IRS SCHEDULE K-1

Schedule K-1 lists your distributive share of the taxable income (losses), tax preferences and other tax items to be reported by the partnership in its federal income tax return (Form 1065) for the year ended December 31, 1991. The following schedule shows where the amounts should be reported when filing your Form 1040.

| | Schedule K-1 | Form 1040 |
|---|---|---|
| Line 1 | Ordinary income(loss) from trade or business activity(ies) | Form 8582, Part I, Line 2 |
| Line 2 | Net income or (loss) from rental real estate activity(ies) | Form 8582, Part I, Line 2 |
| Line 4a | Portfolio income (loss) Interest | Schedule B, Part I, Line 1 |
| Line 4d | Net short term capital gain(loss) | Schedule D, Line 4 Col (f) or (g) |
| Line 4e | Net long-term capital gain(loss) | Schedule D, Line 11, col(f) or (g) |
| Line 6 | Net gain(loss) under section 1231 | Form 4797, Line 2 |
| Line 8 | Charitable contributions | Schedule A, Line 14 |
| Line 10 | Deductions related to portfolio income | Schedule A, Line 20 |
| Line 11 | Other deductions | Schedule A, Line 20 |
| Line 12a | Interest expense on investment debts | Form 4952, Line 1 |
| Line 12b(1) | Investment income included on Schedule K-1, lines 4a through 4f | Form 4952, Line 4 |
| Line 12b(2) | Investment expenses included on Schedule K-1, line 10 | Form 4952, Line 4 |

NHP

3/23/92

NHP SPRING MEADOW ASSOC. '85

John & Susan Herda Trust
9680 Sultana St
Las Vegas, NV 89119-0000

Dear Investor:

The enclosed schedules list your share of 1991 partnership taxable income (or loss) and other tax information related to your investment.

Please see the attached instructions for where to report the amounts when filing your Form 1040.

As we indicated in prior correspondence we have been reviewing the impact the final regulations under Internal Revenue Code Section 704(b) have upon your investment. We have determined that these regulations require us to specifically allocate some of the 1991 losses to NHP. Your losses reflect this special allocation.

The breakdown by separate passive activity of the amounts reported on the Schedule K-1 is as follows:

| Property | Line 2 | Line 16a | Line 16c |
|---|---|---|---|
| Spring Meadow | 76% | 0% | 82% |
| Brightwood | 24% | 0% | 18% |

The enclosed K-1 does not reflect any Adjusted Current Earnings (ACE) information. Corporate partners who need this information to calculate their alternative minimum tax should contact our office.

As we have done in prior years, NHP has listed your share of the partnership's non-recourse debt on the non-recourse line in Question B. This is because the debt was placed on the property prior to 1986 and is grandfathered in as valid non-recourse debt which provides basis to limited partners.

Please consult your tax advisor regarding any requirement for the filing of state tax returns for the state in which each partnership is formed and refer to the section of your Private Placement Memorandum titled "Federal Income Tax Aspects" for a discussion of these and other tax matters. Should you have any questions regarding this notice, please contact NHP's Investor Services office toll free at (800) 347-4647, ext. 2288 or (703) 733-2288.

Sincerely,

Robert F Kane
Director, Corporate and
Partnership Taxation

**SCHEDULE K-1 (Form 1065)**

Department of the Treasury
Internal Revenue Service

# Partner's Share of Income, Credits, Deductions, Etc.

▶ See separate Instructions.

For calendar year 1991 or tax year beginning ________, 1991, and ending ________

OMB No. 1545-0099

**1991**

Partner's identifying number ▶ [redacted]

Partner's name, address, and ZIP code PTNR NO 0659

Susan & John Herda Trust
John J. Herda
3025 S. Highland Drive
Las Vegas, NV. 89109

Partnership's identifying number ▶ 52-1420605

Partnership's name, address, and ZIP code

CAPITAL INCOME PROPERTIES C
C/O CRI., INC.
11200 ROCKVILLE PIKE
ROCKVILLE, MD. 20852

A Is this partner a general partner? ☐ Yes ☒ No

B Partner's share of liabilities (see instructions):

Nonrecourse $ 263656

Qualified nonrecourse financing $

Other $

C What type of entity is this partner? ▶ TRUST

D Is this partner a ☒ domestic or a ☐ foreign partner?

E IRS Center where partnership filed return:
PHILADELPHIA, PA 19255

F Enter partner's percentage of:

| | (i) Before change or termination | (ii) End of year |
|---|---|---|
| Profit sharing | % | 00.164982% |
| Loss sharing | % | 00.164982% |
| Ownership of capital | % | 00.164982% |

G (1) Tax shelter registration number ▶ 85310002259

(2) Type of tax shelter ▶ 20

H Check here if this partnership is a publicly traded partnership as defined in section 469(k)(2) ☐

I Check applicable boxes: (1) ☐ Final K-1 (2) ☐ Amended K-1

**J Analysis of partner's capital account:**

| (a) Capital account at beginning of year | (b) Capital contributed during year | (c) Partner's share of lines 3, 4, and 7, Form 1065, Schedule M-2 | (d) Withdrawals and distributions | (e) Capital account at end of year (combine columns (a) through (d)) |
|---|---|---|---|---|
| -105801 | | -30243 | ( ) | -136044 |

| | | (a) Distributive share item | | (b) Amount | (c) 1040 filers enter the amount in column (b) on: |
|---|---|---|---|---|---|
| Income (Loss) | 1 | Ordinary income (loss) from trade or business activities | 1 | -15285 | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| | 2 | Net income (loss) from rental real estate activities | 2 | -15092 | |
| | 3 | Net income (loss) from other rental activities | 3 | | |
| | 4 | Portfolio income (loss): | | | |
| | a | Interest | 4a | 159 | Sch. B, Part I, line 1 |
| | d | Net short-term capital gain (loss) | 4d | | Sch. D, line 5, col (f), or (g) |
| | e | Net long-term capital gain (loss) | 4e | | Sch. D, line 12, col (f), or (g) |
| | f | Other portfolio income (loss) (attach schedule) | 4f | | |
| | 5 | Guaranteed payments to partner | 5 | | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| | 6 | Net gain (loss) under section 1231 (other than due to casualty or theft) | 6 | | |
| | 7 | Other income (loss) (attach schedule) | 7 | | (Enter on applicable line of your return) |
| Deductions | 8 | Charitable contributions | 8 | | Sch. A, line 13 or 14 |
| | 9 | Section 179 expense deduction (attach schedule) | 9 | | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| | 10 | Deductions related to portfolio income | 10 | | |
| | 11 | Other deductions (attach schedule) | 11 | | |
| Investment Interest | 12 a | Interest expense on investment debts | 12a | | Form 4952, line 1 |
| | b | (1) Investment income included on lines 4a through 4f above | b(1) | 159 | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| | | (2) Investment expenses included on line 10 above | b(2) | | |
| Credits | 13 a | Credit for income tax withheld | 13a | | |
| | d | Credit(s) (other than credits shown on Lines 13b and 13c) related to rental real estate activities (attach schedule) | 13d | | (See Partner's Instructions for Schedule K-1 (Form 1065)) |
| | e | Credit(s) related to other activities (see instructions) | 13e | | |
| | 14 | Other Credits (see instructions) | 14 | | |
| Self-Emp | 15 a | Net earnings (loss) from self-employment | 15a | | Sch. SE, Section A or B |
| | b | Gross farming or fishing income | 15b | | |
| | c | Gross nonfarm income | 15c | | |
| Adjustments and Tax Preference Items | 16 a | Accelerated depreciation of real property placed in service before 1987 | 16a | | See Form 6251 instru and Partner's Instruct Schedule K-1 (Form |
| | b | Accelerated depreciation of leased personal property placed in service before 1987 | 16b | | |
| | c | Depreciation adjustment on property placed in service after 1986 | 16c | 202 | |
| | f | Other adjustments and tax preference items (attach schedule) | 16f | | |
| Other | 20 | Supplemental information (see attached) | | | (See Partner's Instructions for Schedule K-1 (Form 1065)) |

0208

H763

NEGOTIABLE PROMISSORY NOTE

PAID FEB 17 1984

$ 12,500

Due: February 15, 1984

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Dillon Oil Technology Partners — 1982, a Pennsylvania Limited Partnership, the principal sum of $ 12,500 together with interest, at the rate of 11½ percent per year, accruing from the termination date of the Partnership.

It is understood and agreed that in the event of nonpayment of this note on February 15, 1984, and if such default continues for a period of three days after notice, then the holder shall have all the rights and remedies provided by the Uniform Commercial Code as enacted in the Commonwealth of Pennsylvania in addition to those remedies set forth in Article 3.2(e) of the Limited Partnership Agreement. The failure to assert this right shall not be deemed a waiver thereof.

Each maker and endorser hereby forever severally waives presentment, demand for payment, protest and notice of maturity, notice of protest or notice of dishonor of this note and all requirements necessary to hold each of them liable as makers and endorsers.

This note is payable at Denver, Colorado or at such other place as the General Partners shall designate.

If action be instituted on this Note, the Maker promises to pay such sum as the Court may fix as attorney's fees.

Dated 11-23, 1982

X Nick Herda
(Signature)

NICK HERDA
(Print Name)

7150 Schuster
(Address)

Las Vegas NEV. 89118
(City and State)

PLAINTIFF'S EXHIBIT 21

# Crowne Oil Technology Partners

1860 Lincoln Street • Suite 1230
Denver, Colorado 80295
Phone: (303) 573-7000

December 12, 1981

Nicholas Herda
Herdas Appliance & TV
3025 South Highland
Las Vegas, NV
89109

Re: Crowne Oil Technology Partners

Dear Mr. Herda:

We acknowledge receipt of your check in the amount of $12,500, subscription agreement and closing documents for your participation in the above partnership. Your subscription has been accepted and your check has been deposited in the United Bank of Denver in a special escrow account pending receipt of the minimum number of subscriptions necessary to activate the partnership.

We will issue to you a Certificate of Beneficial Interest to evidence your ownership of the unit(s) within 30 days of the closing of the partnership. The Certificate is subject to the restrictions imposed by the Limited Partnership agreement.

We have established a system of communications to the limited partners which are set forth on page 5 of the confidential private placement memorandum. In addition to these items, we will be communicating with you regarding the progress of the venture. If at any time you have any questions regarding the status of the operations of the partnership or in general, please contact us by letter or by telephone.

Thank you for your subscription.

Very Truly Yours,

AMERICAN ENERGY RESOURCES, INC.

LOUIS F. COPPAGE, Chairman of the Board
Individual General Partner

PLAINTIFF'S
EXHIBIT
22

## NEGOTIABLE PROMISSORY NOTE

PAID MAY 3 19

$ 12,500

Due: April 15, 1982

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Crowne Oil Technology Partners, a Pennsylvania Limited Partnership, the principal sum of $12,500 together with interest at the rate of 11½ percent per year on April 15, 1982.

It is understood and agreed that in the event of nonpayment of this note on April 15, 1982, and if such default continues for a period of three days after notice, then the holder shall have all the rights and remedies provided by the Uniform Commercial Code as enacted in the Commonwealth of Pennsylvania in addition to those remedies set forth in Article 3.3(c) of the Limited Partnership Agreement. The failure to assert this right shall not be deemed a waiver thereof.

Each maker and endorser hereby forever severally waives presentment, demand for payment, protest and notice of maturity, notice of protest or notice of dishonor of this note and all requirements necessary to hold each of them liable as makers and endorsers.

This note is payable at Denver, Colorado or at such other place as the General Partners shall designate.

If action be instituted on this Note, the Maker promises to pay such sum as the Court may fix as attorney's fees.

Dated 11-23-, 1981

X Nicholas Herda
(Signature)

Nicholas Herda
(Print Name)

2150 Schuster
(Address)

L.V. Nev. 89118
(City and State)

PLAINTIFF'S EXHIBIT 23

**NEGOTIABLE PROMISSORY NOTE** PAID APR 18 1983

$ 12,500 -

Due: April 15, 1983

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Crowne Oil Technology Partners, a Pennsylvania Limited Partnership, the principal sum of $ 12,500 together with interest at the rate of 11½ percent per year on April 15, 1983.

It is understood and agreed that in the event of nonpayment of this note on April 15, 1983, and if such default continues for a period of three days after notice, then the holder shall have all the rights and remedies provided by the Uniform Commercial Code as enacted in the Commonwealth of Pennsylvania in addition to those remedies set forth in Article 3.3(c) of the Limited Partnership Agreement. The failure to assert this right shall not be deemed a waiver thereof.

Each maker and endorser hereby forever severally waives presentment, demand for payment, protest and notice of maturity, notice of protest or notice of dishonor of this note and all requirements necessary to hold each of them liable as makers and endorsers.

This note is payable at Denver, Colorado or at such other place as the General Partners shall designate.

If action be instituted on this Note, the Maker promises to pay such sum as the Court may fix as attorney's fees.

Dated 11-23, 1981

X Nicholas Herda
(Signature)

Nicholas Herda
(Print Name)

7150 Schuster
(Address)

L.V. Nev. 89118
(City and State)

PLAINTIFF'S EXHIBIT 24

# Crowne Oil Technology Partners

1860 Lincoln Street • Suite 1230
Denver, Colorado 80295
Phone: (303) 573-7000

March 15, 1983

Nicholas Herda
Herdas Appliance & TV
3025 South Highland
Las Vegas, NV
89109

RE: Crowne Oil Technology Partners - 1981
April 15, 1983 - Note Payment

Dear Mr. Herda:

This is just a reminder that your promissory note for Crowne is due on April 15, 1983. The Partnership's business activities are based upon receipt of all partners' prompt payment of notes. Reinvestment of those funds in existing oil production (and EOR) ensure the success of the Partnership's business plan. Interest is accrued from December 31, 1981, at the rate of 11 1/2%.

| | |
|---|---|
| Principal Due | $12,500.00 |
| Interest thru 4-15-83 | 1,851.80 * |
| | $14,351.80 |

Your remittance of the total should be sent in the enclosed, stamped envelope.

Thank you.

CROWNE OIL TECHNOLOGY PARTNERS - 1981

* Daily rate of interest is $3.94.

Crown Oil
#1
4-12-83
$14,351.80

PLAINTIFF'S
EXHIBIT
25

0213

# Crowne Oil Technology Partners

1860 Lincoln Street • Suite 1230
Denver, Colorado 80295
Phone: (303) 573-7000

December 31, 1981

Nicholas Herda
Herdas Appliance & TV
3025 South Highland
Las Vegas, NV
89109

Re: Crowne Oil Technology Partners

Dear Mr. Herda:

We appreciate the confidence expressed by your investment and pledge our utmost efforts to make this a profitable venture.

The enclosed investment book will provide a convenient storage place for all partnership correspondence and reports. Your Certificate of Limited Partnership Interest, verifying the partnership formation, has been filed under the appropriate tab.

Peat, Marwick, Mitchell & Co. has already begun its audit review and has assured us that we will be able to distribute your federal tax information on or before March 15, 1982.

It is our belief that new Enhanced Oil Recovery technologies are America's best hope for unlocking the vast wealth represented by previously discovered, but unrecovered, oil and gas reserves. We are pleased that you share this conviction.

Very truly yours,

Louis F. Coppage
Chairman, American Energy Resources
Individual General Partner

James A. Cunningham
President

PLAINTIFF'S EXHIBIT 26

# CERTIFICATE OF BENEFICIAL INTEREST

Number 015

Units 1

This Certifies that Nicholas Herda is the owner of one fully paid limited partnership Units, [illegible]

[illegible]

December 31, 1981

[illegible]

James A. Cunningham, President

[illegible]

PLAINTIFF'S EXHIBIT 27

0215

# CERTIFICATE OF BENEFICIAL INTEREST

Number
**Nº 114**

Units
1

**This Certifies that** Nick Herda is the owner of one fully paid limited partnership Units, in *DILLON OIL TECHNOLOGY PARTNERS 1982*, a Pennsylvania limited partnership, which are held subject to a Certificate and Agreement of Limited Partnership which, together with any subsequent amendments thereto, is hereby incorporated in and made a part of this certificate.

*The holder hereof has no interest, legal or equitable, in any specific property of the Limited Partnership.*

*The rights and privileges, and the restrictions and qualifications thereof, of partners, including restrictions on the transferability of interest in the Partnership, are set forth in the Limited Partnership Agreement.*

*The Partnership interests represented by this Certificate are transferable only on the books of the Partnership in accordance with the procedures set forth in the Limited Partnership Agreement.*

*Surrender of this Certificate is not required for an effective transfer.*

*In Witness Whereof the General Partner has caused this Certificate to be signed by the signatures of its duly authorized agents.*

Dated: December 31, 1982

American Energy Resources, Inc., General Partner

By: [signature]
Louis F. Coppage, Chairman of the Board

[signature]
Louis F. Coppage, Individual General Partner

© GOES 442 LITHO.IN U.S.A.

PLAINTIFF'S EXHIBIT 28

0216

**CONFIDENTIAL**
**PROSPECTIVE OFFEREE QUESTIONNAIRE**

Mr. Louis F. Coppage
General Partner
1860 Lincoln Street, Suite 1230
Denver, Colorado 80295

Re: Dillon Oil Technology Partners — 1982

Dear Mr. Coppage:

The information contained herein is furnished to the General Partners so that they can determine whether offers and sales of Limited Partnership interests (Units) as more fully described in the Confidential Memorandum of Dillon Oil Technology Partners — 1982 (the "Partnership"), dated February 15, 1982, may be made to me pursuant to Section 4(2) of the Securities Act of 1933 ("1933 Act") and Rule 146 promulgated thereunder ("Rule 146") and any applicable state securities laws (the "Acts").

I understand that the General Partners will rely upon the information contained herein for purposes of such determination, that the Units will not be registered with the Securities and Exchange Commission nor with the securities regulatory authority of any State in reliance upon the exemptions from registration provided by Sections 4(2) of the 1933 Act and similar exemptions from the other Acts. Further, I understand that the request of the General Partners that I complete this questionnaire does not constitute an offer of the Units to me.

I represent to the General Partners that the information contained herein is complete and accurate and may be relied upon by them. I will notify them immediately of any material change in any of the information occurring prior to the closing of the purchase of my Units.

I understand that if I use an offeree representative(s) as defined in Rule 146 acceptable to the General Partners in connection herewith, I must designate in writing, prior to the purchase of Units, such offeree representative(s) to be my offeree representative(s) in connection with evaluating the merits and risks of my prospective investment in the Partnership, and, such offeree representative(s) must disclose to me, in writing, prior to the designation referred to above, any material relationship between such offeree representative(s) or its affiliates and the General Partners or the Partnership or its affiliates which now exists or is contemplated, or which has existed at any time during the previous two years, and any compensation received or to be received as a result of such relationship, including any compensation received or to be received in connection with the offering of these Units.

All information furnished herein is for the sole use of the General Partners and their counsel and will be held in confidence by the General Partners and their counsel, except that this Questionnaire and the information set forth herein may be furnished to such parties as the General Partners deem necessary to establish compliance with applicable securities laws.

**ALL INFORMATION WILL BE TREATED CONFIDENTIALLY**

I. **Name:** Nicholas — Horda

**Date of Birth:** 2-5-55 **Citizenship:** USA

**Social Security or Tax Identification No.:** [redacted]

PLAINTIFF'S EXHIBIT 29

**Home Address**

Street: [illegible] City: [illegible]

State: [illegible] Zip Code: [illegible]

Telephone Number: ([illegible]) [illegible]

**Business Address**

Company Name: [illegible]

Street: ______ City: ______

State: ______ Zip Code: ______

Telephone Number: (___) ______

**Education**

High School (Location): [illegible]

College (Name): ______

Degree: ______ Year of Graduation: ______

**Occupation:**

Position or Title: [illegible]

Occupations or duties during the past five years, if different than above:

[illegible]

**Communications**

Send to: Home Address ✓ or Business Address ______

2. I have personally invested in excess of $ [illegible] over the past five years, including investments during such period in excess of $ [illegible] in non-marketable securities.

3. I consider myself to be an experienced and sophisticated investor. I understand the full nature and risk of investing in a new enterprise which has no operational history and I understand that the entire investment, including certain recourse obligations, could be lost.

4. Stated below are my previous investments in oil programs and other tax sheltered investments during the past five years.

| Program | Amount Invested |
|---|---|
| [illegible] | |
| [illegible] | |
| [illegible] | |
| | |

5. I will utilize the services of an offeree representative in connection with this investment.

yes______ no______

(if yes, please indicate name and business address)

Name: ______________________ Telephone: (___) ______________________

Firm: ______________________ Address: ______________________

______________________

______________________

6. I will have an attorney, accountant, investment advisor or other consultant review this investment.

yes______ no______

(if yes, please indicate name and business address)

Name: ______________________ Telephone: (___) ______________________

Firm: ______________________ Address: ______________________

______________________

______________________

7. My income from all sources, without regard to this investment, is in excess of the following amount.

(check one)

| | | | | |
|---|---|---|---|---|
| 1980 (actual) | ____$100,000 | ____$150,000 | ✓ $200,000 | ____$300,000 |
| 1981 (actual) | ____$100,000 | ____$150,000 | ✓ $200,000 | ____$300,000 |
| 1982 (estimate) | ____$100,000 | ____$150,000 | ✓ $200,000 | ____$300,000 |

8. My personal net worth is estimated to be in excess of:

(check one)

____$300,000 ✓ $500,000 ____$750,000 ____$1,000,000

9. I can afford the complete loss of my investment in the Units.

yes ✓ no______

Nick Herda

Name Printed

[signature]

Signature

Memorandum No. A344

11-23, 1982

Date

## OFFEREE REPRESENTATIVE QUESTIONNAIRE

Mr. Louis F. Coppage
General Partner
1860 Lincoln Street, Suite 1230
Denver, Colorado 80295

Re: Dillon Oil Technology Partners — 1982

Dear Mr. Coppage:

The information contained herein is being furnished to the General Partners so that they can determine whether the undersigned may act as an offeree representative, as such term is used in Rule 146 promulgated under the Securities Act of 1933, as amended, in connection with the proposed offer and sale by Dillon Oil Technology Partners — 1982 of Limited Partnership interests ("Units"). The answers set forth below are correct, and the General Partners may rely on them in making this determination.

### REPRESENTATIONS

I represent, warrant and covenant to you that:

(a) The information contained herein is complete and accurate, and may be relied upon by you in determining whether I may act as an offeree representative pursuant to Rule 146 in connection with offers and sales of the Units.

(b) I will notify you immediately of any material change in any of this information occurring within ninety (90) days of the close of sale of the Units to the offeree.

(c) (i) I have been designated, or will be designated, pursuant to the Subscription Agreement of each offeree, as the offeree representative of such offeree, in connection with evaluating the merits and risks of his prospective investment in the Partnership.

(ii) I have disclosed or will disclose, to each offeree, in writing, prior to the designation referred to above, any material (the term "material" when used to modify "relationship" means any relationship that a reasonable investor might consider important in the making of the decision whether to designate a person as his offeree representative) relationship between me or my affiliates (the term "affiliate" of a person means a person that directly or indirectly through one or more intermediaries, controls, or is controlled by, or is under common control with such person) and the General Partners or Partnership or its affiliates, which now exists or is mutually understood to be contemplated, or which has existed at any time during the previous two years, and any compensation received as a result of such relationship, including any compensation received in connection with the offering of Units herein.

(iii) I will deliver to each of you a counterpart of the disclosure statement referred to in (ii) above, and such other documents or information as each of you may request relating to the performance by me of my duties as an offeree representative.

(d) My affiliates and I beneficially own _____ Units of the Partnership.

ALL INFORMATION WILL BE TREATED CONFIDENTIALLY

(Please attach additional sheets if required)