1. Name:____________________ Age:______
2. My present occupation or position is:
   Firm name:____________________
   Nature of business:____________________
   Position:____________________
   Nature of duties:____________________
   Business address:____________________
   Business telephone number: (___)____________________
3. Occupations or positions during the past five years:

____________________

4. Description of prior experience in advising clients with respect to investments, including a description of the types of investments and the dollar amounts involved:
   A. Tax Sheltered Investments:

   ____________________

   B. Other Private Placements:

   ____________________

   C. Other Investments:

   ____________________

5. The professional licenses or registrations (including bar admissions, accounting certificates, real estate brokerage licenses, broker-dealer or investment advisory registrations) held by me are as follows:

| License or Registration | Year Received | Is License or Registration still effective? |
|---|---|---|
| | | |
| | | |
| | | |

6. My educational background, including degrees obtained and dates of attendance:

7. (a) Neither I nor any of my affiliates now have, or have had at any time during the previous two years, any material relationship with the General Partners or the Partnership or any of its affiliates and no such relationship is contemplated, except as follows:

(b) The amounts of compensation received or to be received as a result of the material relationship(s) described in Item 7(a) (including any compensation received or to be received in connection with this transaction) are as follows:

8. Following is a complete list of all of the offerees I represent or for whom I propose to act as an offeree representative:

Signature of offeree representative

Name Printed

Address

, 1982

Date

**DILLON OIL TECHNOLOGY PARTNERS — 1982**
**SUBSCRIPTION AGREEMENT**

1. *Subscription.*

The undersigned hereby applies to become a Limited Partner in Dillon Oil Technology Partners — 1982 (the "Partnership"), a Pennsylvania Limited Partnership, and to purchase the number of Limited Partnership interests ("Units") indicated below in accordance with the terms and conditions of the Limited Partnership Agreement (the "Partnership Agreement") included as Exhibit C of the Partnership's Confidential Memorandum, dated February 15, 1982. This subscription may be rejected whole or in part by the General Partners.

2. *Representations by Subscribing Limited Partner.*

**I HEREBY MAKE THE FOLLOWING REPRESENTATIONS AND WARRANTIES TO THE GENERAL PARTNERS AND THE PARTNERSHIP, AND AGREE TO INDEMNIFY THE GENERAL PARTNERS AND THE PARTNERSHIP, AND THEIR AGENTS AND ALL HOLDERS OF UNITS, AND HOLD THEM HARMLESS FROM, AND PAY ALL DAMAGES, JUDGMENTS, CLAIMS AND LIABILITIES WHICH MAY BE INCURRED AS A RESULT OF ANY MISREPRESENTATION BY ME OR NON-PERFORMANCE OF ANY WARRANTY HEREIN CONTAINED, INCLUDING, BUT NOT LIMITED TO, THAT WHICH MAY ARISE UNDER FEDERAL OR STATE INCOME TAX OR SECURITIES LAWS.**

a. I have received and read the Confidential Memorandum of Dillon Oil Technology Partners — 1982, dated February 15, 1982, to which this Subscription Agreement is attached, and I am familiar with the terms and provisions thereof.

b. I am over 21 years of age and I have knowledge and experience in business and financial matters and particularly the Partnership investment. I am capable of evaluating the Partnership and the proposed activities thereof, and the risks and merits of this prospective investment and AM ___ AM NOT ✓ (check one) utilizing an Offeree Representative in connection with evaluating such risk and merits.

c. I understand that the financial projections included in this Memorandum are for analysis purposes only and that there can be no assurance as to the eventual economic outcome of the undertaking.

d. I have a net worth of at least $500,000, or, alternatively, a net worth of $300,000 and current income subject to a combined federal and state tax rate of 50% or more and I have adequate means of providing for current needs and contingencies and no need for liquidity of my investment in the Partnership.

e. My total investments in and commitments to all non-liquid oil and other similar investments are reasonable in relation to my net worth.

f. I have previously been advised that I would have an opportunity to review all the pertinent facts concerning the Partnership and the General Partners and to obtain any additional information which I might request, to the extent possible or obtainable without unreasonable effort and expense, in order to verify the accuracy and information contained in the Confidential Memorandum.

g. I have been advised to consult with my own attorney regarding legal matters concerning the Partnership and the tax consequences of participating in the Partnership. I understand the tax consequences of participating in this Partnership.

h. I understand that the units of the Partnership have not been registered under the Securities Act of 1933 in reliance upon the exemption from the registration requirements under that Act provided in Section 4(2) as interpreted by Rule 146, and I further understand that I am purchasing an interest in the Partnership without being furnished any offering literature or prospectus other than the Confidential Memorandum. I understand that the interests have not been qualified nor has a permit been obtained from any agency of any state and that they are being sold in reliance on the private placement exemptions of the various state securities laws and, therefore, that I must bear the economic risk of the investment for an indefinite period of time since the units cannot be sold, transferred to or assigned to any person or entity other than the Partnership, the General Partners, other Limited Partners, or by operation of law under the Partnership Agreement, except in compliance with the provisions of the Securities Act of 1933 and applicable state blue sky or securities laws.

i. I understand that the General Partners have the absolute right, which may be arbitrarily exercised, to refuse to consent to the substitution or assignment of a Unit.

j. I understand that there is no market for the Units and probably none will develop and that, therefore, I must bear the economic risks of the investment for an indefinite period of time. In addition, I understand that the Partnership has no obligation to register the Units for sale under the Securities Act of 1933, or file the reports or make public the information required by Rule 144 adopted under the Securities Act of 1933 and that, therefore, I may be precluded from selling or otherwise disposing of my Units for an indefinite period of time or at any particular time.

k. I understand the speculative nature of this investment, and understand that should the program not be successful I could lose my entire investment in the program and receive no income or distributions.

l. I recognize that the Corporate General Partner was organized in 1980 and has little financial or operating history and that the Individual General Partner has limited experience in the oil business and enhanced oil recovery projects and that the Partnership has not had any financial or operating history.

m. I understand that I am not represented by the legal counsel for the General Partners or the Partnership in connection with the formation of this Partnership or sale of these securities.

n. I realize that the subscription price of each unit is $150,000, which is with full recourse to all of my personal assets.

o. I am aware that the tax effects which may be expected by the Partnership are not susceptible to certain prediction, and new developments in rulings of the Internal Revenue Service, court decisions, or legislative changes may have an adverse effect on one or more of the tax consequences sought by the Partnership.

p. I acknowledge that neither of the following has ever been represented, guaranteed, or warranted to me by the General Partners, their agents, employees, or any other person, expressly or by implication:

(a) The approximate or exact length of time that I will be required to remain as owner of the Units.

(b) That my recourse obligations to the Partnership may be forgiven or otherwise released in the event that Partnership cash flow is insufficient to retire said obligations prior to their respective due dates.

The foregoing representations and warranties are true, accurate and correct as of the date hereof and shall be true, accurate and correct as of the date of delivery of the subscription payment to the Partnership and shall survive such delivery. If in any respect such representations and warranties do not remain true,

accurate and correct prior to the release of the subscription payment, the undersigned shall give written notice of such fact to the General Partners specifying which representations and warranties are not true, accurate and correct and the reasons therefore.

3. *Indemnification.*

The undersigned consents to the indemnification of the General Partners by the Partnership, to the extent such indemnification is lawful, in accordance with the terms and provisions of the Partnership Agreement.

4. *Effective on Assigns.*

This Subscription Agreement and the representations and warranties contained herein shall be binding upon the heirs, personal representatives, successors and assigns of the undersigned.

5. *Adoption of Partnership Agreement.*

The undersigned hereby adopts, accepts and agrees to be bound by all the terms and provisions of the Partnership Agreement and to perform all obligations therein imposed upon a Limited Partner with respect to the Units purchased. Upon acceptance of this Subscription by the General Partners on behalf of the Partnership, the undersigned shall become a Limited Partner for all purposes upon the filing by the General Partners of an Amendment to the Certificate of Limited Partnership naming the undersigned as a Limited Partner, which filing should be completed as promptly as possible.

6. *Assumption of Personal Liability to Hemisphere Licensing Corporation.*

The undersigned hereby assumes unconditional personal liability to Hemisphere Licensing Corp. to the extent of the unpaid portion of his $112,500 recourse obligation to the Partnership, which will be assigned to Hemisphere Licensing Corp. as security for the notes given by the Partnership to Hemisphere. This assumption does not include the assumption of personal liability for any interest on that obligation.

7. *Condition of Subscription.*

For each full Unit indicated below, the undersigned delivers $3,500 in cash; a negotiable promissory note in the face amount of $2,500 due August 15, 1982; a negotiable promissory note in the face amount of $6,500 due October 31, 1982; and two negotiable promissory notes in the face amount of $12,500 due on February 15, 1983, and February 15, 1984 respectively.

8. *Number of Unit(s) subscribed:* 1
(not less than one)

9. *Amounts delivered:*

| | |
|---|---|
| Check: | $ 12,500 — |
| Note due August 15, 1982 | X |
| Note due October 31, 1982 | X |
| Note due February 15, 1983 | 12,500 — |
| Note due February 15, 1984 | 12,500 — |
| Obligations due December 31, 1994, 1995 and 1996 (Total: $112,500 per Unit) | 112,500 |
| Total subscription price | $ 150,000 |

Dated: 11-23 1982

X [signature]

Signature

[redacted]

Social Security Number
or Taxpayer Identification Number

Printed name and principal address:

[illegible]

Subscription accepted: 11/29, 1982

By: [signature]
Louis F. Coppage
Individual General Partner

By: American Energy Resources, Inc.
Corporate General Partner

By: [signature]
James A. Cunningham
President

**DILLON OIL TECHNOLOGY PARTNERS — 1982**

**LIMITED PARTNERSHIP SIGNATURE PAGE**

The undersigned, desiring to become a limited partner in and enter into the Limited Partnership Agreement (the "Agreement") in or substantially in the form attached as Exhibit C to the Confidential Memorandum of Dillon Oil Technology Partners — 1982 (the "Partnership"), dated February 15, 1982 hereby agrees to all of the terms of the Agreement and agrees to be bound by the terms and conditions thereof. The undersigned hereby constitutes and appoints each General Partner of the Partnership his true and lawful attorney-in-fact with all the powers and authorities as set forth in Article 17 of such Agreement. The undersigned hereby joins in and executes said Agreement, hereby authorizing this Signature Page to be attached to the Agreement. The power of attorney hereby granted shall be deemed to be coupled with an interest and shall be irrevocable and survive the death of the undersigned.

WITNESS the execution hereof by the undersigned this 23 day of [illegible], 1982.

Number of Units: 1

X Nick Herda
Signature of Limited Partner

Nick Herda
Printed Name of Limited Partner

7150 Schuster R.
Principal Address

LAS VEGAS
City

NEVADA 89118
State Zip Code

# NEGOTIABLE PROMISSORY NOTE

$ 10,500.—

Due: February 15, 1983

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Dillon Oil Technology Partners — 1982, a Pennsylvania Limited Partnership, the principal sum of $ 10,500.— together with interest, at the rate of 11½ percent per year, accruing from the termination date of the Partnership.

It is understood and agreed that in the event of nonpayment of this note on February 15, 1983, and if such default continues for a period of three days after notice, then the holder shall have all the rights and remedies provided by the Uniform Commercial Code as enacted in the Commonwealth of Pennsylvania in addition to those remedies set forth in Article 3.2(e) of the Limited Partnership Agreement. The failure to assert this right shall not be deemed a waiver thereof.

Each maker and endorser hereby forever severally waives presentment, demand for payment, protest and notice of maturity, notice of protest or notice of dishonor of this note and all requirements necessary to hold each of them liable as makers and endorsers.

This note is payable at Denver, Colorado or at such other place as the General Partners shall designate.

If action be instituted on this Note, the Maker promises to pay such sum as the Court may fix as attorney's fees.

Dated 11-23, 1982

X [signature]
(Signature)

Nick Herda
(Print Name)

7152 Schuster
(Address)

Las Vegas Nevada
(City and State)

89115

**NEGOTIABLE PROMISSORY NOTE**

$ 12,500.— Due: February 15, 1984

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Dillon Oil Technology Partners — 1982, a Pennsylvania Limited Partnership, the principal sum of $ 12,500.— together with interest, at the rate of 11½ percent per year, accruing from the termination date of the Partnership.

It is understood and agreed that in the event of nonpayment of this note on February 15, 1984, and if such default continues for a period of three days after notice, then the holder shall have all the rights and remedies provided by the Uniform Commercial Code as enacted in the Commonwealth of Pennsylvania in addition to those remedies set forth in Article 3.2(e) of the Limited Partnership Agreement. The failure to assert this right shall not be deemed a waiver thereof.

Each maker and endorser hereby forever severally waives presentment, demand for payment, protest and notice of maturity, notice of protest or notice of dishonor of this note and all requirements necessary to hold each of them liable as makers and endorsers.

This note is payable at Denver, Colorado or at such other place as the General Partners shall designate.

If action be instituted on this Note, the Maker promises to pay such sum as the Court may fix as attorney's fees.

Dated 11-23, 1982

X [signature]
(Signature)

Nick Herda
(Print Name)

7150 Schuster
(Address)

Las Vegas NV. 89118
(City and State)

# Crowne Oil Technology Partners

1860 Lincoln Street • Suite 1230
Denver, Colorado 80295
Phone: (303) 573-7000

FOR INCLUSION IN YOUR CROWNE OIL TECHNOLOGY, 1981 INVESTOR NOTEBOOK.

PLAINTIFF'S EXHIBIT 30

**CONFIDENTIAL**
PROSPECTIVE OFFEREE QUESTIONNAIRE

Mr. Louis F. Coppage
General Partner
1860 Lincoln Street, Suite 1230
Denver, Colorado 80295

Re: Crowne Oil Technology Partners

Dear Mr. Coppage:

The information contained herein is furnished to the General Partners so that they can determine whether offers and sales of Limited Partnership interests (Units) as more fully described in the Confidential Memorandum of Crowne Oil Technology Partners (the "Partnership"), dated September 11, 1981, may be made to me pursuant to Section 4(2) of the Securities Act of 1933 ("1933 Act") and Rule 146 promulgated thereunder ("Rule 146") and any applicable state securities laws (the "Acts").

I understand that the General Partners will rely upon the information contained herein for purposes of such determination, that the Units will not be registered with the Securities and Exchange Commission nor with the securities regulatory authority of any State in reliance upon the exemptions from registration provided by Sections 4(2) of the 1933 Act and similar exemptions from the other Acts. Further, I understand that the request of the General Partners that I complete this questionnaire does not constitute an offer of the Units to me.

I represent to the General Partners that the information contained herein is complete and accurate and may be relied upon by them. I will notify them immediately of any material change in any of the information occurring prior to the closing of the purchase of my Units.

I understand that if I use an offeree representative(s) as defined in Rule 146 acceptable to the General Partners in connection herewith, I must designate in writing, prior to the purchase of Units, such offeree representative(s) to be my offeree representative(s) in connection with evaluating the merits and risks of my prospective investment in the Partnership, and, such offeree representative(s) must disclose to me, in writing, prior to the designation referred to above, any material relationship between such offeree representative(s) or its affiliates and the General Partners or the Partnership or its affiliates which now exists or is contemplated, or which has existed at any time during the previous two years, and any compensation received or to be received as a result of such relationship, including any compensation received or to be received in connection with the offering of these Units.

All information furnished herein is for the sole use of the General Partners and their counsel and will be held in confidence by the General Partners and their counsel, except that this Questionnaire and the information set forth herein may be furnished to such parties as the General Partners deem necessary to establish compliance with applicable securities laws.

**ALL INFORMATION WILL BE TREATED CONFIDENTIALLY**

1. **Name:** Nicholas Herda.

   Date of Birth: 7-5-55 Citizenship: USA.

   Social Security or Tax Identification No.: [redacted]

5. I will utilize the services of an offeree representative in connection with this investment.

yes______ no ✓

(if yes, please indicate name and business address)

Name: ______________ Telephone: (___) ______________

Firm: ______________ Address: ______________

6. I will have an attorney, accountant, investment advisor or other consultant review this investment.

yes ______ no ✓

(if yes, please indicate name and business address)

Name: ______________ Telephone: (___) ______________

Firm: ______________ Address: ______________

7. My income from all sources, without regard to this investment, is in excess of the following amount. (check one)

| | | | | |
|---|---|---|---|---|
| 1980 (actual) | ____$100,000 | ✓ $150,000 | ____$200,000 | ____$300,000 |
| 1981 (estimate) | ____$100,000 | ✓ $150,000 | ____$200,000 | ____$300,000 |

8. My personal net worth (exclusive of home, furnishings, and automobiles) is estimated to be in excess of: (check one)

$250,000 ✓ or $300,000_____.

9. I can afford the complete loss of my investment in the Units.

yes ______ no ______

Herda

Name Printed

X Nicholas Herda

Signature

Memorandum No. 130

11-23, 1981

Date

N/A

1. Name:______________________ Age:______
2. My present occupation or position is:
   Firm name:______________________
   Nature of business:______________________
   Position:______________________
   Nature of duties:______________________
   Business address:______________________
   Business telephone number: (___)______________________
3. Occupations or positions during the past five years:

4. Description of prior experience in advising clients with respect to investments, including a description of the types of investments and the dollar amounts involved:
   A. Tax Sheltered Investments:

   B. Other Private Placements:

   C. Other Investments:

5. The professional licenses or registrations (including bar admissions, accounting certificates, real estate brokerage licenses, broker-dealer or investment advisory registrations) held by me are as follows:

| License or Registration | Year Received | Is License or Registration still effective? |
|---|---|---|
| | | |
| | | |
| | | |

**CROWNE OIL TECHNOLOGY PARTNERS**
**SUBSCRIPTION AGREEMENT**

1. *Subscription.*

The undersigned hereby applies to become a Limited Partner in Crowne Oil Technology Partners (the "Partnership"), a Pennsylvania Limited Partnership, and to purchase the number of Limited Partnership interests ("Units") indicated below in accordance with the terms and conditions of the Limited Partnership Agreement (the "Partnership Agreement") included as Exhibit C of the Partnership's Confidential Memorandum, dated September 11, 1981. This subscription may be rejected whole or in part by the General Partners.

2. *Representations by Subscribing Limited Partner.*

I HEREBY MAKE THE FOLLOWING REPRESENTATIONS AND WARRANTIES TO THE GENERAL PARTNERS AND THE PARTNERSHIP, AND AGREE TO INDEMNIFY THE GENERAL PARTNERS AND THE PARTNERSHIP, AND THEIR AGENTS AND ALL HOLDERS OF UNITS, AND HOLD THEM HARMLESS FROM, AND PAY ALL DAMAGES, JUDGMENTS, CLAIMS AND LIABILITIES WHICH MAY BE INCURRED AS A RESULT OF ANY MISREPRESENTATION BY ME OR NON-PERFORMANCE OF ANY WARRANTY HEREIN CONTAINED, INCLUDING, BUT NOT LIMITED TO, THAT WHICH MAY ARISE UNDER FEDERAL OR STATE INCOME TAX OR SECURITIES LAWS.

a. I have received and read the Confidential Memorandum of Crowne Oil Technology Partners, dated September 11, 1981, to which this Subscription Agreement is attached, and I am familiar with the terms and provisions thereof.

b. I am over 21 years of age and I have knowledge and experience in business and financial matters and particularly the Partnership investment. I am capable of evaluating the Partnership and the proposed activities thereof, and the risks and merits of this prospective investment and am ___ am not ✓ (check one) utilizing an Offeree Representative in connection with evaluating such risk and merits.

c. I understand that the financial projections included in this Memorandum are for analysis purposes only and that there can be no assurance as to the eventual economic outcome of the undertaking.

d. I have a net worth of at least $250,000 and an annual income some portion of which will be taxable at incremental rates greater than 49 percent and I have adequate means of providing for current needs, contingencies and no need for liquidity of my investment in the Partnership

or,

I have a net worth of at least $300,000 and I have adequate means of providing for current needs, contingencies and no need for liquidity of my investment in the Partnership.

e. My total investments in and commitments to all non-liquid oil and other similar investments are reasonable in relation to my net worth.

f. I have previously been advised that I would have an opportunity to review all the pertinent facts concerning the Partnership and the General Partners and to obtain any additional information which I might request, to the extent possible or obtainable without unreasonable effort and expense, in order to verify the accuracy and information contained in the Confidential Memorandum.

g. I have been advised to consult with my own attorney regarding legal matters concerning the Partnership and the tax consequences of participating in the Partnership. I understand the tax consequences of participating in this Partnership.

The foregoing representations and warranties are true, accurate and correct as of the date hereof and shall be true, accurate and correct as of the date of delivery of the subscription payment to the Partnership and shall survive such delivery. If in any respect such representations and warranties do not remain true, accurate and correct prior to the release of the subscription payment, the undersigned shall give written notice of such fact to the General Partners specifying which representations and warranties are not true, accurate and correct and the reasons therefore.

3. *Indemnification.*

The undersigned consents to the indemnification of the General Partners by the Partnership, to the extent such indemnification is lawful, in accordance with the terms and provisions of the Partnership Agreement.

4. *Effective on Assigns.*

This Subscription Agreement and the representations and warranties contained herein shall be binding upon the heirs, personal representatives, successors and assigns of the undersigned.

5. *Adoption of Partnership Agreement.*

The undersigned hereby adopts, accepts and agrees to be bound by all the terms and provisions of the Partnership Agreement and to perform all obligations therein imposed upon a Limited Partner with respect to the Units purchased. Upon acceptance of this Subscription by the General Partners on behalf of the Partnership, the undersigned shall become a Limited Partner for all purposes upon the filing by the General Partners of an Amendment to the Certificate of Limited Partnership naming the undersigned as a Limited Partner, which filing should be completed as promptly as possible.

6. *Assumption of Personal Liability to Hemisphere Licensing Corporation.*

The undersigned hereby assumes unconditional personal liability to Hemisphere Licensing Corp. to the extent of the unpaid portion of its $112,500 recourse obligation to the Partnership. This assumption does not include the assumption of personal liability for any interest on that obligation.

7. *Condition of Subscription.*

For each full Unit indicated below, the undersigned delivers $12,500 in cash and two negotiable promissory notes in the face amount of $12,500 due on April 15, 1982, and April 15, 1983 respectively.

8. *Number of Unit(s) subscribed:* 1
(not less than one)

9. *Amounts delivered:*

| | |
|---|---|
| Check: | $ 12,500 - |
| Note due April 15, 1982 | 12500 - |
| Note due April 15, 1983 | 12,500 - |
| Obligations due December 31, 1994, 1995 and 1996 (Total: $112,500 per Unit) | 112,500 - |
| Total subscription price | $ 150,000 - |

Dated: 11-23, 1981

X Nicholas Heide
Signature

[redacted]
Social Security Number
or Taxpayer Identification Number

Printed name and principal address:

Subscription accepted: 11-26, 1981

By: Louis F Coppage
Louis F. Coppage
Individual General Partner

By: American Energy Resources, Inc.
Corporate General Partner

By: James A. Cunningham
James A. Cunningham
President

# CROWNE OIL TECHNOLOGY PARTNERS

## LIMITED PARTNERSHIP SIGNATURE PAGE

The undersigned, desiring to become a limited partner in and enter into the Limited Partnership Agreement (the "Agreement") in or substantially in the form attached as Exhibit C to the Confidential Memorandum of Crowne Oil Technology Partners Ltd. (the "Partnership"), dated September 11, 1981 hereby agrees to all of the terms of the Agreement and agrees to be bound by the terms and conditions thereof. The undersigned hereby constitutes and appoints each General Partner of the Partnership his true and lawful attorney-in-fact with all the powers and authorities as set forth in Article 17 of such Agreement. The undersigned hereby joins in and executes said Agreement, hereby authorizing this Signature Page to be attached to the Agreement. The power of attorney hereby granted shall be deemed to be coupled with an interest and shall be irrevocable and survive the death of the undersigned.

WITNESS the execution hereof by the undersigned this 23 day of NOV, 1981.

Number of Units: 1

X Nicholas Herdas
Signature of Limited Partner

Nicholas Herdas
Printed Name of Limited Partner

2150 Schuster
Principal Address

L.V.
City

Nev.
State

89118
Zip Code

**NEGOTIABLE PROMISSORY NOTE**

$ 12,500—

Due: April 15, 1982

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Crowne Oil Technology Partners, a Pennsylvania Limited Partnership, the principal sum of $12,500— together with interest at the rate of 11½ percent per year on April 15, 1982.

It is understood and agreed that in the event of nonpayment of this note on April 15, 1982, and if such default continues for a period of three days after notice, then the holder shall have all the rights and remedies provided by the Uniform Commercial Code as enacted in the Commonwealth of Pennsylvania in addition to those remedies set forth in Article 3.3(c) of the Limited Partnership Agreement. The failure to assert this right shall not be deemed a waiver thereof.

Each maker and endorser hereby forever severally waives presentment, demand for payment, protest and notice of maturity, notice of protest or notice of dishonor of this note and all requirements necessary to hold each of them liable as makers and endorsers.

This note is payable at Denver, Colorado or at such other place as the General Partners shall designate.

If action be instituted on this Note, the Maker promises to pay such sum as the Court may fix as attorney's fees.

Dated 11-23-, 1981

X Nicholas Herda
(Signature)

Nicholas Herda
(Print Name)

2150 Schuster
(Address)

L.V. Nev. 89118
(City and State)

# NEGOTIABLE PROMISSORY NOTE

$ 12,500 -

Due: April 15, 1983

FOR VALUE RECEIVED, the undersigned promises to pay to the order of Crowne Oil Technology Partners, a Pennsylvania Limited Partnership, the principal sum of $ 12,500 together with interest at the rate of 11½ percent per year on April 15, 1983.

It is understood and agreed that in the event of nonpayment of this note on April 15, 1983, and if such default continues for a period of three days after notice, then the holder shall have all the rights and remedies provided by the Uniform Commercial Code as enacted in the Commonwealth of Pennsylvania in addition to those remedies set forth in Article 3.3(c) of the Limited Partnership Agreement. The failure to assert this right shall not be deemed a waiver thereof.

Each maker and endorser hereby forever severally waives presentment, demand for payment, protest and notice of maturity, notice of protest or notice of dishonor of this note and all requirements necessary to hold each of them liable as makers and endorsers.

This note is payable at Denver, Colorado or at such other place as the General Partners shall designate.

If action be instituted on this Note, the Maker promises to pay such sum as the Court may fix as attorney's fees.

Dated 11-23, 1981

X Nicholas Herd
(Signature)

Nicholas Herda
(Print Name)

7150 Schuster
(Address)

L.V. Nev. 89118
(City and State)

Form **1040** Department of the Treasury—Internal Revenue Service
# U.S. Individual Income Tax Return 1986

For the year January 1-December 31, 1986, or other tax year beginning , 1986, ending , 19 | OMB No. 1545-0074

Use IRS label. Otherwise, please print or type.

NICHOLAS & JODI LYNN HERDA
7150 SCHUSTER
LAS VEGAS NV 89118

Your social security number: [redacted]
Spouse's social security number: [redacted]

If this address is different from the one shown on your 1985 return, check here ▶ ☐

**Presidential Election Campaign** ▶
Do you want $1 to go to this fund? X Yes ☐ No
If joint return, does your spouse want $1 to go to this fund? X Yes ☐ No
Note: *Checking "Yes" will not change your tax or reduce your refund.*

For Privacy Act and Paperwork Reduction Act Notice, see Instructions.

## Filing Status

Check only one box.

1. ☐ Single
2. XX Married filing joint return (even if only one had income)
3. ☐ Married filing separate return. Enter spouse's social security no. above and full name here.
4. ☐ Head of household. If the qualifying person is your unmarried child, write child's name here.
5. ☐ Qualifying widow(er) with dependent child (year spouse died ▶ 19 ). (See page 6 of Instructions.)

## Exemptions

Always check the box labeled Yourself. Check other boxes if they apply.

6a XX Yourself ☐ 65 or over ☐ Blind
b XX Spouse ☐ 65 or over ☐ Blind — Enter number of boxes checked on 6a and b ▶ 2

c First names of your dependent children who lived with you — Enter number of children listed on 6c ▶

d First names of your dependent children who did not live with you (see page 6). (If pre-1985 agreement, check here ▶ ☐.) — Enter number of children listed on 6d ▶

e Other dependents:

| (1) Name | (2) Relationship | (3) Number of months lived in your home | (4) Did dependent have income of $1,080 or more? | (5) Did you provide more than one-half of dependent's support? |
|---|---|---|---|---|
| | | | | |
| | | | | |

Enter number of other dependents ▶

f Total number of exemptions claimed (also complete line 36). Add numbers entered in boxes above ▶ 2

## Income

Please attach Copy B of your Forms W-2, W-2G, and W-2P here.

If you do not have a W-2, see page 4 of Instructions.

Please attach check or money order here.

| Line | Description | | Amount |
|---|---|---|---|
| 7 | Wages, salaries, tips, etc. (Attach Form(s) W-2.) | | 73,699. |
| 8 | Interest income *(also attach Schedule B if over $400)* | | 66. |
| 9a | Dividends (also attach Schedule B if over $400) 1,109. 9b Exclusion 200. | | |
| c | Subtract line 9b from line 9a and enter the result | 9c | 909. |
| 10 | Taxable refunds of state and local income taxes, if any, from the worksheet on page 9 of Instructions. | | |
| 11 | Alimony received | | |
| 12 | Business income or (loss) *(attach Schedule C)* | | |
| 13 | Capital gain or (loss) *(attach Schedule D)* | | 610. |
| 14 | 40% of capital gain distributions not reported on line 13 (see page 9 of Instructions) | | |
| 15 | Other gains or (losses) *(attach Form 4797)* | | |
| 16 | Fully taxable pensions, IRA distributions, and annuities not reported on line 17 (see page 9). | | |
| 17a | Other pensions and annuities, including rollovers. Total received | 17a | |
| b | Taxable amount, if any, from the worksheet on page 10 of Instructions | 17b | |
| 18 | Rents, royalties, partnerships, estates, trusts, etc. *(attach Schedule E)* | | -10,334. |
| 19 | Farm income or (loss) *(attach Schedule F)* | | |
| 20a | Unemployment compensation (insurance). Total received | 20a | |
| b | Taxable amount, if any, from the worksheet on page 10 of Instructions | 20b | |
| 21a | Social security benefits (see page 10) | 21a | |
| b | Taxable amount, if any, from worksheet on page 11. { Tax-exempt interest } | 21b | |
| 22 | Other income MAGIC CHEF 601 / MAGIC CHEF 601 | | 1,202. |
| 23 | Add the amounts shown in the right-hand column for lines 7 through 22. This is your **total income** ▶ | | 66,152. |

0240

## Adjustments to Income

(See Instructions on page 11.)

| Line | Description | | Amount |
|---|---|---|---|
| 24 | Moving expense *(attach Form 3903 or 3903F)* | 24 | |
| 25 | Employee business expenses *(attach Form 2106)* | 25 | |
| 26 | IRA deduction, from the worksheet on page 12 | 26 | 4,000. |
| 27 | Keogh retirement plan and self-employed SEP deduction | 27 | |
| 28 | Penalty on early withdrawal of savings | 28 | |
| 29 | Alimony paid (recipient's name and social security no. ) | 29 | |
| 30 | Deduction for a married couple when both work *(attach Schedule W)* | 30 | 1,070. |
| 31 | Add lines 24 through 30. These are your **total adjustments** ▶ | 31 | 5,070. |

PLAINTIFF'S EXHIBIT 31

## Adj. Gr. Income

| Line | Description | | Amount |
|---|---|---|---|
| 32 | Subtract line 31 from line 23. This is your **adjusted gross income** ▶ | 32 | 61,082. |