TAXPAYER: Nicholas & Brenda J. Herda CONTINUATION SHEET PAGE 2

ION 6621(c) INTEREST ON SUBSTANTIAL UNDERPAYMENTS ATTRIBUTABLE TO TAX-MOTIVATED TRANSACTIONS

The entire underpayment of your income tax(es) for the tax year(s)
December 31, 1981 December 31, 1982
is a substantial underpayment attributable to tax motivated transactions under section 6621(c), formerly section 6621(d), of the Internal Revenue Code.

Accordingly, the annual rate of interest payable on your income taxes for the tax year(s) stated above resulting from the substantial underpayment of tax attributable to tax motivated transactions shall be 120 percent of the adjusted rate established under section 6621 (b) of the Internal Revenue Code.

SECTION 6653(a)(2) NEGLIGENCE PENALTY

The IRC section 6653(a)(2) penalty referred to herein is equal to 50 percent of the interest amount due on the portion of the underpayment for each of the years ended

due to negligence or intentional disregard. This penalty is in addition to the 5 percent penalty imposed herein pursuant to IRC section 6653(a)(1). The IRC section 6653(a)(2) penalty applies to $ 17,553.00 and $47,125.00 of the liability for the taxable years ended December 31, 1981 and December 31, 1982, respectively, which is the underpayment attributable to the following adjustment(s) herein:

| Adjustment(s) | Taxable Year | Dollar Amount |
|---|---|---|
| P/S Loss Crown Oil Co. | 1981 | $ 50,403.00 |
| P/S Loss Crown Oil Co. | 1982 | $ 46,930.00 |
| P/S Loss Dillow Oil | 1982 | $ 49,878.00 |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |
| | | $ |

# Appeals Transmittal Memorandum and Supporting Statement

Date: NOV 5 1987

**1. Routing To:** ☐ Examination Support and Processing ☐ EP/EO Division ☐
D.O. ______ ☐ District Counsel ☐ Collection

Copy To: ☐ Examination ☐ Collection ☐ EP/EO Div.-D.O. ☐ ______

From:
Appeals Code: 164
AP: RN:LP
FTS: 470-5546

**2. Special Features**

☐ Examination or EP/EO Followup
☐ Closing Agreement
☐ Fraud Penalty Removal
☐ Transferee Assessment
☐ Restricted Interest
☐ 100% Penalty
☐ Joint Committee
☐ Audit Statements Attached
☐ ____ Form(s) 5479 Attached
☐ EP/EO Determination
☐ Form(s) 885-F/4668 Attached
☐ International Issue
☐ Potential Competent Authority Case
☐ Other

**3. Taxpayer**

HERDA, Nicholas and Brenda

**4. Related Taxpayers**

TIN: [redacted]

Work Unit No.

**5. Tax Years (*KTY)**

8112* and 8212

**6. Type of Case**

☒ Income ☐ Gift ☐ EP/EO Status Issue
☐ Excise ☐ Estate ☐ Ch.____(EP/EO)
☐ Emp. ☐

| 7. Prior Findings: Tax | Penalty | 8. Revised Findings: Tax | Penalty |
|---|---|---|---|
| 64,678 | 22,638 | 64,678 | 22,638 |

**9. Disposal Information**

☐ Agreed, Form No. ______
☐ Unagreed
☐ Review of Counsel Settlement Requested *(See Remarks)*
☐ For Trial Preparation
☒ SND To Be Issued - Copy Attached
☐ Premature Referral
☐ For Foundation Classification
☐

**10. Other Information**

| No. of Conf. | Taxpayer's Representative | District Counsel Attorney | Docket No. | Examiner |
|---|---|---|---|---|
| | | | | B. Burgess |

**11. Remarks and/or Supporting Statement**

The taxpayers were offered an opportunity to accept the Appeals settlement position available on Elektra/Hemisphere. They stated through their attorney that they wished to pay and interest computations were provided. They then discovered that there would be no tax benefit for them due to limitations affecting their 1986 return and never signed the waivers.

A Statutory Notice of Deficiency should be issued which used the numbers from the preliminary notice, i.e. the 30-day letter.

| 12. Appeals Officer | Date | Time | 13. Form(s) 5403 Attached | 14. Earliest Statute Date |
|---|---|---|---|---|
| [signature] | 10/18/87 | 10 | 0 | 872-A |

| 15. Approved ☐ Chief ☒ Assoc./Team Chief | Date | 16. District Counsel *(If Applicable)* | Date |
|---|---|---|---|
| [signature] | 10/24/87 | | |

0283

Form 5402 (Rev. 5-86) *U.S. Government Printing Office: 1986—491-481/54227 Department of the Treasury – Internal

Department of the Treasury - Internal Revenue Service

# Income Tax Examination Changes

| nd Address of Taxpayer | S S or E I Number | Filing Status | Return Form No |
|---|---|---|---|
| holas & Brenda J. Herda<br>0 Schuster<br>Vegas, Nv. 89118 | [redacted] | JOINT | 1040 |
| | Person examination changes were discussed with | Name and Title | |

| djustments to Income | Year: 1981 | Year: | Year: |
|---|---|---|---|
| . P/S Loss Crowne Oil Co. | $ 50,403.00 | $ | $ |
| . | | | |
| . | | | |
| . | | | |
| . | | | |
| . | | | |
| . | | | |
| . | | | |
| . | | | |
| . | | | |
| . | | | |
| Tot Adjustments | 50,403.00 | | |
| Taxable income shown on return or as previously adjusted | 29,990.00 | | |
| Corrected taxable income | 80,393.00 | | |
| Tax 81-Sch G | 23,702.00 | | |
| | | | |
| Corrected tax liability | 23,702.00 | | |
| Less Credits A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| Balance (line 7 less total of lines 8A thru 8D) | 23,702.00 | | |
| Plus Additional Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| Total corrected income tax liability (line 9 + 10A,B,C,D) | 23,702.00 | | |
| To. tax shown on return or as previously adjusted | 6,149.00 | | |
| Deficiency or Overassessment (line 11 adjusted by line 12) | 17,553.00 | | |
| Adjustments to prepayment credits | .00 | | |
| Balance due or Overpayment (line 13 adjusted by line 14) not including interest | $ 17,553.00 | $ | $ |
| Penalties, if any | 6,144.00 | | |

Information *If in agreement. Sign & Return*

| iner's Signature | District | Date |
|---|---|---|
| | LAS VEGAS | 05/14/86 |

onsent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the nited States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any ncrease in tax and penalties, and accept any decrease in tax and penalties shown above, plus any interest as provided by law. It is nderstood that this report is subject to acceptance by the District Director.

| : If a joint return filed, both taxpayers must sign | Signature of Taxpayer | Date | Signature of Taxpayer | Date |
|---|---|---|---|---|
| | X | X | X | X |
| | | | Title | Date |

0284

Form 4549 (SF-LAS)

ame of Taxpayer: Nicholas & Brenda J. Herda Schedule 1
dentification Number: [redacted] 05/14/86

1981 SCHEDULE G - INCOME AVERAGING

| | | | |
|---|---|---|---|
| 1. | 1977 Base period income | 5,428.00 | |
| 2. | 1978 Base period income | 12,933.00 | |
| 3. | 1979 Base period income | 5,747.00 | |
| 4. | 1980 Base period income | 58,011.00 | |
| 5. | Income earned outside the U.S. | | |
| 6. | Sum of lines 1 through 5 | | 82,119.00 |
| 7. | Line 6 multiplied by 30% | | 24,636.00 |
| 8. | 1981 Taxable Income | | 80,393.00 |
| 9. | Premature or excessive distribution Sec. 72 | | |
| 0. | Line 8 less line 9 | | 80,393.00 |
| 1. | Excess community income | | |
| 2. | Line 10 less line 11 | | 80,393.00 |
| 3. | Line 12 less line 7 - Averageable Income | | 55,757.00 |
| 4 | Line 13 multiplied by 20% | | 11,151.00 |
| 5 | Sum of lines 7 and 14 | | 35,787.00 |
| 6. | Sum of lines 11 and 15 | | 35,787.00 |
| 17. | Tax on amount on line 16 | | 8,414.00 |
| 18. | Tax on amount on line 15 | 8,414.00 | |
| 19. | Tax on amount on line 7 | 4,517.00 | |
| 20. | Line 18 less line 19 | 3,897.00 | |
| 21. | Line 20 multiplied by 4 | | 15,588.00 |
| | Lines 22 through 24 completed if entry on line 9 | | |
| 22. | Tax on line 8 | | |
| 23. | Tax on line 10 | | |
| 24. | Line 22 less line 23 | | |
| 25. | Sum of lines 17, 21, and 24 | | 24,002.00 |
| 26. | Line 25 multiplied by .0125 | | 300.00 |
| 27. | Line 25 less line 26 - SCHEDULE G TAX | | 23,702.00 |

1981 - EXPLANATION OF INTEREST ON TAX MOTIVATED TRANSACTIONS

It is determined that part of the underpayment of tax is attributable to tax motivated transactions as defined under Section 6621(d) of the Internal Revenue Code. Consequently, the annual rate of interest accruing after December 31, 1984 will be 120% of the adjusted rate established under Section 6621(b) on any substantial underpayment attributable to tax motivated transactions. Interest applying to the amount on line 3 below will be computed at the 120% rate and assessed later.

| | | |
|---|---|---|
| 1. | Total corrected tax liability, Form 4549, line 11 | 23,702.00 |
| 2. | Total corrected tax liability without regard to tax motivated transactions | 6,149.00 |
| 3. | Line 1 less line 2 - Underpayment attributable to tax motivated transactions (0 if under $1,000) | 17,553.00 |

ADJUSTMENTS ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS:

1. P/S Loss Crowne Oil Co. 50,403.00

Identification Number: [redacted] 05/14/86

EXPLANATION OF THE VALUATION OVERSTATEMENT PENALTY

Since part or all of the underpayment of tax is attributable to a valuation overstatement, a percentage of the deficiency due to such overstatement is asserted as a penalty pursuant to Section 6659 of the Internal Revenue Code.

1981 - VALUATION OVERSTATEMENT PENALTY

| | | | |
|---|---|---|---|
| 1. | Tax Deficiency, Form 4549, line 13 | | 17,553.00 |
| 2. | Total corrected tax liability, Form 4549, line 11 | | 23,702.00 |
| 3. | Total corrected tax liability excluding issues to which valuation overstatement is attributable | | 6,149.00 |
| 4. | Line 2 less line 3 - tax on issues to which valuation overstatement is attributable | | 17,553.00 |
| 5 | Lesser of line 1 or line 4 - 0 if less than $1000 . Deficiency subject to Overvaluation Penalty | | 17,553.00 |
| 6. | Valuation claimed | 251.00 | |
| 7. | Valuation determined by IRS | 1.00 | |
| 8. | Line 6 divided by line 7 - overstatement percentage | | Over 1000% |
| 9. | Applicable penalty percent | | 30% |
| 0. | Line 5 multiplied by line 9 | | 5,266.00 |
| 1. | Previously assessed Overvaluation Penalty | | .00 |
| 2. | Line 10 less line 11 - VALUATION OVERSTATEMENT PENALTY | | 5,266.00 |

ADJUSTMENTS TO WHICH VALUATION OVERSTATEMENT PENALTY APPLIES:

| | | |
|---|---|---|
| 1 | P/S Loss Crowne Oil Co. | 50,403.00 |

dentification Number: [redacted] 05/14/06

---

## SUMMARY OF ASSESSED PENALTIES

| | 1981 |
|---|---|
| legligence, IRC Sec 6653(a)(1) | 878.00 |
| legligence, IRC Sec 6653(a)(2) | Penalty will be determined later. |
| 'aluation Overstatement, IRC 6659 | 5,266.00 |
| otal Penalties, Form 4549, line 16 | 6,144.00 |

Departme of the Treasury - Internal Rev ue Service

# Income Tax Examination Changes

| and Address of Taxpayer | S S or E I Number | Filing Status | Return Form |
|---|---|---|---|
| .cholas Herda<br>150 Schuster<br>ıs Vegas, NV. 89118 | [redacted] | SINGLE | 1040 |
| | Person exam-<br>ination changes<br>were discussed with | Name and Title | |

| Adjustments to Income | Years 1982 | Years | Years |
|---|---|---|---|
| A. P/S Loss Crowne Oil Co. | $ 46,930.00 | $ | $ |
| B. P/S Loss Dillon Oil | 49,878.00 | | |
| C. | | | |
| D. | | | |
| E. | | | |
| F. | | | |
| G. | | | |
| H. | | | |
| I. | | | |
| J. | | | |
| | | | |
| .l Adjustments | 96,808.00 | | |
| Taxable income shown on return or as previously adjusted | 26,588.00 | | |
| Corrected taxable income | 123,396.00 | | |
| Tax 82-Rate | 53,016.00 | | |
| | | | |
| Corrected tax liability | 53,016.00 | | |
| Less Credits A. INVESTMENT CREDIT | 250.00 | | |
| B. | | | |
| C. | | | |
| D. | | | |
| Balance (line 7 less total of lines 8A thru 8D) | 52,766.00 | | |
| Plus Additional Taxes A. | | | |
| B. | | | |
| C. | | | |
| D. | | | |
| .l corrected income tax liability (line 9 + 10A,B,C,D) | 52,766.00 | | |
| ..al tax shown on return or as previously adjusted | 5,641.00 | | |
| Deficiency or Overassessment (line 11 adjusted by line 12) | 47,125.00 | | |
| Adjustments to prepayment credits | .00 | | |
| Balance due or Overpayment (line 13 adjusted by line 14) not including interest | $ 47,125.00 | $ | $ |
| Penalties, if any | 16,494.00 | | |

her Information *If in agreement Sign & return*

| aminer's Signature | District | Date |
|---|---|---|
| | LAS VEGAS | 05/14/86 |

Consent to Assessment and Collection - I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus any interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

| ote: If a joint return as filed, both tax-payers must sign | Signature of Taxpayer | Date | Signature of Taxpayer | Date |
|---|---|---|---|---|
| | x | x | | |
| y | | | Title | Da |

0289

ame of Taxpayer: N[redacted]olas Herda Schedule 1
dentification Number: [redacted] 05/14/86

1982 - EXPLANATION OF INTEREST ON TAX MOTIVATED TRANSACTIONS

It is determined that part of the underpayment of tax is attributable to tax motivated transactions as defined under Section 6621(d) of the Internal Revenue Code. Consequently, the annual rate of interest accruing after December 31, 1984 will be 120% of the adjusted rate established under Section 6621(b) on any substantial underpayment attributable to tax motivated transactions. Interest applying to the amount on line 3 below will be computed at the 120% rate and assessed later.

| | | |
|---|---|---|
| 1. | Total corrected tax liability, Form 4549, line 11 | 52,766.00 |
| 2. | Total corrected tax liability without regard to tax motivated transactions | 5,641.00 |
| 3. | Line 1 less line 2 - Underpayment attributable to tax motivated transactions (0 if under $1,000) | 47,125.00 |

ADJUSTMENTS ATTRIBUTABLE TO TAX MOTIVATED TRANSACTIONS:

| | | |
|---|---|---|
| 1. | P/S Loss Crowne Oil Co. | 46,930.00 |
| 2. | P/S Loss Dillon Oil | 49,878.00 |
| 3. | Investment Credit Crowne Oil Co. | 22.00- |

ame of Taxpayer: [illegible] Schedule 2
entification Number: [redacted] 05/14/86

## EXPLANATION OF THE VALUATION OVERSTATEMENT PENALTY

Since part or all of the underpayment of tax is attributable to a valuation overstatement, a percentage of the deficiency due to such overstatement is asserted as a penalty pursuant to Section 6659 of the Internal Revenue Code.

### 1982 - VALUATION OVERSTATEMENT PENALTY

| | | | |
|---|---|---|---|
| 1. | Tax Deficiency, Form 4549, line 13 | | 47,125.00 |
| 2. | Total corrected tax liability, Form 4549, line 11 | | 52,766.00 |
| 3. | Total corrected tax liability excluding issues to which valuation overstatement is attributable | | 5,641.00 |
| 4. | Line 2 less line 3 - tax on issues to which valuation overstatement is attributable | | 47,125.00 |
| 5. | Lesser of line 1 or line 4 - 0 if less than $1000 Deficiency subject to Overvaluation Penalty | | 47,125.00 |
| 6. | Valuation claimed | 251.00 | |
| 7. | Valuation determined by IRS | 1.00 | |
| 8. | Line 6 divided by line 7 - overstatement percentage | | Over 1000% |
| 9. | Applicable penalty percent | | 30% |
| 10. | Line 5 multiplied by line 9 | | 14,138.00 |
| 11. | Previously assessed Overvaluation Penalty | | .00 |
| 12. | Line 10 less line 11 - VALUATION OVERSTATEMENT PENALTY | | 14,138.00 |

### ADJUSTMENTS TO WHICH VALUATION OVERSTATEMENT PENALTY APPLIES:

| | | |
|---|---|---|
| 1. | P/S Loss Crowne Oil Co. | 46,930.00 |
| 2. | P/S Loss Dillon Oil | 49,878.00 |
| 3. | Investment Credit Crowne Oil Co. | 22.00- |

me of Taxpayer: N[redacted]holas Herda Schedule 3
entification Number: [redacted] 05/14/86

# SUMMARY OF ASSESSED PENALTIES

| | 1982 |
|---|---|
| egligence, IRC Sec 6653(a)(1) | 2,356.00 |
| egligence, IRC Sec 6653(a)(2) | Penalty will be determined later. |
| aluation Overstatement, IRC 6659 | 14,138.00 |
| otal Penalties, Form 4549, line 16 | 16,494.00 |

Instructions

General Information

If you consent to the assessment of the deficiencies shown in this waiver, please sign and return the form in order to limit any interest charge and expedite the adjustment to your account. Your consent will not prevent you from filing a claim for refund (after you have paid the tax) if you later believe you are so entitled. It will not prevent us from later determining, if necessary, that you owe additional tax; nor extend the time provided by law for either action.

If you later file a claim and the Service disallows it, you may file suit for refund in a district court or in the United States Court of Claims, but you may not file a petition with the United States Tax Court.

We will consider this waiver a valid claim for refund or credit of any overpayment due you resulting from any decrease in tax and penalties determined by the Internal Revenue Service, shown above, provided you sign and file it within the period established by law for making such a claim.

Who Must Sign

If you filed jointly, both you and your spouse must sign. If this waiver is for a corporation, it should be signed with the corporation name, followed by the signatures and titles of the corporate officers authorized to sign. An attorney or agent may sign this waiver provided such action is specifically authorized by a power of attorney which, if not previously filed, must accompany this form.

If this waiver is signed by a person acting in a fiduciary capacity (for example, an executor, administrator, or a trustee) Form 56, Notice Concerning Fiduciary Relationship, should, unless previously filed, accompany this form.

UNITED STATES TAX COURT

U.S. TAX COURT

'87 DEC 29 AM 11:01

| | | |
|---|---|---|
| GARY A. WILLETTS and<br>ESTATE OF ELLA S. WILLETTS<br>GARY A. WILLETTS, EXECUTOR;<br>NICHOLAS HERDA and<br>BRENDA J. HERDA;<br><br>Petitioners,<br><br>vs.<br><br>COMMISSIONER OF INTERNAL<br>REVENUE SERVICE,<br><br>Respondent. | ) | DOCKET NO. 39856-87<br><br>ELEKTRA/HEMISPHERE |

EXTRA COPY

| | |
|---|---|
| MAIL CLERK | |
| ADMISSIONS | |
| RECORDED & SERVED | |
| | |
| PUB. FILES | ✓ |

**PETITION**

The Petitioners hereby petition for a redetermination of the deficiencies set forth by the Commissioner of Internal Revenue in their Notices of Deficiency, copies of which are attached hereto and as the basis for their case allege as follows:

1. The Petitioners are:

| NAME AND ADDRESS | SOCIAL SECURITY NO. | PLACE FILED |
|---|---|---|
| Gary A. Willetts and<br>Estate of Ella S. Willetts<br>Gary A. Willetts, Executor<br>8708 Witherbee Court<br>Clemmons, NC 27012 | [redacted] | Winston-Salem,<br>No. Carolina |
| Nicholas Herda and<br>Brenda Herda<br>7150 Schuster<br>Las Vegas, NV 89118 | [redacted] | Winston-Salem,<br>No. Carolina |

PLAINTIFF'S EXHIBIT 38

SERVED DEC 30 1987

2. The Notices of Deficiency were mailed as follows:

| NAME | DATE MAILED | FROM |
| --- | --- | --- |
| Gary A. Willetts and Estate of Ella S. Willetts Gary A. Willetts, Executor | Sept. 29, 1987 | Greensboro, No. Carolina |
| Nicholas Herda and Brenda J. Herda | Nov. 5, 1987 | San Francisco California |

3. The deficiencies as determined by the Commissioner are:

| Petitioner | Tax Year | Deficient Income Tax | Amount in Dispute | Penalty |
| --- | --- | --- | --- | --- |
| Gary A. Willetts & Estate of Ella S. Willetts, Gary A. Willetts, Executor | 12/31/82 | $ 6,700.00 | $ 6,700.00 | * |
| Nicholas Herda and Brenda J. Herda | 12/31/81 | $17,553.00 | $17,553.00 | ** |
| | 12/31/82 | $47,125.00 | $47,125.00 | *** |

*Willetts - IRS 6653(a)(1) $335.00; 6653(a)(2) to be determined; 6659 2,010.00.

**Herda - 1981 IRS 6653(a) $878.00; 6659 $5266.00.

***Herda - 1982 IRS 6653(a) $2356.00; 6659 $14,138.00.

4. The determination of taxes set forth in said Notices of Deficiency is based on the following errors:

(As to Crowne and Dillon Oil)

A. In determining the tax liability, the Commissioner has erroneously increased taxable income of the petitioners by disallowing a partnership loss from Crowne Oil ("Crowne" or "Partnership") based on the Commissioner's erroneous and arbitrary conclusion that:

(1) Petitioners failed to establish that the underlying events, transactions and expenditures occurred in fact or in substance;

(2) The claimed losses, deductions and tax credits did not originate in a trade or business or in a transaction entered into for profit;

(3) The notes executed by Petitioners in favor of the Partnership are non-recourse, contingent, speculative and lacking in economic substance;

(4) Petitioners were not at risk within the meaning of IRC Sec. 465 for any amounts in excess of those actually paid in cash to the Partnership, and thus said losses are in excess of Petitioners' adjusted basis.

(5) The claimed losses and deductions materially distorted income and;

(6) The stated price of the technology license and the various extraction rights exceed the actual cost to the Partnership for those items. Thus, losses and deductions based thereon are disallowed since they lack economic reality.

Furthermore, the claimed losses, deductions and tax credits are unallowable because they derive from expenditures which:

(7) Were incurred prior to the commencement of any business activity;

(8) Do not qualify as ordinary and necessary business expenses of the Partnership or expenses incurred by the partnership for the production of income;

(9) Were not properly accrued by the Partnership;

(10) Were not incurred by the Partnership in connection with the purpose designated by the Partnership;

(11) Were capital in nature.

In addition, it has not been shown:

(12) That the entity from which the Partnership purportedly licensed a technology portfolio (Elektra or Hemisphere) had any rights to such property which could be licensed;

(13) What the fair market value of the purported technology license is, and that the purported (stated) price of the license to the Partnership, did not unreasonably exceed the fair market value of such license;

(14) What the fair market value of the extraction rights to the Monroe Gas Fields is, and that the purported (stated) price of such extraction rights to the Partnership, did not unreasonably exceed the fair market value of such rights; and

(15) That the Partnership had any rights to the extraction of the Wyoming-Utah tar sands, the fair market value of such rights, if any; and that the purported (stated) price of such extraction rights did not unreasonably exceed the fair market value thereof.

(16) License fees claimed by the Partnership do not qualify as research and experimental expenditures under I.R.C. Sec. 174.

In addition, with respect to advanced minimum royalties claimed by the Partnership, it has not been established:

(17) That the amounts claimed were paid or accrued with respect to oil, gas, or other mineral products which were sold in the same year;

(18) That alleged payments constitute substantially uniform royalties to be paid over the life of the lease or otherwise qualify under the provisions of I.R.C. Sec. 612 and the regulations thereunder, and;

(19) That the amounts claimed do not constitute capital expenditures; therefore,

(a) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for License Fees.

(b) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for Consulting Fees.

(c) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for Legal Fees.

(d) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for Amortization of Organization Costs.

(e) The Commissioner erroneously disallowed the petitioners' share of the Partnership deduction for Guaranteed Payment made to the General Partner.

B. In determining the tax liability, the Commissioner has erroneously proposed an addition to tax under Code Section 6621(c).

C. As affirmative Defense the Petitioners assert that the allegations of Respondent amount to allegations of fraud and are scandalous and therefore, under the Rules of the United States Tax Court, the burden of going forward on all such issues must be shifted to the Respondent and it should be limited therein to untainted evidence.

D. As an additional affirmative Defense the Petitioners allege that the wife of the husband Petitioner should be deemed an innocent spouse and not liable for any deficiency. The innocent spouse is not familiar at all with the underlying investment nor the basis for the claimed deductions in that the husband managed the activity, made all of the decisions and did not disclose any material facts and circumstances to the innocent spouse, the wife, and she gained no benefit.

5. The facts upon which petitioners rely as the basis of this proceeding are as follows:

A. Crowne Oil (the "Partnership") was organized as a limited partnership under the laws of Pennsylvania in 1981 to acquire producing wells and their adjoining properties, and to improve production from those properties by applying enhanced oil recovery and advanced production technologies.

B. In 1981, petitioners purchased an interest in the Partnership.

C. That petitioners paid substantial amounts to the Partnership on December 31, 1981, and executed various negotiable promissory notes.

D. On December 31, 1981, petitioners assumed unconditional liability to the extent of $56,250 per unit of the Partnership's liability to Hemisphere Licensing Corporation ("Hemisphere").

E. In 1981, the Partnership began investigating the primary and secondary oil and gas recovery potential of a 60 acre tract ("Properties") subject to the leasehold working interest held by Tulesbond, Ltd. ("Tulsebond") in the E. O. Gregory lease covering 1,126 acres in the Parker Township, Butler County, Pennsylvania.

F. In 1981, the Partnership retained Lewin Energy Corporation ("Lewin Energy") to conduct a geological investigation of the Properties. The geological investigation resulted in Lewin Energy reporting sufficient oil and gas reserves for profitable operations.

G. In 1981, the Partnership retained legal counsel to render a title opinion of Tulsebond's leasehold working interest in the Properties.

H. In 1981, the Partnership retained Lewin Energy to prepare a financial analysis report based upon its investigation of reserves on the Properties. Lewin Energy's report indicated a favorable profit and cash flow projection based upon assumptions and projections used by the U.S. Department of Energy and other oil industry experts.

I. In 1981, the Partnership, relying on reports furnished by oil industry experts, acquired the operating rights on the Properties held by Tulsebond. Tulsebond conveyed a 100% working interest to the Partnership, subject to the landowner's royalty interest of 12.5% and a 6.25% overriding royalty interest to Tulsebond.

J. In 1981, the Partnership retained Technical Enterprises, Inc. ("Operator") to manage the existing wells on the Properties, make tests for future wells and plug dry holes and provide general maintenance of the Properties.

K. In 1981, the Partnership retained Petroleum Sciences, Inc. to manage oil and gas production facilities and to advise the Partnership of the research and development of enhanced oil recovery ("EOR") technologies and processes.

L. In 1981, the Partnership retained Northbrook Corporation to locate additional target fields likely to contain sufficient petroleum reserves and to conduct negotiations on behalf of the Partnership once a target field was identified.

M. In 1981, the Partnership retained Technology Catalysts, Inc. ("Technology") to conduct an investigation of EOR and other oil and gas technologies and processes held by Hemisphere Licensing Corporation ("Hemisphere"). Technology's findings reported that Hemisphere offered the Partnership the best opportunity in the United States to obtain rights to advance oil and gas recovery technologies.

N. In 1981, the Partnership further retained legal counsel to render an opinion as to the scope of rights in certain inventions and patents held only by Hemisphere.

O. On December 31, 1981, after considerable arms-length negotiations and based on the favorable reports of Technology (See M) and legal counsel (see above), the Partnership entered into an agreement ("License") with Hemisphere to obtain the rights to use all current and future inventions and patents ("Technologies") held by Hemisphere.

P. On December 31, 1981, in consideration for the License and for research and experimentation, the Partnership agreed to pay Hemisphere $5,050,000 for the first years right to use the Technologies. The Partnership paid some cash and executed a negotiable recourse promissory note ("Note"). The Note is due on December 31, 2006 and bears interest at 10% per annum.

Q. Hemisphere does not possess either a capital interest or a net profits interest in the Partnership.

R. In 1981, the Partnership paid or incurred organization costs to which the Partnership elected to amortize over sixty months pursuant to Section 709 of the Internal Revenue Code of 1954, as amended, ("Code"). Therefore, the Partnership properly reported amortization expense.00.

S. In 1981, the Partnership paid or incurred syndication costs which were properly capitalized.

T. In 1981, the Partnership paid or incurred consulting fees.

U. In 1981, the Partnership paid or incurred legal fees for legal services not rendered in the syndication or organization of the Partnership.

V. In 1981, the Partnership paid or incurred certain guaranteed payments to the General Partner.