FORM 870-L(AD)(3-93)

DATE: 03-14-94

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS
AND AFFECTED ITEMS

IN REPLY
REFER TO:
MS 4550
031494-0483

TAXPAYER(S) NAME(S) AND ADDRESS

NICHOLAS HERDA
7150 SCHUSTER
LAS VEGAS NV 89118-5137-502

TIN: [redacted]

NAME OF PARTNERSHIP

DILLON OIL TECHNOLOGY PARTNERS-1982

TIN: 84-0862763

TAX YEAR ENDED: 1983

Part II: Offer of Settlement of Affected Items

Under the provisions of sections 6224(c) and 7121 of the Internal Revenue Code, the Commissioner of Internal Revenue and the undersigned taxpayer(s) agree to the determination of partner level determinations (affected items). These items:

(1) limit the amount of partnership item deductions or credits at the partner level pursuant to sections 704(d), 465, or 469 of the Code, as set forth in the attached schedule of adjustments, and/or

(2) are additions to tax, and interest under section 6621(c) of the Code, as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with sections 6224(b) and 6213(d), also waives the restrictions provided by sections 6230(a) and 6213(a) of the Code, and consents to the assessment and collection of tax attributable to the application of sections 704(d), 465 or 469 of the Code, and any additions to tax, and interest under section 6621(c), as set forth in the attached schedule of adjustments; plus any interest provided by law.

This agreement is conditional, and will not become effective or final until this agreement form is returned to the Commissioner of Internal Revenue and is signed on his or her behalf. The one year extension of the period of limitations on assessment under section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf.

If this agreement form is signed for the Commissioner, the treatment of the specified affected items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact; and no claim for an adjustment to these affected items or for a refund or credit based on any change in the treatment of these affected items may be filed or prosecuted.

This agreement with respect to affected items is not subject to a request for consistent settlement pursuant to section 6224(c)(2).

SIGNATURE OF TAXPAYER: Nicholas Herda — DATE: 1-11-01

SIGNATURE OF TAXPAYER: — DATE:

BY (SIGNATURE AND TITLE): — DATE:

* * * * * * * * * * * * * * * * * *

* * * * * * * * * * * * * * * * * *

FOR INTERNAL REVENUE USE ONLY

DATE ACCEPTED FOR COMMISSIONER: 2/7/2001

SIGNATURE: Julia H. Whitter

OFFICE: Appeals Settlement

TITLE: Appeals Team Manager

(SEE ENCLOSED INSTRUCTIONS)

Department of the Treasury - Internal Revenue Service

T/9

## Settlement Agreement For Partnership Adjustments and Affected Items

### Schedule of Adjustments

| Name of Partnership<br>Dillon Oil Technology Partners - 1982<br>Taxpayer Identifying Number: 84-0862763 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-83 | | |
| Detail of Adjustments To Ordinary Income<br>Part I. Partnership Items<br>Ordinary Income(Loss)<br>Per Return (17,292,422)<br>As Corrected 114,949<br>Adjustment 17,407,371 | 17,407,371 | | |
| Total Adjustments To Ordinary Income | 17,407,371 | | |
| Other Adjustment : Qualified Investment In Recovery Property - New - Other - Sec. 48(q) Election | | | |
| (1) Adjustment | 3,490 | | |
| (2) As Reported | 3,490 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Qualified Investment In Recovery Property - Used - Other - Sec. 48(q) Election | | | |
| (1) Adjustment | 89,207 | | |
| (2) As Reported | 89,207 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Net Earnings(Loss) from Self-employment | | | |
| (1) Adjustment | (11,471) | | |
| (2) As Reported | 11,471 | | |
| (3) Corrected | -0- | | |

Remarks:

Part II. Affected Items

1. Additions to Tax

No penalties shall apply under §6659; or §6661 of the Internal Revenue Code in connection with the partner's partnership activity.

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

0322

Department of the Treasury - Internal Revenue Service

# Settlement Agreement For Partnership Adjustments and Affected Items

## Schedule of Adjustments

Name of Partnership

Dillon Oil Technology Partners - 1982

Taxpayer Identifying Number: 84-0862763

| Detail of Adjustments To Ordinary Income | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-83 | | |
| Part I. Partnership Items | | | |
| Other Adjustment : Net Income from Oil, Gas, or Geothermal Wells - Tax Preference Item | | | |
| (1) Adjustment | (21,176) | | |
| (2) As Reported | 21,176 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Net Investment Income(Loss) - Tax Preference Item | | | |
| (1) Adjustment | 17,119,498 | | |
| (2) As Reported | (17,119,498) | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Net Investment Income(Loss) - Investment Interest | | | |
| (1) Adjustment | (5,370,445) | | |
| (2) As Reported | 5,370,445 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Cost Depletion Oil & Gas | | | |
| (1) Adjustment | 93,769 | | |
| (2) As Reported | 93,769 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Oil & Gas Depletion to the Extent of Basis | | | |
| (1) Adjustment | 93,769 | | |
| (2) As Reported | 93.769 | | |
| (3) Corrected | -0- | | |

Remarks:

0323

Part II. Affected Items

1. Additions to Tax

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the

FORM 870-P(AD)(5-88) DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE SETTLEMENT AGREEMENT FOR PARTNERSHIP ADJUSTMENTS

DATE: 12-27-93

IN REPLY REFER TO: MS 4550 122793-0213

TAXPAYER(S) NAME(S) AND ADDRESS

NICHOLAS HERDA
7150 SCHUSTER
LAS VEGAS NV 89118-5137-502

TIN: [redacted]

NAME OF PARTNERSHIP

DILLON OIL TECHNOLOGY PARTNERS

TIN: 84-0862763

TAX YEAR ENDED: 1984

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

| | | |
|---|---|---|
| SIGNATURE OF TAXPAYER | Nicholas Herda | DATE 1-11-01 |
| SIGNATURE OF TAXPAYER | | DATE |
| BY (SIGNATURE AND TITLE) | | DATE |

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOI RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOT SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SI AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICE AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FO

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OF FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY T YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREA IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTE AS PROVIDED BY LAW.

PLAINTIFF'S EXHIBIT 44

| | | |
|---|---|---|
| FOR INTERNAL REVENUE USE ONLY | DATE ACCEPTED FOR COMMISSIONER | SIGNATURE Julie D. Mitter 2/7/2001 |
| | OFFICE Appeals Settlement | TITLE Appeals Team Manager |

SPECIAL NOTICE FOR DESERT STORM PERSONNEL

IF YOU OR YOUR SPOUSE ARE SERVING AS PART OF THE MULTI-NATIONAL EFFORT IN THE PERSIAN GULF AREA, WHETHER MILITARY OR CIVILIAN, PLEASE CONTACT US AT THE ADDRESS OR TELEPHONE NUMBER SHOWN AT THE TOP OF THE ENCLOSED LETTER, SO THAT WE CAN PROVIDE YOU WITH ALL THE BENEFITS TO WHICH YOU ARE ENTITLED UNDER THE LAW. WE REGRET ANY INCONVENIENCE THIS CORRESPONDENCE MAY HAVE CAUSED YOU.

Department of the Treasury - Internal Revenue Service

## Settlement Agreement For Partnership Adjustments and Affected Items

### Schedule of Adjustments

| Name of Partnership<br>Dillon Oil Technology Partners - 1982<br><br>Taxpayer Identifying Number: 84-0862763 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-84 | | |
| Detail of Adjustments To Ordinary Income<br>Part I. Partnership Items<br><br>Ordinary Income(Loss)<br>Per Return (18,974,297)<br>As Corrected (150,947)<br>Adjustment 18,823,350 | 18,823,350 | | |
| Total Adjustments To Ordinary Income | 18,823,350 | | |
| Other Adjustment : Qualifying Basis in Investment Property-New-Other-Sec. 48(q) Election | | | |
| (1) Adjustment | 90,863 | | |
| (2) As Reported | 90,863 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Qualifying Basis in Investment Property-3Yr.-New-Sec. 48(q) Election | | | |
| (1) Adjustment | 8,246 | | |
| (2) As Reported | 8,246 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Guaranteed Payments | | | |
| (1) Adjustment | 97,933 | | |
| (2) As Reported | -0- | | |
| (3) Corrected | 97,933 | | |

Remarks: Part I Partnership Items continued on next page.

0326

Part II. Affected Items

1. Additions to Tax

No penalties shall apply under §6659; or §6661 of the Internal Revenue Code in connection with the partner's partnership activity.

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

Department of the Treasury - Internal Revenue Service

# Settlement Agreement For Partnership Adjustments and Affected Items

## Schedule of Adjustments

| Name of Partnership<br>Dillon Oil Technology Partners - 1982<br><br>Taxpayer Identifying Number: 84-0862763 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-84 | | |
| Detail of Adjustments To Ordinary Income<br>Part I. Partnership Items<br>(Continued from previous page) | | | |
| Other Adjustment : Gross Income from Oil, Gas and Geothermal Properties - Tax Preference Item | | | |
| (1) Adjustment | (1,115,744) | | |
| (2) As Reported | 1,115,744 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Deductions Allocable to Oil, Gas, and Geothermal Properties - Tax Preference Item, | | | |
| (1) Adjustment | 1,266,691 | | |
| (2) As Reported | 1,266,691 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Qualified Investment Income-Tax Preference Item | | | |
| (1) Adjustment | (4,771,845) | | |
| (2) As Reported | 4,771,845 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Qualified Investment Expenses-Tax Preference Item | | | |
| (1) Adjustment | 23,556,400 | | |
| (2) As Reported | 23,556,400 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Investment Interest - Investment Income | | | |
| (1) Adjustment | (4,820,046) | | |
| (2) As Reported | 4,820,046 | | |
| (3) Corrected | -0- | | |

Remarks:

Part II. Affected Items

1. Additions to Tax

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

0327

Department of the Treasury - Internal Revenue Service

# Settlement Agreement For Partnership Adjustments and Affected Items

| Name of Partnership<br>Dillon Oil Technology Partners - 1982<br><br>Taxpayer Identifying Number: 84-0862763 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-84 | | |
| Detail of Adjustments To Ordinary Income<br>Part I. Partnership Items<br>(Continued from previous page) | | | |
| Other Adjustment : Net Earnings(Loss) from Self-employment | | | |
| (1) Adjustment | 117,463 | | |
| (2) As Reported | (21,039) | | |
| (3) Corrected | 96,424 | | |
| Other Adjustment : Oil and Gas Depletion to the Extent of Basis | | | |
| (1) Adjustment | 164,277 | | |
| (2) As Reported | 164,277 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Other-Intangible Drilling Costs-Tax Preference Item | | | |
| (1) Adjustment | 35,818 | | |
| (2) As Reported | 35,818 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : Cost Depletion Oil & Gas | | | |
| (1) Adjustment | 164,277 | | |
| (2) As Reported | 164,277 | | |
| (3) Corrected | -0- | | |
| Other Adjustment : | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks:

Part II. Affected Items

0328

1. Additions to Tax

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

FORM 870-P(AD)(5-88) DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
SETTLEMENT AGREEMENT
FOR PARTNERSHIP ADJUSTMENTS

IN REPLY REFER TO: MS 4550
122793-0459

DATE: 12-27-93

TAXPAYER(S) NAME(S) AND ADDRESS

NICHOLAS HERDA
7150 SCHUSTER
LAS VEGAS NV 89118-5137-502

TIN: [redacted]

NAME OF PARTNERSHIP

DILLON TECHNOLOGY PARTNERS 1982

TIN: 84-0862763

TAX YEAR ENDED: 1985

UNDER THE PROVISIONS OF SECTION 6224(c) OF THE INTERNAL REVENUE CODE, THE UNDERSIGNED OFFERS TO ENTER INTO A SETTLEMENT AGREEMENT WITH RESPECT TO THE DETERMINATION OF PARTNERSHIP ITEMS OF THE PARTNERSHIP FOR THE YEAR SHOWN ON THE ATTACHED SCHEDULE OF ADJUSTMENTS. THE UNDERSIGNED, IN ACCORDANCE WITH THE PROVISIONS OF SECTION 6224(b) OF THE CODE, ALSO OFFERS TO WAIVE THE RESTRICTIONS ON THE ASSESSMENT AND COLLECTION OF ANY DEFICIENCY ATTRIBUTABLE TO PARTNERSHIP ITEMS (WITH INTEREST AS REQUIRED BY LAW) PROVIDED IN SECTION 6225(a).

THIS OFFER IS SUBJECT TO ACCEPTANCE FOR THE COMMISSIONER OF THE INTERNAL REVENUE SERVICE. IT WILL TAKE EFFECT AS A WAIVER OF RESTRICTIONS ON THE DATE IT IS ACCEPTED. UNLESS AND UNTIL IT IS ACCEPTED, IT WILL HAVE NO FORCE OR EFFECT.

IF THIS OFFER IS ACCEPTED FOR THE COMMISSIONER, THE TREATMENT OF PARTNERSHIP ITEMS UNDER THIS AGREEMENT WILL NOT BE REOPENED IN THE ABSENCE OF FRAUD, MALFEASANCE, OR MISREPRESENTATION OF FACT; AND NO CLAIM FOR REFUND OR CREDIT BASED ON ANY CHANGE IN THE TREATMENT OF PARTNERSHIP ITEMS MAY BE FILED OR PROSECUTED.

| | |
|---|---|
| SIGNATURE OF TAXPAYER: Nicholas Herda | DATE: 1-11-01 |
| SIGNATURE OF TAXPAYER | DATE |
| BY (SIGNATURE AND TITLE) | DATE |

IF THIS OFFER IS EXECUTED BY A TAX MATTERS PARTNER, PLEASE INCLUDE TITLE WITH THE SIGNATURE.

NOTE: THE EXECUTION AND FILING OF THIS OFFER WILL EXPEDITE THE ADJUSTMENT OF TAX LIABILITY.

IF THIS OFFER IS EXECUTED WITH RESPECT TO A YEAR FOR WHICH A JOINT RETURN OF A HUSBAND AND WIFE WAS FILED, IT MUST BE SIGNED BY BOTH SPOUSES, UNLESS ONE SPOUSE, ACTING UNDER A POWER OF ATTORNEY, SIGNS AS AGENT FOR THE OTHER.

IF THE TAXPAYER IS A CORPORATION, THE OFFER MUST BE SIGNED WITH THE CORPORATE NAME FOLLOWED BY THE SIGNATURE AND TITLE OF THE OFFICER AUTHORIZED TO SIGN.

THIS OFFER MAY BE EXECUTED BY THE TAXPAYER'S ATTORNEY OR AGENT PROVIDED THIS ACTION IS SPECIFICALLY AUTHORIZED BY A POWER OF ATTORNEY, WHICH, IF NOT PREVIOUSLY FILED, MUST ACCOMPANY THIS FORM.

THE SUBMISSION OF THIS OFFER BY YOU AND THE ACCEPTANCE OF THE OFFER FOR THE COMMISSIONER MAY RESULT IN AN ADDITIONAL TAX LIABILITY TO YOU PLUS INTEREST AS PROVIDED BY LAW. IF THE RESULT IS A DECREASE IN TAX, THE AMOUNT OF THE DECREASE WILL BE SENT TO YOU WITH INTERES[T] AS PROVIDED BY LAW.

PLAINTIFF'S EXHIBIT 45

| | | |
|---|---|---|
| FOR INTERNAL REVENUE USE ONLY | DATE ACCEPTED FOR COMMISSIONER | SIGNATURE: Julie A. Whitter 2/7/2001 |
| | OFFICE Appeals Settlement | TITLE Appeals Team Manager |

FORM 870-P(AD)(5-8[8])

SPECIAL NOTICE FOR DESERT STORM PERSONNEL

IF YOU OR YOUR SPOUSE ARE SERVING AS PART OF THE MULTI-NATIONAL EFFORT IN THE PERSIAN GULF AREA, WHETHER MILITARY OR CIVILIAN, PLEASE CONTACT US AT THE ADDRESS OR TELEPHONE NUMBER SHOWN AT THE TOP OF THE ENCLOSED LETTER, SO THAT WE CAN PROVIDE YOU WITH ALL THE BENEFITS TO WHICH YOU ARE ENTITLED UNDER THE LAW. WE REGRET ANY INCONVENIENCE THIS CORRESPONDENCE MAY HAVE CAUSED YOU.

Department of the Treasury - Internal Revenue Service

## Settlement Agreement For Partnership Adjustments and Affected Items

### Schedule of Adjustments

| ame of Partnership<br>Dillon Oil Technology Partners 1982<br><br>axpayer Identifying Number: 84-0862763 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-85 | | |
| etail of Adjustments To Ordinary Income<br>Part I. Partnership Items<br>Ordinary Income(Loss)<br>Per Return (1,613,223)<br>As Corrected (12,972)<br>Adjustment 1,600,251 | 1,600,251 | | |
| otal Adjustments To Ordinary Income | 1,600,251 | | |
| ther Adjustment : Qualifying Basis in Investment Property-New-Other-Sec. 48(q) Election | | | |
| (1) Adjustment | 294,423 | | |
| (2) As Reported | 294,423 | | |
| (3) Corrected | -0- | | |
| ther Adjustment : Qualifying Basis in Investment Property-Used-Other-Sec. 48(q) Election | | | |
| (1) Adjustment | 20,155 | | |
| (2) As Reported | 20,155 | | |
| (3) Corrected | -0- | | |
| ther Adjustment : Guaranteed Payments | | | |
| (1) Adjustment | -0- | | |
| (2) As Reported | 195,866 | | |
| (3) Corrected | 195,866 | | |

Remarks: Part I Partnership Items continued on next page.

Part II. Affected Items

1. Additions to Tax

No penalties shall apply under §6659; or §6661 of the Internal Revenue Code in connection with the partner's partnership activity.

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

Department of the Treasury - Internal Revenue Service

Settlement Agreement For Partnership Adjustments and Affected Items

Schedule of Adjustments

| | | | |
|---|---|---|---|
| ıme of Partnership<br>)illon Oil Technology Partners - 1982<br><br>ıxpayer Identifying Number: 84-0862763 | Tax Year(s) Ended<br>12-31-85 | | |
| ɜtail of Adjustments To Ordinary Income<br>Part I. Partnership Items<br>(Continued from previous page) | | | |
| :her Adjustment : Gross Income from Oil, Gas and Geothermal Properties - Tax Preference Item | | | |
| (1) Adjustment | (1,113,815) | | |
| (2) As Reported | 1,113,815 | | |
| (3) Corrected | -0- | | |
| :her Adjustment : Deductions Allocable to Oil, Gas, and Geothermal Properties - Tax Preference Item, | | | |
| (1) Adjustment | 1,137,599 | | |
| (2) As Reported | 1,137,599 | | |
| (3) Corrected | -0- | | |
| ther Adjustment : Qualified Investment Income-Tax Preference Item | | | |
| (1) Adjustment | (4,368,954) | | |
| (2) As Reported | 4,368,954 | | |
| (3) Corrected | -0- | | |
| ther Adjustment : Qualified Investment Expenses-Tax Preference Item | | | |
| (1) Adjustment | 5,966,045 | | |
| (2) As Reported | 5,966,045 | | |
| (3) Corrected | -0- | | |
| ther Adjustment : Investment Interest - Investment Income | | | |
| (1) Adjustment | (4,413,085) | | |
| (2) As Reported | 4,413,085 | | |
| (3) Corrected | -0- | | |

Remarks: Part I Partnership Items continued on next page.

Part II. Affected Items

1. Additions to Tax

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the

0332

Department of the Treasury - Internal Revenue Service

# Settlement Agreement For Partnership Adjustments and Affected Items

| ame of Partnership<br>Dillon Oil Technology Partners - 1982<br><br>axpayer Identifying Number: 84-0862763 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12-31-85 | | |
| etail of Adjustments To Ordinary Income<br>Part I. Partnership Items<br>(Continued from previous page) | | | |
| ther Adjustment : Net Earnings (Loss) from Self-employment | | | |
| (1) Adjustment | 127,935 | | |
| (2) As Reported | 67,801 | | |
| (3) Corrected | 195,736 | | |
| ther Adjustment : Oil and Gas Depletion to the Extent of Basis | | | |
| (1) Adjustment | 237,837 | | |
| (2) As Reported | 237,837 | | |
| (3) Corrected | -0- | | |
| ther Adjustment : Other-Intangible Drilling Costs- Tax Preference Item | | | |
| (1) Adjustment | 10,813 | | |
| (2) As Reported | 10,813 | | |
| (3) Corrected | -0- | | |
| ther Adjustment : Cost Depletion Oil & Gas | | | |
| (1) Adjustment | 237,837 | | |
| (2) As Reported | 237,837 | | |
| (3) Corrected | -0- | | |
| ther Adjustment : | | | |
| (1) Adjustment | | | |
| (2) As Reported | | | |
| (3) Corrected | | | |

Remarks:

Part II. Affected Items

1. Additions to Tax

The adjustments to partnership items result from tax motivated transactions as defined in IRC 6621(c). Consequently, if a partner's resulting deficiency exceeds $1,000, the rate of interest assessed will be 120 percent of the statutory rate.

If you do not sign Part II, IRC 6621(c) will be assessed as a computational adjustment on the tax resulting from adjustments to the partnership items.

0333

Nicholas and Jodi Lynn Herda
7150 Schuster
Las Vegas, NV 89118

October 16, 2003

Internal Revenue Service Center
Fresno, CA 93888

Re: Form 1040X, Amended U.S. Individual Income Tax Return, for Form 843 requesting §6621 (d) relative to above year refunds

Dear Sirs:

Enclosed is the above refund claims to be filed.

The claim is timely based on the loss incurred on a partnership termination resulting in a tax loss equal to the resulting adjusted basis as determined due to a TEFRA settlement agreement under I.R.C. §6624(c) in a Tax Court case brought under I.R.C.§6626, and is timely filed as a claim under §6230(c)(1)(B) within two (2) years of the settlement as required under I.R.C. §§6230(c)(2)(B). See analysis in attached excerpts from Regional Counsel memorandum regarding similar "basis" adjustment "affected item" claims regarding partnerships unrelated to those in this claim. See Exhibit A.

Please expedite the processing of these claims and if possible apply them as a direct offset to the taxpayer's 1981 to 1985 tax deficiencies in accordance with I.R.C. §6402, as the legislative history to I.R.C. §6621(d) advises the IRS to try to do where practicable.

Very truly yours,

Nicholas Herda

Jodi Lynn Herda

Enclosures: Forms 1040X
Form 843, as protective interest netting claim

PLAINTIFF'S
EXHIBIT
46

Form **1040X** (Rev. November 2002)

Department of the Treasury-Internal Revenue Service

# Amended U.S. Individual Income Tax Return

▶ See separate instructions.

OMB No. 1545-0091

This return is for calendar year ▶ 1990 , or fiscal year ended ▶

Please print or type

| | | |
|---|---|---|
| Your first name and initial: NICHOLAS | Last name: HERDA | Your social security number: [redacted] |
| If a joint return, spouse's first name and initial: JODI LYNN | Last name: HERDA | Spouse's social security number: [redacted] |
| Home address (no. and street) or P.O. box if mail is not delivered to your home: 7150 SCHUSTER | Apt. no. | Phone number |
| City, town or post office, state, and ZIP code. If you have a foreign address, see page 2 of the instructions.: LAS VEGAS, NV 89118 | | For Paperwork Reduction Act Notice, see page 6. |

A If the name or address shown above is different from that shown on the original return, check here ▶ ☐

B Has the original return been changed or audited by the IRS or have you been notified that it will be? ☐ Yes ☒ No

C Filing status. Be sure to complete this line. Note. You cannot change from joint to separate returns after the due date.

On original return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household ☐ Qualifying widow(er)

On this return ▶ ☐ Single ☒ Married filing jointly ☐ Married filing separately ☐ Head of household * ☐ Qualifying widow(er)

* If the qualifying person is a child but not your dependent, see page 2.

| Use Part II on the back to explain any changes | | A. Original amount or as previously adjusted (see page 2) | B. Net change-amount of increase or (decrease)-explain in Part II | C. Correct amount |
|---|---|---|---|---|
| **Income and Deductions (see pages 2-6)** | | | | |
| 1 Adjusted gross income (see page 3) | 1 | 190,597 | 75,000 | 115,597 |
| 2 Itemized deductions or standard deduction (see page 3) | 2 | 69,932 | | 69,932 |
| 3 Subtract line 2 from line 1 | 3 | 120,665 | 75,000 | 45,665 |
| 4 Exemptions. If changing, fill in Parts I and II on the back | 4 | 8,200 | | 8,200 |
| 5 Taxable income. Subtract line 4 from line 3 | 5 | 112,465 | 75,000 | 37,465 |
| **Tax Liability** | | | | |
| 6 Tax (see pg. 4). Method used in col. C | 6 | 28,975 | 22,700 | 6,275 |
| 7 Credits (see page 4) | 7 | | | |
| 8 Subtract line 7 from line 6. Enter the result but not less than zero | 8 | 28,975 | 22,700 | 6,275 |
| 9 Other taxes (see page 4) | 9 | | | |
| 10 Total tax. Add lines 8 and 9 | 10 | 28,975 | 22,700 | 6,275 |
| **Payments** | | | | |
| 11 Federal income tax withheld and excess social security and tier 1 RRTA tax withheld. If changing, see page 4 | 11 | 22,473 | | |
| 12 Estimated tax payments, including amount applied from prior year's return | 12 | | | |
| 13 Earned income credit (EIC) | 13 | | | |
| 14 Additional child tax credit from Form 8812 | 14 | | | |
| 15 Credits from Form 2439, Form 4136, or Form 8885 | 15 | | | |
| 16 Amount paid with request for extension of time to file (see page 4) | 16 | | | |
| 17 Amount of tax paid with original return plus additional tax paid after it was filed | 17 | | | 6,502 |
| 18 Total payments. Add lines 11 through 17 in column C | 18 | | | 28,975 |

## Refund or Amount You Owe

| | | |
|---|---|---|
| 19 Overpayment, if any, as shown on original return or as previously adjusted by the IRS | 19 | |
| 20 Subtract line 19 from line 18 (see page 5) | 20 | 28,975 |
| 21 **Amount you owe.** If line 10, column C, is more than line 20, enter the difference and see page 5 | 21 | |
| 22 If line 10, column C, is less than line 20, enter the difference | 22 | 22,700 |
| 23 Amount of line 22 you want **refunded to you** | 23 | 22,700 |
| 24 Amount of line 22 you want **applied to your** estimated tax | 24 | |

**Sign Here**

Joint return? See page 2. Keep a copy for your records.

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which the preparer has any knowledge.

▶ [signature] 10-16-03 — Your signature — Date

▶ [signature] 10/16/03 — Spouse's signature. If a joint return, both must sign. — Date

**Paid Preparer's Use Only**

Preparer's signature ▶ [signature] — Date 10/14/03 — Check if self-employed ☐ — Preparer's SSN or PTIN [redacted]

Firm's name (or yours if self-employed), address, and ZIP code ▶ C. TERRY RABEN, LTD. 2675 S. JONES BLVD., STE 109 LAS VEGAS, NV 89146 — EIN [redacted]

Phone no. 702-253-7511

DAA

Form 1040X (Rev. 11-2002) Page 2

## Part I Exemptions. See Form 1040 or 1040A instructions.

If you are **not changing your exemptions,** do not complete this part.
If claiming **more exemptions,** complete lines 25-31.
If claiming **fewer exemptions,** complete lines 25-30.

| | | A. Original number of exemptions reported or as previously adjusted | B. Net change | C. Correct number of exemptions |
|---|---|---|---|---|
| 25 Yourself and spouse. **Caution.** If your parents (or someone else) can claim you as a dependent (even if they chose not to), you cannot claim an exemption for yourself. | 25 | | | |
| 26 Your dependent children who lived with you | 26 | | | |
| 27 Your dependent children who did not live with you due to divorce or separation | 27 | | | |
| 28 Other dependents | 28 | | | |
| 29 Total number of exemptions. Add lines 25 through 28 | 29 | | | |
| 30 Multiply the number of exemptions claimed on line 29 by the amount listed below for the tax year you are amending. Enter the result here & on line 4. | 30 | | | |

| Tax year | Exemption amount | But see the instructions for line 4 on page 3 if the amount on line 1 is over: |
|---|---|---|
| 2002 | $3,000 | $103,000 |
| 2001 | 2,900 | 99,725 |
| 2000 | 2,800 | 96,700 |
| 1999 | 2,750 | 94,975 |

31 Dependents (children and other) not claimed on original (or adjusted) return:

| (a) First name | Last name | (b) Dependent's social security number | (c) Dependent's relationship to you | (d) Check if qualifying child for child tax credit (see page 5) |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

No. of your children on line 31 who:
- lived with you ▶ ☐
- did not live with you due to divorce or separation (see page 5) ▶ ☐

Dependents on line 31 not entered above ▶ ☐

## Part II Explanation of Changes to Income, Deductions, and Credits

**Enter the line number from the front of the form for each item you are changing and give the reason for each change. Attach only the supporting forms and schedules for the items changed. If you do not attach the required information, your Form 1040X may be returned. Be sure to include your name and social security number on any attachments.**

If the change relates to a net operating loss carryback or a general business credit carryback, attach the schedule or form that shows the year in which the loss or credit occurred. See page 2 of the instructions. Also, check here ▶ ☐

SEE ATTACHED EPLANATION AND FORM 843

## Part III Presidential Election Campaign Fund. Checking below will not increase your tax or reduce your refund.

If you did not previously want $3 to go to the fund but now want to, check here ▶ ☐
If a joint return and your spouse did not previously want $3 to go to the fund but now wants to, check here ▶ ☐

Form **1040X** (Rev. 11-2002)

0336

DAA

Schedule E (Form 1040) 1990 Attachment Sequence No. 13 Page 2

Name(s) shown on return. (Do not enter name and SSN if shown on page 1.)
NICHOLAS HERDA & JODI LYNN HERDA

Your social security number
[redacted]

**Note:** If you report amounts from farming or fishing on Schedule E, you must include your gross income from those activities on line 41 below.

## Part II Income or Loss From Partnerships and S Corporations

If you report a loss from an at-risk activity, you MUST check either column (e) or (f) of line 27 to describe your investment in the activity. See Instructions. If you check column (f), you must attach Form 6198.

| 27 | (a) Name | (b) Enter P for partnership; S for S corp. | (c) Check if foreign partnership | (d) Employer identification number | Investment At Risk? (e) All is at risk | (f) Some is not at risk |
|---|---|---|---|---|---|---|
| A | NYP CORPORATION | S | | 88-0197524 | X | |
| B | H & H CORPORATION | S | | 88-0225557 | X | |
| C | CLOVER CREEK | P | | 5-2137209 | | X |
| D | CROWNE OIL TECHNOLOGY PARTNERS | P | | 84-0858166 | X | |
| E | DILLON OIL TECHNOLOGY PARTNERS | P | | 84-0862763 | X | |

| | Passive Income and Loss | | Nonpassive Income and Loss | | |
|---|---|---|---|---|---|
| | (g) Passive loss allowed (Attach Form 8582 if required) | (h) Passive income from Schedule K-1 | (i) Nonpassive loss from Schedule K-1 | (j) Section 179 expense deduction from Form 4562 | (k) Nonpassive income from Schedule K-1 |
| A | | | | | |
| B | | | | | 55,471. |
| C | 29,002. | | | | 25,761. |
| D | | | BASIS LOSS | | |
| E | | | 37,500 TO REFLECT LOSS BASED ON | | |
| 28a Totals | | | 37,500 REV. RUL. 93-80 (SEE EXPLANATION) | | |
| b Totals | 29,002. | | 75,000 | | 81,232. |

| | | | |
|---|---|---|---|
| 29 | Add amounts in columns (h) and (k) of line 28a. Enter the total income here | 29 | 81,232. |
| 30 | Add amounts in columns (g), (i), and (j) of line 28b. Enter the total here | 30 | ( 29,002.) |
| 31 | Total partnership and S corporation income or (loss). Combine amounts on lines 29 and 30. Enter the result here and include in the total on line 40 below | 31 | 52,230. |

## Part III Income or Loss From Estates and Trusts

| 32 | (a) Name | (b) Employer identification number |
|---|---|---|
| A | | |
| B | | |
| C | | |

| | Passive Income and Loss | | Nonpassive Income and Loss | |
|---|---|---|---|---|
| | (c) Passive deduction or loss allowed (Attach Form 8582 if required) | (d) Passive income from Schedule K-1 | (e) Deduction or loss from Schedule K-1 | (f) Other income from Schedule K-1 |
| A | | | | |
| B | | | | |
| C | | | | |
| 33a Totals | | | | |
| b Totals | | | | |

| | | | |
|---|---|---|---|
| 34 | Add amounts in columns (d) and (f) of line 33a. Enter the total income here | 34 | |
| 35 | Add amounts in columns (c) and (e) of line 33b. Enter the total here | 35 | ( ) |
| 36 | Total estate and trust income or (loss). Combine amounts on lines 34 and 35. Enter the result here and include in the total on line 40 below | 36 | |

## Part IV Income or Loss From Real Estate Mortgage Investment Conduits (REMICs) — Residual Holder

| 37 (a) Name | (b) Employer identification number | (c) Excess inclusion from Schedules Q, line 2c (see Instructions) | (d) Taxable income (net loss) from Schedules Q, line 1b | (e) Income from Schedules Q, line 3b |
|---|---|---|---|---|
| | | | | |

| | | | |
|---|---|---|---|
| 38 | Combine amounts in columns (d) and (e) only. Enter the result here and include in the total on line 40 below | 38 | |

## Part V Summary

| | | | |
|---|---|---|---|
| 39 | Net farm rental income or (loss) from Form 4835. (Also complete line 41 below.) | 39 | |
| 40 | TOTAL income or (loss). Combine amounts on lines 26, 31, 36, 38, and 39. Enter the result here and on Form 1040, line 18 ▶ | 40 | 52,230. |
| 41 | Reconciliation of Farming and Fishing Income: Enter your gross farming and fishing income reported in Parts II and III, and on line 39 (see Instructions) | 41 | |

H733 E2 NTF 4798

Copyright Forms Software Only, 1990 Nelco, Inc.

**NICHOLAS HERDA**
**(SSN [redacted]**
**EXPLANATION FOR 1040X FOR 1990 AND**
**PROTECTIVE STATEMENT REQUESTING APPLICATION OF §6621(d)**

Crowne Oil Technology Partners and Dillon Oil Technology Partners were partnerships which were the subject of §6226 Tax Court litigation. Pursuant to I.R.C. §6230(d)(5), the refund sought pursuant to this claim should have been refunded without the necessity of filing a formal refund claim. Nevertheless, this claim is timely under §6230(c)(2)(B).

A §6224(c) settlement in each related Tax Court case brought under I.R.C. §6226 resulted in a reduction in the partnership's allowable losses. The IRS has sent the taxpayer Forms CG-4549A reflecting all of the TEFRA adjustments. The settlements pursuant to which the final basis and adjustments were made were executed October 17, 2001.

As a direct consequence of the adjustments to the partnership items of these partnerships, there was a substantial basis adjustment in each partnership interest and a resulting loss upon the worthlessness and termination of each of the partners' partnership interests in 1990, which losses are the basis of this claim for refund.

The taxpayer is claiming an ordinary loss under Rev. Rul. 93-80. Excerpts attached as Exhibit "A." The partners received no distribution of cash or marketable securities or relief of any partnership debt, therefore there was no deemed sale or exchange on the worthlessness and termination of each partnership and Rev. Rul. 93-80 should apply.

Alternatively, if the loss is not allowed as an ordinary loss, it should be allowed as a capital loss, but in that case the taxpayers request an explanation as to why ordinary treatment under Rev. Rul. 93-80 has been denied. Furthermore, if the loss is not allowed in 1990, it should be allowed and this claim should be considered a protective claim for such other year in which the IRS may determine the loss properly deductible.

Basis adjustment and loss recognized based on above explanation:

| | |
|---|---|
| Dillon Oil | $37,500 |
| Crowne Oil | $37,500 |

The increase in the basis in each partnership interest resulting in this refund claim was an adjustment to an affected item resulting from the adjustments to partnership items.

This claim is timely pursuant to I.R.C. §6230(c)(2)(B) because it is made within two years after the date of the relevant §6224(c) settlement.

This claim also constitutes the taxpayer's protective request that if the refunds are not directly applied to the taxpayer's outstanding liability the Secretary apply §6621(d) to such period. To the

extent of equivalent amounts of underpayments or overpayments for the periods set forth, §5.063 of Rev. Proc. 99-43 have not previously been applied to obtain a net interest rate of zero under §6621(d). During the time period from April 15, 1991, to the date to which interest was paid on the deficiency, the excess interest paid during that period should be refunded if the overpayment is not applied to the tax liability as requested by the taxpayers, or, in the alternative, interest on this refund should be paid at the deficiency rate imposed on that deficiency.

This request for refund is requested solely by Mr. Herda who is entitled to this refund as he was the source of the tax payment for 1990 and only he may request a refund under IRC §6402(a) and Revenue Rulings 74-611 and 80-8. These rulings authorize a refund to a divorced taxpayer with respect to a joint return even though the Form 1040X is being signed only by that taxpayer. Mr. and Mrs. Herda are now divorced, but did file originally as married filing joint.

Exhibits: A - Excerpts from Rev. Rul. 93-80

EXCERPTS FROM REV. RUL. 93-80

26 CFR 1.731-1: Extent of recognition of gain or loss on distribution.
(Also Sections 165, 741, 752, 1011.)

Abandonment or worthlessness of a partnership interest. A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in Section 751(b) of the Code). Rev. Rul. 70-355 clarified and superseded; Rev. Rul. 76-189 revoked.

REV. RUL. 93-80

ISSUE

Is a loss incurred on the abandonment or worthlessness of a partnership interest a capital or an ordinary loss?

In Rev. Rul. 70-355, 1970-2 C.B. 51, a taxpayer paid cash for an interest as a limited partner in a partnership, and the taxpayer's capital account was credited with an amount less than the cash paid. The partnership agreement provided that losses would first be allocated against each partner's capital account and any balance would be shared only the be general partners. In a subsequent taxable year, the partnership sustained a loss in its business operations, entered into bankruptcy, and dissolved. The taxpayer's distributive share of the partnership loss for the taxable year reduced the taxpayer's capital account to zero. ***In addition, the taxpayer's adjusted basis in the partnership interest, which was greater than the taxpayer's capital account, was reduced by the taxpayer's distributive share of the loss. However, the taxpayer's adjusted basis in the partnership interest was not reduced to zero. The taxpayer did not receive any cash or other consideration in liquidation of the taxpayer's partnership interest.*** [Emphasis added.]

Rev. Rul. 70-355 concludes that the taxpayer's loss is deductible as an ordinary loss under Section 165(a) of the Code. The taxpayer's loss was composed of the taxpayer's distributive share of the partnership loss equal to the taxpayer's capital account and the balance of the taxpayer's adjusted basis in the partnership interest.

In Rev. Rul. 76-189, 1976-1 C.B. 181, D purchased a one-third interest in the ABC partnership from taxpayer A. ABC sustained a net loss from its business operations for the taxable year and terminated at the end of that taxable year. ***At termination, ABC had no remaining assets or liabilities. D's distributive share of the partnership loss did not reduce D's basis in D's partnership interest to zero.*** [Emphasis added.]

. . . . .

EXHIBIT "A"

*Partner D in Rev. Rul. 76-189 satisfied all of the requirements for ordinary loss treatment. Partner D did not receive any actual distributions, and D was not deemed to receive any distributions under Section 752(b) of the Code as a result of liability shifts.*

. . . . .

*The taxpayer in Rev. Rul. 70-355 also satisfied all of the requirements for ordinary loss treatment.* [Emphasis added.]

. . . . .

HOLDING

A loss incurred on the abandonment or worthlessness of a partnership interest is an ordinary loss if sale or exchange treatment does not apply. If there is an actual or deemed distribution to the partner, or if the transaction is otherwise in substance a sale or exchange, the partner's loss is capital (except as provided in Section 751(b)).

## AFFIDAVIT OF JOHN J. HERDA

STATE OF NEVADA §
COUNTY OF Clark §
§

The undersigned affiant, being duly sworn upon his oath, states as follows:

1. My name is John J. Herda. I am over the age of eighteen, of sound mind, have never been convicted of a crime, and am otherwise capable of making this statement. I swear that the information provided herein is true and correct and based upon my personal knowledge.

2. In 1981 I invested as a limited partner in Crowne Oil Technology Partners ("Crowne Oil"). As part of that investment I made three payments to Crowne Oil of $12,500 each, one in 1981, one in 1982, and one in 1983 for a total of $37,500.

3. In 1982 I invested as a limited partner in Dillon Oil Technology Partners ("Dillon Oil"). As part of that investment I made three payments to Dillon Oil of $12,500 each, one in 1982, one in 1983, and one in 1984 for a total of $37,500.

4. My brother is Nicholas Herda. Nicholas and I invested the same amounts in Crowne Oil and Dillon Oil and made our payments to the partnerships at roughly the same times.

5. I claimed no deductions arising from my Crowne Oil and Dillon Oil investments on my federal income tax returns after 1985.

[signature]
John J. Herda

SWORN AND SUBSCRIBED to before me by John J. Herda on July 20, 2007.

Wendie St Lawrence
Notary Public in and for
State of Nevada

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
WENDIE ST. LAWRENCE
My Appt. Expires March 6, 2010

PLAINTIFF'S
EXHIBIT
47